MORGAN, LEWIS & BOCKIUS LLP
BRENDAN DOLAN, State Bar No. 126732
STEVEN J. GARRETT, State Bar. No. 221021
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: bdolan@morganlewis.com

Attorneys for Plaintiff
POSDATA CO., LTD.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POSDATA CO., LTD., a South Korean corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SEYOUNG KIM, an individual, and INQUADRON, INC., a California corporation,<br><br>    Defendants. | Case No. **C 07 2504 PVT**<br><br>**COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF:**<br><br>(1) **MISAPPROPRIATION OF TRADE SECRETS;**<br>(2) **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>(3) **INTERFERENCE WITH EXISTING ECONOMIC RELATIONS;**<br>(4) **BREACH OF CONTRACT;**<br>(5) **BREACH OF DUTY OF LOYALTY;**<br>(6) **INTERFERENCE WITH CONTRACT;**<br>(7) **UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 AND COMMON LAW;**<br>(8) **UNJUST ENRICHMENT; AND**<br>(9) **CONSTRUCTIVE TRUST**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Posdata Co., Ltd. ("Plaintiff" or "Posdata") avers and complains against Defendants Seyoung Kim ("Kim") and Inquadron, Inc. (collectively referred to as "Defendants")

1-SF/7532352.3                                   1                                           COMPLAINT

as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a citizen of the Republic of Korea. Kim and Inquadron are citizens of California. This Court has original jurisdiction under 28 U.S.C. § 1332, in that this is a civil action between a citizen of a foreign state and citizens of California in which the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2. Venue is proper in the United States District Court Northern District of California pursuant to 28 U.S.C. § 1391(a) because the Defendants are subject to personal jurisdiction in this district at the time the action is commenced, and there is no district in which the action may otherwise be brought. In addition, the Defendants named herein reside in this district and many of the acts or omissions that give rise to the claims of Plaintiff occurred in Santa Clara County.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Local Rule 3-2(c), this civil action is properly assigned to the San Jose Division because the events and omissions that give rise to the claims of Posdata occurred in Santa Clara County.

## NATURE OF ACTION

4. This action seeks to redress Defendants' misappropriation of trade secrets and highly confidential proprietary information belonging to Posdata. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants intend to use or have used this proprietary information and trade secrets to establish a business using the misappropriated intellectual property of Posdata. While a Posdata employee, Kim secretly recruited current employees of Posdata to work for his new venture and to misappropriate Posdata's trade secrets and confidential proprietary information while they too remained employed at the Company. Temporary, preliminary, and permanent injunctive relief from this Court is necessary to prevent further damage and irreparable harm to Posdata's business, trade secrets and confidential proprietary information. Damages are sought to compensate Posdata for the harm it has suffered.

## PARTIES

5. Plaintiff Posdata Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business in the Republic of Korea. Plaintiff is qualified and authorized by the California Secretary of State to transact business in California.

6. Defendant Dr. Seyoung Kim was an employee of Posdata. Plaintiff is informed and believes that Kim is a citizen of California residing in Santa Clara County, California.

7. Defendant Inquadron, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in San Jose, California. Plaintiff is informed and believes and thereon alleges that Kim caused Inquadron to be incorporated in order to transact business using the misappropriated Posdata trade secrets and confidential proprietary information.

8. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that at all times relevant to this complaint, Kim and Inquadron and others working in concert with them, in addition to acting for themselves and on his or its own behalf individually, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent and permission of, and in conspiracy with the other Defendants and within the course, scope and authority of that agency, service, employment, representation, and conspiracy. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by the other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the actions, failures to act, breaches, unfair practices and misappropriations alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the Defendants.

9. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that individuals and/or entities other than the named Defendants participated and engaged in the wrongful conduct set forth in this complaint. Plaintiff thus reserves the right to amend this complaint to add these additional Defendants when their identities are discovered and their wrongful conduct becomes known.

# GENERAL ALLEGATIONS

10. Posdata is a leading company in the development of mobile WiMAX technology. FLYVO is the company's mobile WiMAX product line that enables users to have mobile high speed broadband access to the internet. FLYVO is a complete end-to-end system providing base stations, control servers, network and customer management systems, chipsets, and end user mobile devices. Posdata has spent substantial time and capital developing its WiMAX technology and FLYVO system.

11. Defendant Kim worked as an engineer at Posdata's research and development facility in San Jose, California. Kim's team was responsible for, among other things, developing a communication modem to support the company's WiMAX technology. Employees at the San Jose facility, including Kim, reported directly to Posdata corporate headquarters in South Korea. During his tenure, Kim assumed a mentoring and leadership role as the individual primarily responsible for managing employees at the San Jose research and development facility. Kim had access to Posdata trade secrets and confidential proprietary information including but not limited to research and development information for Posdata products and technology, test results, technology, business information, and employee information.

12. Plaintiff is informed and believes, and on the basis of such information and belief alleges that while employed by Posdata, Defendant Kim conspired to form a new company, Inquadron, to capitalize on Posdata's proprietary WiMAX technology and confidential proprietary information developed at the San Jose research and development facility and at the Company's facilities in South Korea. Defendant Kim exploited his status as a leader at the facility to misappropriate Posdata's trade secrets and confidential proprietary information by unlawfully soliciting Posdata's employees to work for his new business endeavor and to disclose such trade secrets and confidential information while still employed by Posdata.

13. Defendant Kim, with the assistance of current and former Posdata employees, has obtained, without the consent of Posdata, confidential proprietary information and trade secrets regarding Posdata's WiMAX technology and the FLYVO system, research and development information, business information, and confidential employee information. Plaintiff is informed

and believes that Defendants have utilized, and will continue to utilize, Posdata's intellectual property to establish their own company in the WiMAX technology industry.

## FIRST CAUSE OF ACTION

### (Misappropriation of Trade Secrets)

14. Plaintiff repeats and alleges each and every allegation set forth in Paragraphs 1 through 13.

15. Plaintiff has invested substantial time, capital, effort, and ingenuity in researching and developing its WiMAX technology and the FLYVO system and other trade secrets. This investment has produced, and is expected to produce, an ongoing economically valuable competitive advantage because the proprietary information is not generally known to the public or Posdata's competitors. This sensitive, confidential, and proprietary information constitutes trade secrets of Plaintiff.

16. Plaintiff has taken, and continues to take, reasonable steps to safeguard the secrecy of its trade secrets.

17. Plaintiff's trade secrets were acquired by Defendants through improper means without Posdata's express or implied consent.

18. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants acquired its trade secrets knowing, or having reason to know, that they were acquired in an improper manner and that they were disclosed without the express or implied consent of Plaintiff.

19. Defendants' conduct constitutes misappropriation of Plaintiff's trade secrets pursuant to the Uniform Trade Secrets Act found at California Civil Code §§ 3426.1, *et seq.*

20. All of the aforesaid intentional and wrongful acts by Defendants proximately caused substantial damage to Posdata, including but not limited to, the loss of earned business advantage in the WiMAX technology industry, diminution of Posdata's general reputation and goodwill within the WiMAX technology industry, and all resulting loss of revenue and profits.

21. As a further proximate result of Defendants' conduct, Defendants have been unjustly enriched in an amount to be proven at trial as result of Defendants' wrongful acts.

22. In the event that neither Posdata's actual damages nor Defendants' unjust enrichment are provable, Posdata is entitled to a reasonable royalty for using Posdata's trade secrets, as provided by California Civil Code Section 3426.3(b).

23. Defendants' misappropriation was willful and malicious, justifying an award of exemplary damages in the form of twice the combined sum of the compensatory, restitutionary, and reasonable royalty damages from Defendants, as provided by California Civil Code § 3426.3.

24. The wrongful conduct of Defendants in misappropriating Posdata's trade secrets and continuing to disclose and/or utilize said information for Defendants' own benefit and to the detriment of Posdata's business, unless and until enjoined and restrained by Order of this Court, will cause great and irreparable damage, including but not limited to, the loss of earned business advantage in the WiMAX technology industry, diminution Posdata's general reputation and goodwill within the WiMAX technology industry. Posdata has no adequate remedy at law for such present and future harm, and therefore is entitled to preliminary and permanent injunctive relief against Defendants to prohibit such inevitable harm. Therefore, preliminary and permanent injunctive relief pursuant to, inter alia, California Civil Code § 3426.2, is appropriate.

25. Defendants' conduct is causing and, unless enjoined, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money. Plaintiff has no adequate remedy at law and is entitled to preliminary and permanent injunctions prohibiting further use and communication of their unlawfully obtained information.

## SECOND CAUSE OF ACTION

### (Interference with Prospective Economic Advantage)

26. Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 25.

27. Posdata has invested substantial capital and effort into developing economic relationships with potential customers and its own employees. Posdata also has generated substantial goodwill in the marketplace by reason of its proven track record and innovative WiMAX technology. Posdata's innovative WiMAX technology and relationships with its

customers and employees represented the probability of future economic success to Posdata and upon which Posdata relied to meet its financial goals.

28. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants were aware of these relationships and their prospective economic value. With this knowledge, Defendants engaged in wrongful and non-privileged conduct, including but not limited to usurping the valuable proprietary information developed by Posdata, stealing Posdata's trade secrets, and interfering with the prospective economic advantage that Posdata had with its current customers and potential future customers and its employees. Plaintiff is informed and believes that Defendants have intentionally attempted to disrupt Posdata's relationship with current and future clients and employees by planning and developing a business utilizing Posdata's trade secrets through misappropriation and theft to support their new business venture. Plaintiff is informed and believes that Defendants have also disrupted Posdata's business by soliciting current and former Posdata employees to work for this new business and encouraging them to steal and disclose Posdata's trade secrets.

29. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants have and will continue to utilize Posdata's trade secrets and the company's current and former employees to create a competitive business venture, thereby interfering with Posdata's business relationships and prospective business relationships

30. These acts were intended to and have actually disrupted and/or are expected to disrupt opportunities upon which Posdata relied, including Posdata's expected business of continuing to develop with WiMAX technology and the FLYVO system. These disruptive acts resulted in substantial damage to Posdata, including but not limited to, future annual revenue, loss of relationships, lost management time, and legal costs and expenses, such actual amount to be determined according to proof at trial.

31. Defendants committed the acts averred maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Posdata, from an improper and evil motive amounting to malice, and in conscious disregard of Posdata's rights. Posdata thus is entitled to recover punitive damages from Defendants in an amount according to proof at trial

1    32.    Plaintiff's remedy at law is not adequate and Plaintiff is entitled to, among other relief, injunctive relief.

### THIRD CAUSE OF ACTION

### (Interference with Existing Economic Relations)

33.    Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 32.

34.    Posdata has invested substantial capital and effort to developing the WiMAX technology and fostering relationships with customers and employees. The value of Posdata's business derives in part from revenue generated by its WiMAX technology, the FLYVO system and its relationships with its employees and customers.

35.    Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants were aware of these relationships. With this knowledge, Defendants engaged in wrongful and non-privileged conduct which was intended to and did interfere with Posdata's relationships. This wrongful conduct resulted in substantial damage to Posdata, including but not limited to, decreasing the exclusive proprietary nature of Posdata's trade secrets, decreasing Posdata's reputation and goodwill within the technology industry, and causing Posdata to economic losses, such actual amount to be determined according to proof at trial.

36.    Defendants committed the acts averred maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Posdata, from an improper and evil motive amounting to malice, and in conscious disregard of Posdata's rights. Posdata thus is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION

### (Breach of Contract)

37.    Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 36.

38.    Posdata derives revenue from its WiMAX technology and its FLYVO system. To obtain a competitive advantage over Posdata's competitors, Plaintiff has invested large amounts of resources including, but not limited to, money and employee time, in developing Posdata's

trade secrets and confidential proprietary information, including but not limited to, WiMAX technology and FLYVO system.

39. Plaintiff took reasonable steps to protect their trade secrets and confidential proprietary information, including but not limited to, restricting access to Posdata's facilities and computers and requiring Kim to sign an agreement requiring that "[t]he Employee shall not disclose the Company's confidential information to any 3rd party at any time, even though the employment with the Company terminates."

40. Plaintiff has performed all conditions, covenants and promises required on their part to be performed in accordance with the terms and conditions of its employment agreement with Kim, except those conditions, covenants and promises where Plaintiff's performance thereof was either frustrated or excused.

41. Notwithstanding any unilateral efforts by Kim to violate the employment agreement, Kim remains subject to the terms of his agreement. Plaintiff is informed and believes, and on that basis alleges, that in taking the actions and omissions alleged in this Complaint, including his misappropriation of Plaintiff's trade secrets and confidential proprietary information, unlawfully soliciting Posdata's employees, to work for his new business endeavor, and disclosing such trade secrets and confidential information while still employed by Posdata, Kim breached the agreement obligating him not to disclose the company's trade secrets and confidential information to third parties.

42. As a direct and proximate result of these breaches of contract, Plaintiff has suffered actual damages for loss of valuable information, loss of competitive advantage gained by said information, loss of relationships, clients and profits, lost personnel time, and legal costs and expenses. Plaintiff is therefore entitled to damages in an amount to be proven at trial.

43. In addition to those damages that are quantifiable, Plaintiff has suffered actual and threatened harm which cannot be measured and for which there is no adequate remedy at law. Specifically, Plaintiff has been, and will continue to be, damaged by Defendants' wrongful use of Plaintiff's trade secrets and confidential information, Defendants' interference with existing and prospective customer relationships, and Defendants' unlawful interference with current and

1  former employment relationships. Plaintiff has also suffered harm to its business relationships,
2  business reputation and goodwill. Damages of this nature are ongoing and immeasurable at least
3  in part. Accordingly, money or legal damages cannot fully compensate Plaintiff, and thus
4  Plaintiff is entitled to specific performance of the terms of the contracts described above.

5      44.    Plaintiff is informed and believes, and based thereon alleges, that Kim has
6  breached his employment agreement, and unless enjoined therefrom by Order of the Court, will
7  continue to breach these covenants and will continue to divert the benefit of Plaintiff's
8  information, clients and relationships to his and the other Defendants' own commercial
9  advantage. Plaintiff therefore seeks an injunction in the form requested in the Prayer for Relief
10 below.

11     45.    Unless enjoined by this Court, said breaches threaten to and will cause great and
12 irreparable injury to Plaintiff as the full extent of Plaintiff's damages are not readily ascertainable,
13 and therefore Plaintiff has no adequate or other remedy at law for such acts and threatened acts.

### FIFTH CAUSE OF ACTION

**(Breach of Duty of Loyalty)**

16     46.    Plaintiff alleges and incorporates by reference each and every allegation set forth
17 in paragraphs 1 through 45.

18     47.    An employee owes a duty of loyalty toward their employer during the term of
19 employment.

20     48.    Defendant Kim, by virtue of his employment with Posdata, was under a duty to act
21 for the benefit of Posdata and not contrary to the interests of Posdata with respect to all matters
22 connected with their respective employment relationship.

23     49.    Plaintiff is informed and believes, and on the basis of such information and belief,
24 alleges that Defendant Kim breached his duties to Posdata by planning and developing a business
25 to compete against Posdata while still employed by Posdata. Defendant Kim further breached his
26 duty of loyalty by brazenly misappropriating, utilizing, and stealing Posdata's trade secrets to
27 support his new business venture. Defendant also breached his duty by soliciting current and

former Posdata employees to work for their new business and encouraging them to steal and disclose Posdata's trade secrets.

50. As a direct and proximate result of Defendant's actions to harm Posdata, Posdata suffered and continues to suffer great damages, including but not limited to, the loss of earned business advantage in WiMAX technology industry, decreasing the exclusive proprietary nature of Posdata's trade secrets, diminution of client confidence in Posdata's general reputation and goodwill, and loss of revenue and other economic damage, such amount to be determined according to proof at trial.

51. Defendant committed the acts alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Posdata, from an improper and evil motive amounting to malice, and in conscious disregard of Posdata's rights. Posdata is thus entitled to recover punitive damages from Defendant in an amount according to proof at trial.

### SIXTH CAUSE OF ACTION

**(Interference with Contract)**

52. Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 51.

53. All employees owe a duty of loyalty toward their employer during the term of employment, which includes a duty to act solely for the benefit of the employer in all matters connected with their employment.

54. By virtue of his employment with Posdata, Defendant Kim was under a duty to act for the benefit of Posdata and not contrary to the interests of Posdata with respect to all matters connected with their respective employment relationship. Similarly, Defendant Kim has also breached his duty by soliciting current and former Posdata employees to work for his new business and encouraging them to steal and disclose Posdata's trade secrets.

55. The current and former employees of Posdata were and are bound by their agreements with and duties to Posdata to protect proprietary and confidential company trade secrets, and to honor their duty of loyalty to Posdata while in its employ. These agreements and duties required the employees during their employment to not misappropriate or disclose

Posdata's trade secrets or to breach their duties of loyalty. Defendants' solicitation of Posdata employees to join his new business and to disclose Posdata trade secrets is an illicit attempt to induce them to breach their duty of loyalty to Posdata and their contractual obligations to Posdata.

56. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants knew, or had reason to know of the existence of the obligations and duties of Posdata's employees.

57. Notwithstanding Defendants' knowledge, Defendants have attempted to and have induced employees of Posdata and former employees of Posdata to breach their obligations. Unless restrained from doing so, Defendants will continue to attempt to induce Posdata's current and former employees to breach their obligations and to wrongfully interfere with the relations between Posdata and its employees. Posdata will suffer irreparable injury, for which there is no adequate remedy at law and thus seeks injunctive relief as well as damages from Defendants.

### SEVENTH CAUSE OF ACTION

**(Unfair Competition, Cal. Bus. & Prof. Code § 17200 and Common Law)**

58. Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 57.

59. As set forth above, Defendants misappropriated for purposes of Defendants' personal profit, the valuable confidential information and trade secrets developed and possessed by Posdata for use in its business.

60. As set forth above, Defendants intentionally and wrongfully utilized Posdata's confidential information and trade secrets for the purpose of gaining an unfair competitive advantage over Posdata for their own personal benefit and profit.

61. As set forth above, Defendants intentionally and wrongfully utilized Posdata's confidential information and trade secrets for the purpose of harming Posdata's business.

62. As set forth above, Defendants breached his contractual duties and/or duties of loyalty to Posdata, in order for Defendants to gain an unfair competitive advantage over Posdata and for Defendants' own personal benefit and profit.

63. The aforesaid conduct by Defendants was calculated to give Defendants an unfair advantage over Posdata, and resulted in Defendants' engaging in unfair, predatory conduct, adversely impacting Posdata's business, reputation and good will, and the economic value of its services and products.

64. Defendants implemented the aforesaid plan by maliciously and intentionally taking these actions, each of which constituted wrongful acts in violation of Section 17200 *et. seq.* of the California Business and Professions Code, and the common law of California.

65. The aforesaid wrongful acts by Defendants, with resulting damages to Posdata, are ongoing and certain to continue. Such wrongful acts that Defendants are doing, and will continue to do in the future, will, unless restrained, cause irreparable damage to Posdata.

66. For such current and future wrongful conduct by Defendants, while certain to inflict serious harm to Posdata, there exists no adequate remedy at law. Pursuant to Cal. Bus. & Prof. Code § 17203, Posdata is therefore further entitled to preliminary and permanent injunctive relief against Defendants to prohibit such certain harm.

## **EIGHTH CAUSE OF ACTION**

### **(Unjust Enrichment)**

67. Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 66.

68. By virtue if Defendants' and their co-conspirators' wrongful acts detailed above, Defendants have been unjustly enriched by retaining Plaintiff's profits, gains, and/or advantages.

69. Plaintiff is entitled to restitution and recovery of the amount Defendants have been unjustly enriched.

## **NINTH CAUSE OF ACTION**

### **(Constructive Trust)**

70. Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 69.

71. California Civil Code Section 2224 provides: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of trust, or other wrongful act, is, unless he or

she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

72.   By virtue of Defendants' and their co-conspirators' wrongful acts detailed above, they hold Plaintiff's profits, gains, and advantages as a constructive trustee for the benefit of Plaintiffs. Defendants also hold Posdata's trade secrets and confidential proprietary information as a constructive trustee for the benefit of Plaintiff.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby requests a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

(a) Compensatory damages;

(b) Consequential damages;

(c) Statutory damages;

(d) Punitive damages;

(e) An accounting of all revenues and profits received by Defendants as a result of his misconduct;

(f) Costs;

(g) Interest at the legal rate;

(h) Attorney's fees;

(i) Preliminary and permanent injunctive relief enjoining Defendants from disclosing or using Posdata's trade secrets or confidential and proprietary information or further breaching their legal obligation to plaintiff; and

///
///
///
///

(j) All other relief as the Court may deem just and proper.

Dated: May 9, 2007

MORGAN, LEWIS & BOCKIUS LLP
BRENDAN DOLAN
STEVEN J. GARRETT

By _____
Brendan Dolan
Attorneys for Plaintiff
POSDATA CO., LTD.
