1  MORGAN, LEWIS & BOCKIUS LLP
   BRENDAN DOLAN, State Bar No. 126732
2  STEVEN J. GARRETT, State Bar. No. 221021
   One Market, Spear Street Tower
3  San Francisco, CA  94105-1126
   Tel:  415.442.1000
4  Fax:  415.442.1001
   E-mail:  bdolan@morganlewis.com
5
   Attorneys for Plaintiff
6  POSDATA CO., LTD.

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12  POSDATA CO., LTD., a South Korean        Case No. C 07 2504 RMW
    corporation,
13                                           **FIRST AMENDED COMPLAINT FOR**
                      Plaintiff,             **MONETARY DAMAGES AND**
14                                           **INJUNCTIVE RELIEF:**
                 vs.
15                                           (1) **MISAPPROPRIATION OF TRADE**
    SEYOUNG KIM, an individual, and              **SECRETS;**
16  INQUADRON, INC., a California            (2) **INTERFERENCE WITH**
    corporation,                                **PROSPECTIVE ECONOMIC**
17                                               **ADVANTAGE;**
                      Defendants.            (3) **INTERFERENCE WITH EXISTING**
18                                               **ECONOMIC RELATIONS;**
                                             (4) **BREACH OF CONTRACT;**
19                                           (5) **BREACH OF DUTY OF LOYALTY;**
                                             (6) **INTERFERENCE WITH CONTRACT;**
20                                           (7) **CONVERSION;**
                                             (8) **UNFAIR COMPETITION, CAL. BUS.**
21                                               **& PROF. CODE § 17200 AND**
                                                 **COMMON LAW;**
22                                           (9) **UNJUST ENRICHMENT; AND**
                                             (10) **CONSTRUCTIVE TRUST**
23

24                                           **DEMAND FOR JURY TRIAL**

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                    1              CASE NO. C 07 2504 RMW
                                                 FIRST AMENDED COMPLAINT

1    Plaintiff Posdata Co., Ltd. ("Plaintiff" or "Posdata") avers and complains against
2    Defendants Seyoung Kim ("Kim") and Inquadron, Inc. (collectively referred to as "Defendants")
3    as follows:

4                              **JURISDICTION AND VENUE**

5    1.    Plaintiff is a citizen of the Republic of Korea. Kim and Inquadron are citizens of
6    California. This Court has original jurisdiction under 28 U.S.C. § 1332, in that this is a civil
7    action between a citizen of a foreign state and citizens of California in which the matter in
8    controversy exceeds, exclusive of interest and costs, the sum of $75,000.

9    2.    Venue is proper in the United States District Court Northern District of California
10   pursuant to 28 U.S.C. § 1391(a) because the Defendants are subject to personal jurisdiction in this
11   district at the time the action is commenced, and there is no district in which the action may
12   otherwise be brought. In addition, the Defendants named herein reside in this district and many
13   of the acts or omissions that give rise to the claims of Plaintiff occurred in Santa Clara County.

14                              **INTRADISTRICT ASSIGNMENT**

15   3.    Pursuant to Local Rule 3-2(c), this civil action is properly assigned to the San Jose
16   Division because the events and omissions that give rise to the claims of Posdata occurred in
17   Santa Clara County.

18                              **NATURE OF ACTION**

19   4.    This action seeks to redress Defendants' misappropriation of trade secrets and
20   highly confidential proprietary information belonging to Posdata. Plaintiff is informed and
21   believes, and on the basis of such information and belief, alleges that Defendants intend to use or
22   have used this proprietary information and trade secrets to establish a business using the
23   misappropriated intellectual property of Posdata. While a Posdata employee, Kim secretly
24   recruited current employees of Posdata to work for his new venture and to misappropriate
25   Posdata's trade secrets and confidential proprietary information while they too remained
26   employed at the Company. Temporary, preliminary, and permanent injunctive relief from this
27   Court is necessary to prevent further damage and irreparable harm to Posdata's business, trade

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

2                                                    CASE NO. C 07 2504 RMW
                                                     FIRST AMENDED COMPLAINT

1  secrets and confidential proprietary information.  Damages are sought to compensate Posdata for

2  the harm it has suffered.

3  **PARTIES**

4      5.      Plaintiff Posdata Co., Ltd. is a corporation organized and existing under the laws

5  of the Republic of Korea, with its principal place of business in the Republic of Korea.  Plaintiff

6  is qualified and authorized by the California Secretary of State to transact business in California.

7      6.      Defendant Dr. Seyoung Kim was an employee of Posdata.  Plaintiff is informed

8  and believes that Kim is a citizen of California residing in Santa Clara County, California.

9      7.      Defendant Inquadron, Inc. is a corporation organized and existing under the laws

10  of the State of California with its principal place of business in San Jose, California.  Plaintiff is

11  informed and believes and thereon alleges that Kim caused Inquadron to be incorporated in order

12  to transact business using the misappropriated Posdata trade secrets and confidential proprietary

13  information.

14      8.      Plaintiff is informed and believes, and on the basis of such information and belief,

15  alleges that at all times relevant to this complaint, Kim and Inquadron and others working in

16  concert with them, in addition to acting for themselves and on his or its own behalf individually,

17  is and was acting as the agent, servant, employee and representative of, and with the knowledge,

18  consent and permission of, and in conspiracy with the other Defendants and within the course,

19  scope and authority of that agency, service, employment, representation, and conspiracy.  Plaintiff

20  further alleges on information and belief that the acts of each of the Defendants were fully ratified

21  by the other Defendants.  Specifically, and without limitation, Plaintiff alleges on information and

22  belief that the actions, failures to act, breaches, unfair practices and misappropriations alleged

23  herein and attributed to one or more of the specific Defendants were approved, ratified, and done

24  with the cooperation and knowledge of each and all of the Defendants.

25      9.      Plaintiff is informed and believes, and on the basis of such information and belief,

26  alleges that individuals and/or entities other than the named Defendants participated and engaged

27  in the wrongful conduct set forth in this complaint.  Plaintiff thus reserves the right to amend this

28

1  complaint to add these additional Defendants when their identities are discovered and their

2  wrongful conduct becomes known.

3  **GENERAL ALLEGATIONS**

4      10.     Posdata is a leading company in the development of mobile WiMAX technology.

5  FLYVO is the company's mobile WiMAX product line that enables users to have mobile high

6  speed broadband access to the internet. FLYVO is a complete end-to-end system providing base

7  stations, control servers, network and customer management systems, chipsets, and end user

8  mobile devices. Posdata has spent substantial time and capital developing its WiMAX

9  technology and FLYVO system.

10      11.     Defendant Kim worked as an engineer at Posdata's research and development

11  facility in San Jose, California. Kim's team was responsible for, among other things, developing

12  a communication modem to support the company's WiMAX technology. Employees at the San

13  Jose facility, including Kim, reported directly to Posdata corporate headquarters in South Korea.

14  During his tenure, Kim assumed a mentoring and leadership role as the individual primarily

15  responsible for managing employees at the San Jose research and development facility. Kim had

16  access to Posdata trade secrets and confidential proprietary information including but not limited

17  to research and development information for Posdata products and technology, test results,

18  technology, business information, and employee information.

19      12.     Plaintiff is informed and believes, and on the basis of such information and belief

20  alleges that while employed by Posdata, Defendant Kim conspired to form a new company,

21  Inquadron, to capitalize on Posdata's proprietary WiMAX technology and confidential

22  proprietary information developed at the San Jose research and development facility and at the

23  Company's facilities in South Korea. Defendant Kim exploited his status as a leader at the

24  facility to misappropriate Posdata's trade secrets and confidential proprietary information by

25  unlawfully soliciting Posdata's employees to work for his new business endeavor and to disclose

26  such trade secrets and confidential information while still employed by Posdata.

27      13.     Defendant Kim, with the assistance of current and former Posdata employees, has

28  obtained, without the consent of Posdata, confidential proprietary information and trade secrets

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

4

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

1  regarding Posdata's WiMAX technology and FLYVO system, research and development

2  information, business information, and confidential employee information.  On information and

3  belief, Plaintiff also alleges Defendants have wrongfully taken hardware, software, channel cards,

4  boards and other technology related to Posdata's WiMAX technology.  Plaintiff is informed and

5  believes that Defendants have utilized, and will continue to utilize, Posdata's intellectual property

6  to establish their own company in the WiMAX technology industry.

## FIRST CAUSE OF ACTION

### (Misappropriation of Trade Secrets)

9      14.    Plaintiff repeats and alleges each and every allegation set forth in Paragraphs 1

10  through 13.

11      15.    Plaintiff has invested substantial time, capital, effort, and ingenuity in researching

12  and developing its WiMAX technology and the FLYVO system and other trade secrets.  This

13  investment has produced, and is expected to produce, an ongoing economically valuable

14  competitive advantage because the proprietary information is not generally known to the public or

15  Posdata's competitors.  This sensitive, confidential, and proprietary information constitutes trade

16  secrets of Plaintiff.

17      16.    Plaintiff has taken, and continues to take, reasonable steps to safeguard the secrecy

18  of its trade secrets.

19      17.    Plaintiff's trade secrets were acquired by Defendants through improper means

20  without Posdata's express or implied consent.

21      18.    Plaintiff is informed and believes, and on the basis of such information and belief,

22  alleges that Defendants acquired its trade secrets knowing, or having reason to know, that they

23  were acquired in an improper manner and that they were disclosed without the express or implied

24  consent of Plaintiff.

25      19.    Defendants' conduct constitutes misappropriation of Plaintiff's trade secrets

26  pursuant to the Uniform Trade Secrets Act found at California Civil Code §§ 3426.1, *et seq.*

27      20.    All of the aforesaid intentional and wrongful acts by Defendants proximately

28  caused substantial damage to Posdata, including but not limited to, the loss of earned business

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                 5                      CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

1   advantage in the WiMAX technology industry, diminution of Posdata's general reputation and

2   goodwill within the WiMAX technology industry, and all resulting loss of revenue and profits.

3       21.     As a further proximate result of Defendants' conduct, Defendants have been

4   unjustly enriched in an amount to be proven at trial as result of Defendants' wrongful acts.

5       22.     In the event that neither Posdata's actual damages nor Defendants' unjust

6   enrichment are provable, Posdata is entitled to a reasonable royalty for using Posdata's trade

7   secrets, as provided by California Civil Code Section 3426.3(b).

8       23.     Defendants' misappropriation was willful and malicious, justifying an award of

9   exemplary damages in the form of twice the combined sum of the compensatory, restitutionary,

10  and reasonable royalty damages from Defendants, as provided by California Civil Code § 3426.3.

11      24.     The wrongful conduct of Defendants in misappropriating Posdata's trade secrets

12  and continuing to disclose and/or utilize said information for Defendants' own benefit and to the

13  detriment of Posdata's business, unless and until enjoined and restrained by Order of this Court,

14  will cause great and irreparable damage, including but not limited to, the loss of earned business

15  advantage in the WiMAX technology industry, diminution Posdata's general reputation and

16  goodwill within the WiMAX technology industry.  Posdata has no adequate remedy at law for

17  such present and future harm, and therefore is entitled to preliminary and permanent injunctive

18  relief against Defendants to prohibit such inevitable harm.  Therefore, preliminary and permanent

19  injunctive relief pursuant to, inter alia, California Civil Code § 3426.2, is appropriate.

20      25.     Defendants' conduct is causing and, unless enjoined, will continue to cause

21  Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money.

22  Plaintiff has no adequate remedy at law and is entitled to preliminary and permanent injunctions

23  prohibiting further use and communication of their unlawfully obtained information.

## SECOND CAUSE OF ACTION

### (Interference with Prospective Economic Advantage)

26      26.     Plaintiff alleges and incorporates by reference each and every allegation set forth

27  in paragraphs 1 through 25.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                    6                    CASE NO. C 07 2504 RMW
                                                       FIRST AMENDED COMPLAINT

1    27.    Posdata has invested substantial capital and effort into developing economic

2    relationships with potential customers and its own employees.  Posdata also has generated

3    substantial goodwill in the marketplace by reason of its proven track record and innovative

4    WiMAX technology.  Posdata's innovative WiMAX technology and relationships with its

5    customers and employees represented the probability of future economic success to Posdata and

6    upon which Posdata relied to meet its financial goals.

7    28.    Plaintiff is informed and believes, and on the basis of such information and belief,

8    alleges that Defendants were aware of these relationships and their prospective economic value.

9    With this knowledge, Defendants engaged in wrongful and non-privileged conduct, including but

10   not limited to usurping the valuable proprietary information developed by Posdata, stealing

11   Posdata's trade secrets, and interfering with the prospective economic advantage that Posdata had

12   with its current customers and potential future customers and its employees.  Plaintiff is informed

13   and believes that Defendants have intentionally attempted to disrupt Posdata's relationship with

14   current and future clients and employees by planning and developing a business utilizing

15   Posdata's trade secrets through misappropriation and theft to support their new business venture.

16   Plaintiff is informed and believes that Defendants have also disrupted Posdata's business by

17   soliciting current and former Posdata employees to work for this new business and encouraging

18   them to steal and disclose Posdata's trade secrets.

19   29.    Plaintiff is informed and believes, and on the basis of such information and belief,

20   alleges that Defendants have and will continue to utilize Posdata's trade secrets and the

21   company's current and former employees to create a competitive business venture, thereby

22   interfering with Posdata's business relationships and prospective business relationships

23   30.    These acts were intended to and have actually disrupted and/or are expected to

24   disrupt opportunities upon which Posdata relied, including Posdata's expected business of

25   continuing to develop with WiMAX technology and the FLYVO system.  These disruptive acts

26   resulted in substantial damage to Posdata, including but not limited to, future annual revenue, loss

27   of relationships, lost management time, and legal costs and expenses, such actual amount to be

28   determined according to proof at trial.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                                    7                      CASE NO. C 07 2504 RMW
                                                                        FIRST AMENDED COMPLAINT

1    31.    Defendants committed the acts averred maliciously, fraudulently, and

2    oppressively, with the wrongful intention of injuring Posdata, from an improper and evil motive

3    amounting to malice, and in conscious disregard of Posdata's rights. Posdata thus is entitled to

4    recover punitive damages from Defendants in an amount according to proof at trial

5    32.    Plaintiff's remedy at law is not adequate and Plaintiff is entitled to, among other

6    relief, injunctive relief.

7    **THIRD CAUSE OF ACTION**

8    **(Interference with Existing Economic Relations)**

9    33.    Plaintiff alleges and incorporates by reference each and every allegation set forth

10    in paragraphs 1 through 32.

11    34.    Posdata has invested substantial capital and effort to developing the WiMAX

12    technology and fostering relationships with customers and employees. The value of Posdata's

13    business derives in part from revenue generated by its WiMAX technology, the FLYVO system

14    and its relationships with its employees and customers.

15    35.    Plaintiff is informed and believes, and on the basis of such information and belief,

16    alleges that Defendants were aware of these relationships. With this knowledge, Defendants

17    engaged in wrongful and non-privileged conduct which was intended to and did interfere with

18    Posdata's relationships. This wrongful conduct resulted in substantial damage to Posdata,

19    including but not limited to, decreasing the exclusive proprietary nature of Posdata's trade secrets,

20    decreasing Posdata's reputation and goodwill within the technology industry, and causing Posdata

21    to economic losses, such actual amount to be determined according to proof at trial.

22    36.    Defendants committed the acts averred maliciously, fraudulently, and

23    oppressively, with the wrongful intention of injuring Posdata, from an improper and evil motive

24    amounting to malice, and in conscious disregard of Posdata's rights. Posdata thus is entitled to

25    recover punitive damages from Defendants in an amount according to proof at trial.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

8

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

37.     Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 36.

38.     Posdata derives revenue from its WiMAX technology and its FLYVO system. To obtain a competitive advantage over Posdata's competitors, Plaintiff has invested large amounts of resources including, but not limited to, money and employee time, in developing Posdata's trade secrets and confidential proprietary information, including but not limited to, WiMAX technology and FLYVO system.

39.     Plaintiff took reasonable steps to protect their trade secrets and confidential proprietary information, including but not limited to, restricting access to Posdata's facilities and computers and requiring Kim to sign an agreement requiring that "[t]he Employee shall not disclose the Company's confidential information to any 3rd party at any time, even though the employment with the Company terminates."

40.     Plaintiff has performed all conditions, covenants and promises required on their part to be performed in accordance with the terms and conditions of its employment agreement with Kim, except those conditions, covenants and promises where Plaintiff's performance thereof was either frustrated or excused.

41.     Notwithstanding any unilateral efforts by Kim to violate the employment agreement, Kim remains subject to the terms of his agreement. Plaintiff is informed and believes, and on that basis alleges, that in taking the actions and omissions alleged in this Complaint, including his misappropriation of Plaintiff's trade secrets and confidential proprietary information, unlawfully soliciting Posdata's employees, to work for his new business endeavor, and disclosing such trade secrets and confidential information while still employed by Posdata, Kim breached the agreement obligating him not to disclose the company's trade secrets and confidential information to third parties.

42.     As a direct and proximate result of these breaches of contract, Plaintiff has suffered actual damages for loss of valuable information, loss of competitive advantage gained by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

9

1    said information, loss of relationships, clients and profits, lost personnel time, and legal costs and

2    expenses. Plaintiff is therefore entitled to damages in an amount to be proven at trial.

3        43.    In addition to those damages that are quantifiable, Plaintiff has suffered actual and

4    threatened harm which cannot be measured and for which there is no adequate remedy at law.

5    Specifically, Plaintiff has been, and will continue to be, damaged by Defendants' wrongful use of

6    Plaintiff's trade secrets and confidential information, Defendants' interference with existing and

7    prospective customer relationships, and Defendants' unlawful interference with current and

8    former employment relationships. Plaintiff has also suffered harm to its business relationships,

9    business reputation and goodwill. Damages of this nature are ongoing and immeasurable at least

10    in part. Accordingly, money or legal damages cannot fully compensate Plaintiff, and thus

11    Plaintiff is entitled to specific performance of the terms of the contracts described above.

12        44.    Plaintiff is informed and believes, and based thereon alleges, that Kim has

13    breached his employment agreement, and unless enjoined therefrom by Order of the Court, will

14    continue to breach these covenants and will continue to divert the benefit of Plaintiff's

15    information, clients and relationships to his and the other Defendants' own commercial

16    advantage. Plaintiff therefore seeks an injunction in the form requested in the Prayer for Relief

17    below.

18        45.    Unless enjoined by this Court, said breaches threaten to and will cause great and

19    irreparable injury to Plaintiff as the full extent of Plaintiff's damages are not readily ascertainable,

20    and therefore Plaintiff has no adequate or other remedy at law for such acts and threatened acts.

21                    **FIFTH CAUSE OF ACTION**

22                    **(Breach of Duty of Loyalty)**

23        46.    Plaintiff alleges and incorporates by reference each and every allegation set forth

24    in paragraphs 1 through 45.

25        47.    An employee owes a duty of loyalty toward their employer during the term of

26    employment.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

10

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

1       48.     Defendant Kim, by virtue of his employment with Posdata, was under a duty to act

2    for the benefit of Posdata and not contrary to the interests of Posdata with respect to all matters

3    connected with their respective employment relationship.

4       49.     Plaintiff is informed and believes, and on the basis of such information and belief,

5    alleges that Defendant Kim breached his duties to Posdata by planning and developing a business

6    to compete against Posdata while still employed by Posdata.  Defendant Kim further breached his

7    duty of loyalty by brazenly misappropriating, utilizing, and stealing Posdata's trade secrets to

8    support his new business venture.  Defendant also breached his duty by soliciting current and

9    former Posdata employees to work for their new business and encouraging them to steal and

10   disclose Posdata's trade secrets.

11      50.     As a direct and proximate result of Defendant's actions to harm Posdata, Posdata

12   suffered and continues to suffer great damages, including but not limited to, the loss of earned

13   business advantage in WiMAX technology industry, decreasing the exclusive proprietary nature

14   of Posdata's trade secrets, diminution of client confidence in Posdata's general reputation and

15   goodwill, and loss of revenue and other economic damage, such amount to be determined

16   according to proof at trial.

17      51.     Defendant committed the acts alleged maliciously, fraudulently, and oppressively,

18   with the wrongful intention of injuring Posdata, from an improper and evil motive amounting to

19   malice, and in conscious disregard of Posdata's rights.  Posdata is thus entitled to recover punitive

20   damages from Defendant in an amount according to proof at trial.

21                              **SIXTH CAUSE OF ACTION**

22                              **(Interference with Contract)**

23      52.     Plaintiff alleges and incorporates by reference each and every allegation set forth

24   in paragraphs 1 through 51.

25      53.     All employees owe a duty of loyalty toward their employer during the term of

26   employment, which includes a duty to act solely for the benefit of the employer in all matters

27   connected with their employment.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

11

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

54.     By virtue of his employment with Posdata, Defendant Kim was under a duty to act for the benefit of Posdata and not contrary to the interests of Posdata with respect to all matters connected with their respective employment relationship.  Similarly, Defendant Kim has also breached his duty by soliciting current and former Posdata employees to work for his new business and encouraging them to steal and disclose Posdata's trade secrets.

55.     The current and former employees of Posdata were and are bound by their agreements with and duties to Posdata to protect proprietary and confidential company trade secrets, and to honor their duty of loyalty to Posdata while in its employ.  These agreements and duties required the employees during their employment to not misappropriate or disclose Posdata's trade secrets or to breach their duties of loyalty.  Defendants' solicitation of Posdata employees to join his new business and to disclose Posdata trade secrets is an illicit attempt to induce them to breach their duty of loyalty to Posdata and their contractual obligations to Posdata.

56.     Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants knew, or had reason to know of the existence of the obligations and duties of Posdata's employees.

57.     Notwithstanding Defendants' knowledge, Defendants have attempted to and have induced employees of Posdata and former employees of Posdata to breach their obligations. Unless restrained from doing so, Defendants will continue to attempt to induce Posdata's current and former employees to breach their obligations and to wrongfully interfere with the relations between Posdata and its employees.  Posdata will suffer irreparable injury, for which there is no adequate remedy at law and thus seeks injunctive relief as well as damages from Defendants.

## SEVENTH CAUSE OF ACTION

### (Conversion)

58.     Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 57.

59.     At all times herein mentioned, Plaintiff, had a right of ownership and possession, custody and control of its research and development information for Posdata products and technology, test results for its products and technology, business information, and employee

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

12

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

Case 5:07-cv-02504-RMW    Document 6    Filed 05/18/2007    Page 13 of 16

1   information. Furthermore, at all times herein mentioned Plaintiff was, and still is, the owner of

2   confidential information, trade secrets and technology, including but not limited to the hardware,

3   software, channel cards, boards and other technology related to Posdata's WiMAX technology.

4   Plaintiff's entitlement to the ownership, possession, custody and control of the property described

5   above, at all times herein mentioned was, and still is, an exclusive right, excluding Defendants all

6   other persons, beings and entities.

7        60.    Plaintiff is informed and believes, and thereon avers, that Defendant Kim during

8   his employment with Plaintiff and afterwards, acting in concert with other current and former

9   employees of Plaintiff, did conspire and willfully act to convert Plaintiff's property described

10  above for their own use and benefit and did form and create Defendant Inquadron for the purpose

11  of using Plaintiff's property described above, for their own benefit and to the detriment of

12  Plaintiff. Such conversion deprived Plaintiff of its exclusive and rightful ownership, custody and

13  control, as well as deprived Plaintiff of its enjoyment of the fruits of the labor and investments

14  made by Plaintiff in researching and developing the confidential, proprietary, trade secret

15  information, and other technology described above.

16       61.    As a proximate result of Defendants' willful action, Plaintiff has lost, and will

17  continue to lose, the right to possess, control, and alienate the property described above to its

18  benefit, as well as Plaintiff's considerable investment of resources in the development of Posdata'

19  confidential information, trade secrets, and its technology, all to Plaintiff's damage, in an amount

20  to be determined according to proof at trial.

21       62.    Between the time of Defendants' actions regarding the above-mentioned property

22  and the filing of this action, Plaintiff has incurred significant time and monetary expense in

23  identifying the nature of this conversion and the resulting damage to Posdata, all to Plaintiff's

24  further damage, in an amount to be determined according to proof at trial.

25       63.    Defendants' averred acts were willful, wanton, malicious, and oppressive, were

26  taken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

27

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                          13                    CASE NO. C 07 2504 RMW
                                                             FIRST AMENDED COMPLAINT

64.     Plaintiff has been damaged by Defendants' conversion in an amount to be proven at trial. Plaintiff seeks recovery of its damages and further seeks attorney's fees, pre-judgment interest, costs and any other compensatory and consequential damages to be determined at trial.

## EIGHTH CAUSE OF ACTION

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200 and Common Law)

65.     Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 64.

66.     As set forth above, Defendants misappropriated for purposes of Defendants' personal profit, the valuable confidential information and trade secrets developed and possessed by Posdata for use in its business.

67.     As set forth above, Defendants intentionally and wrongfully utilized Posdata's confidential information and trade secrets for the purpose of gaining an unfair competitive advantage over Posdata for their own personal benefit and profit.

68.     As set forth above, Defendants intentionally and wrongfully utilized Posdata's confidential information and trade secrets for the purpose of harming Posdata's business.

69.     As set forth above, Defendants breached his contractual duties and/or duties of loyalty to Posdata, in order for Defendants to gain an unfair competitive advantage over Posdata and for Defendants' own personal benefit and profit.

70.     The aforesaid conduct by Defendants was calculated to give Defendants an unfair advantage over Posdata, and resulted in Defendants' engaging in unfair, predatory conduct, adversely impacting Posdata's business, reputation and good will, and the economic value of its services and products.

71.     Defendants implemented the aforesaid plan by maliciously and intentionally taking these actions, each of which constituted wrongful acts in violation of Section 17200 *et. seq.* of the California Business and Professions Code, and the common law of California.

72.     The aforesaid wrongful acts by Defendants, with resulting damages to Posdata, are ongoing and certain to continue. Such wrongful acts that Defendants are doing, and will continue to do in the future, will, unless restrained, cause irreparable damage to Posdata.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                                    14                    CASE NO. C 07 2504 RMW
                                                                        FIRST AMENDED COMPLAINT

1    73.    For such current and future wrongful conduct by Defendants, while certain to

2    inflict serious harm to Posdata, there exists no adequate remedy at law.  Pursuant to Cal. Bus. &

3    Prof. Code § 17203, Posdata is therefore further entitled to preliminary and permanent injunctive

4    relief against Defendants to prohibit such certain harm.

5                                         **NINTH CAUSE OF ACTION**

6                                              **(Unjust Enrichment)**

7    74.    Plaintiff alleges and incorporates by reference each and every allegation set forth

8    in paragraphs 1 through 73.

9    75.    By virtue if Defendants' and their co-conspirators' wrongful acts detailed above,

10   Defendants have been unjustly enriched by retaining Plaintiff's profits, gains, and/or advantages.

11   76.    Plaintiff is entitled to restitution and recovery of the amount Defendants have been

12   unjustly enriched.

13                                          **TENTH CAUSE OF ACTION**

14                                             **(Constructive Trust)**

15   77.    Plaintiff alleges and incorporates by reference each and every allegation set forth

16   in paragraphs 1 through 76.

17   78.    California Civil Code Section 2224 provides:  "One who gains a thing by fraud,

18   accident, mistake, undue influence, the violation of trust, or other wrongful act, is, unless he or

19   she has some other and better right thereto, an involuntary trustee of the thing gained, for the

20   benefit of the person who would otherwise have had it."

21   79.    By virtue of Defendants' and their co-conspirators' wrongful acts detailed above,

22   they hold Plaintiff's profits, gains, and advantages as a constructive trustee for the benefit of

23   Plaintiffs.  Defendants also hold Posdata's trade secrets and confidential proprietary information

24   as a constructive trustee for the benefit of Plaintiff.

25                                          **DEMAND FOR JURY TRIAL**

26   The Plaintiff hereby requests a trial by jury.

27                                                  **PRAYER**

28   WHEREFORE, Plaintiff prays for judgment against the Defendants in its favor on each

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                                    15                     CASE NO. C 07 2504 RMW
                                                                        FIRST AMENDED COMPLAINT

1  and every claim for relief set forth above and award it relief including, but not limited to, the

2  following:

3  (a)  Compensatory damages;

4  (b)  Consequential damages;

5  (c)  Statutory damages;

6  (d)  Punitive damages;

7  (e)  An accounting of all revenues and profits received by Defendants as a

8      result of his misconduct;

9  (f)  Costs;

10  (g)  Interest at the legal rate;

11  (h)  Attorney's fees;

12  (i)  Preliminary and permanent injunctive relief enjoining Defendants from

13      disclosing or using Posdata's trade secrets or confidential and proprietary

14      information or further breaching their legal obligation to plaintiff; and

15  (j)  All other relief as the Court may deem just and proper.

16

17  Dated: May 18, 2007                    MORGAN, LEWIS & BOCKIUS LLP
                                          BRENDAN DOLAN
18                                         STEVEN J. GARRETT

19

20  By _____
                                          Brendan Dolan
21                                         Attorneys for Plaintiff
                                          POSDATA CO., LTD.
22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

16

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT