BRENDAN DOLAN, State Bar No. 126732
L. JULIUS M. TURMAN, State Bar No. 226126
STEVEN J. GARRETT, State Bar No. 221021
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: bdolan@morganlewis.com

Attorneys for Plaintiff
POSDATA CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POSDATA CO., LTD., a South Korean corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEYOUNG KIM, an individual and INQUADRON, INC., a California corporation,<br><br>Defendants. | Case No. C 07 2504 RMW<br><br>**DECLARATION OF BRENDAN DOLAN IN SUPPORT OF POSDATA'S *EX PARTE* APPLICATION FOR**<br><br>**(1)  TEMPORARY RESTRAINING ORDER;**<br><br>**(2)  ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND**<br><br>**(3)  ORDER PERMITTING EXPEDITED DISCOVERY.** |

I, Brendan Dolan, declare under the penalty of perjury:

1.      I am an attorney at law licensed to practice in the State of California and am a partner with the law firm of Morgan, Lewis & Bockius LLP ("Morgan"), attorneys of record for Posdata Co., Ltd. ("Plaintiff" or "Posdata") in the above-referenced matter.  I am one of the Morgan attorneys responsible for representing Plaintiffs in this matter.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to the following facts.

2.      On May 10, 2007, Plaintiff filed a complaint for monetary damages and injunctive relief against Defendants Seyoung Kim ("Kim") and InQuadron, Inc. ("InQuadron") alleging:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7558385.1

C 07 2504 RMW
DOLAN DECLARATION ISO
POSDATA'S *EX PARTE* APPLICATIONS

(1) misappropriation of trade secrets; (2) interference with prospective economic advantage; (3) interference with existing economic relations; (4) breach of contract; (5) breach of duty of loyalty; (6) interference with contract; (7) unfair competition, Cal. Bus. & Prof. Code § 17200 and common law; (8) unjust enrichment; (9) constructive trust.

3. On the morning of May 11, 2007, I emailed a copy of the file endorsed complaint to Defendants' attorney David Elkins. Attached as Exhibit A to my declaration is a true and correct copy of the email I sent Mr. Elkins. Mr. Elkins replied to my email by thanking me for sending a copy of the complaint to him. Attached as Exhibit B to my declaration is a true and correct copy of the email Mr. Elkins sent to me.

4. On the evening of May 11, 2007, following our conversation, Mr. Elkins agreed to accept service on behalf of Defendants and that service would be effective as of May 11, 2007, provided Plaintiff also provided a copy of the summons and other documents from the court were served sent email. Attached as Exhibit C to my declaration is a true and correct copy of the email Mr. Elkins sent to me. In response to Mr. Elkins' request, Morgan associate Steven Garrett sent an email on the evening of May 11 to Mr. Elkins attaching the requested papers which included a copy of the Complaint, Summons, Notice of Assignment of Case to a United States Magistrate Judge, Order Setting CMC and ADR Deadlines, Standing Order, and ECF Registration Information. Attached as Exhibit D to my declaration is a true and correct copy of the email Mr. Garrett sent to Mr. Elkins.

5. I sent a follow up email to Mr. Elkins on May 14, 2007 to remind him that we would file an *ex parte* temporary restraining order to be heard by the Honorable Ronald M. Whyte if his clients did not cooperate in our efforts to determine what property and trade secrets Defendants had taken from Plaintiff and what Defendants were planning to do with that information. Attached as Exhibit E to my declaration is a true and correct copy of the email I sent to Mr. Elkins.

6. On May 18, 2007, the Seoul Central District Prosecutors' Office released a news release entitled "Interim Investigation Result for the Case of The Attempted Overseas Leak of The World's First Developed WiBro Core Technology." Attached as Exhibit F to my declaration

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7558385.1

2

C 07 2504 RMW
DOLAN DECLARATION ISO
POSDATA'S *EX PARTE* APPLICATIONS

1   is a true and correct copy of the news release issued by the Seoul Central District Prosecutors'

2   Office. Also attached to Exhibit F is an English translation of this document. The news release

3   summarized the Prosecutors' findings that Dr. Seyoung Kim and several other current and former

4   Posdata employees established InQuadron to compete against Posdata by selling Posdata's core

5   technology to companies in the United States. The report names seven principal offenders,

6   including Dr. Seyoung Kim, Choon Shin, Jong "Jeffrey" Kwan Choi, Hwayong Joung,

7   Seongdong Park, Jongwook Lee, and Sang Geun Hwang. Joung, Park, Lee, and Hwang were

8   arrested by the Korean police and indicted for trade secret misappropriation. The Korean

9   authorities are currently seeking to bring Kim, Shin, and Choi back to Korea to face criminal

10  charges. The release stated Joung stole proprietary and confidential documents from Posdata,

11  including: (1) technical memoranda about its technology; (2) design documents reflecting the

12  system interface architecture of how to implement certain hardware and software; and

13  (3) performance documents including test data. According to the release, Park and Lee stole

14  MAC source code for use in developing InQuadron's mobile WiMAX system. The release also

15  notes Hwang stole Posdata's interoperability test results, which provided technical feedback

16  regarding the performance of Posdata's base station and its components.

17      7.      On May 18, 2007, Plaintiff filed a first amended complaint for monetary damages

18  and injunctive relief against Defendants alleging: (1) misappropriation of trade secrets; (2)

19  interference with prospective economic advantage; (3) interference with existing economic

20  relations; (4) breach of contract; (5) breach of duty of loyalty; (6) interference with contract; (7)

21  conversion; (8) unfair competition, Cal. Bus. & Prof. Code § 17200 and common law; (9) unjust

22  enrichment; (10) constructive trust. Attached as Exhibit G to my declaration is a true and correct

23  copy of the first amended complaint for injunctive and monetary damages. I served the first

24  amended complaint on Mr. Elkins by attaching it to an email I sent him on May 21, 2007.

25      8.      Posdata is in the process of registering its copyright interests in the trade secret and

26  proprietary works at issue here, including its source code, and anticipates amending its complaint

27  to assert a claim for copyright infringement as soon as the copyright registrations are issued.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7558385.1

3

C 07 2504 RMW
DOLAN DECLARATION ISO
POSDATA'S *EX PARTE* APPLICATIONS

9.     Following service of the First Amended Complaint I engaged in ongoing discussions with Mr. Elkins about potential settlement of this matter, I have reminded Mr. Elkins on multiple occasions that Defendants must produce all information in their possession regarding Posdata's property and trade secrets, including information related to InQuadron's activities and "Turtle Card" technology. Despite my repeated requests for Defendants to be forthcoming about their activities and information within their possession, only a few documents have been produced. In addition, Defendants have rejected our initial proposed consent decree by making several substantive changes to it that did not provide adequate protection to our client.

10.     Shortly after it became apparent on or about June 1, 2007, that litigation would be necessary because we were unable to reach a settlement, I began negotiating the terms of a stipulated protective order with Mr. Elkins, so that the parties would have the ability to prosecute and defend against this case, without publicly disclosing sensitive, confidential and proprietary information. The negotiations for protective order have been ongoing since on or about June 5, 2007 and were concluded on or about June 19, 2007.

11.     On June 21, 2007, at approximately 12:45 p.m., I placed a telephone call to Mr. Elkins to inform him that Plaintiff was going to file *ex parte* motions for: (1) Temporary Restraining Order; (2) Order to Show Cause Why a Preliminary Injunction Should Not Issue; and (3) Expedited Discovery, and that we would be sending him a trade secret designation. In compliance with Northern District Local Rules 7-10 and 65-1, I notified Mr. Elkins of the substance of the relief Posdata seeks, and informed him the applications and supporting papers would be filed with the Court on June 21, 2007. Posdata anticipates that the Defendants will oppose this Application.

12.     I will cause to be delivered via messenger today Plaintiff's *ex parte* motions and supporting papers for: (1) Temporary Restraining Order; (2) Order to Show Cause Why a Preliminary Injunction Should Not Issue; and (3) Expedited Discovery. I will also deliver via messenger today Plaintiff's Trade Secret Designation, pursuant to California Code of Civil Procedure, Section 2019.210.

13.     Since most of the documents which were discovered in the Kroll investigation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7558385.1

4

C 07 2504 RMW
DOLAN DECLARATION ISO
POSDATA'S *EX PARTE* APPLICATIONS

1   were in Korean, we have had to obtain translations to be able to analyze them. This process has

2   been lengthy and complicated and has been ongoing since before the complaint was filed and is

3   still continuing.

4       I declare under penalty of perjury of the laws of the United States and the State of

5   California that the foregoing is true and correct.

6   Executed on June 21, 2007

7

8                                           BRENDAN DOLAN

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7558385.1

5

C 07 2504 RMW
DOLAN DECLARATION ISO
POSDATA'S *EX PARTE* APPLICATIONS

# EXHIBIT A

Brendan G.
Dolan/SF/MLBLaw

05/11/2007 09:11 AM

To  DElkins@ssd.com

cc  Steven J. Garrett/SF/MLBLaw@MorganLewis

bcc

Subject  Posdata v. Kim and Inquadron

History:          ↘ This message has been forwarded.

Mr. Elkins-- Posdata has filed an action against your client Mr. Kim and his company Inquadron. The complaint is attached. I would like to discuss this matter with you today. You can reach me at 415/722-5998.

Brendan Dolan
Morgan Lewis & Bockius LLP
One Market Street
Spear Tower
San Francisco, California 94105
Telephone (415) 442-1667
Fax (415) 442-1001
Email bdolan@morganlewis.com

IRS Circular 230 Disclosure

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  For information about why we are required to include this legend in emails, please see http://www.morganlewis.com/circular230.

- POS KIM  COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF.pdf

EXHIBIT B



"Elkins, David S."
<DElkins@SSD.com>

05/11/2007 10:10 AM

To   bdolan@morganlewis.com

cc   steven.garrett@morganlewis.com

bcc

Subject   RE: Posdata v. Kim and Inquadron

History:          🖅 This message has been forwarded.

Mr. Dolan:

Thank you for your courtesy in sending me PosData's complaint.  I will call you this afternoon.

--------------------------------

David S. Elkins | Squire, Sanders & Dempsey LLP | 600 Hansen Way | Palo Alto, California 94304 | USA | Tel +1.650.843.3378 | Fax +1.650.843.8777 | DElkins@ssd.com

www.ssd.com

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.  Thank you.

**From:** bdolan@morganlewis.com [mailto:bdolan@morganlewis.com]
**Sent:** Friday, May 11, 2007 9:12 AM
**To:** Elkins, David S.
**Cc:** steven.garrett@morganlewis.com
**Subject:** Posdata v. Kim and Inquadron

Mr. Elkins-- Posdata has filed an action against your client Mr. Kim and his company Inquadron. The complaint is attached. I would like to discuss this matter with you today. You can reach me at 415/722-5998.

Brendan Dolan
Morgan Lewis & Bockius LLP
One Market Street
Spear Tower
San Francisco, California 94105
Telephone (415) 442-1667
Fax (415) 442-1001
Email bdolan@morganlewis.com

IRS Circular 230 Disclosure

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code; or (ii)

promoting, marketing, or recommending to another party any transaction or matter addressed herein.  For information about why we are required to include this legend in emails, please see http://www.morganlewis.com/circular230.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT C



"Elkins, David S."
<DElkins@SSD.com>
05/11/2007 07:26 PM

To    bdolan@morganlewis.com

cc    steven.garrett@morganlewis.com, "Pitigoi, Allison E."
      <APitigoi@ssd.com>

bcc

Subject   RE: Posdata v. Kim and Inquadron

History:        📭 This message has been forwarded.

Brendan:

Confirming my voicemail from earlier today and our later conversation, I have accepted service of PosData's complaint on both Dr. Kim and Inquadron.  Service is effective today, provided you promptly send me (by Fed Ex or by e-mailed pdfs) the summons and other documents received from the court that are also to be served.  Receipt of those other documents by Monday, May 14 would be prompt enough.

---

David S. Elkins | Squire, Sanders & Dempsey LLP | 600 Hansen Way | Palo Alto, California 94304 | USA | Tel +1.650.843.3378 | Fax +1.650.843.8777 | DElkins@ssd.com

www.ssd.com

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.  Thank you.

**From:** bdolan@morganlewis.com [mailto:bdolan@morganlewis.com]
**Sent:** Friday, May 11, 2007 9:12 AM
**To:** Elkins, David S.
**Cc:** steven.garrett@morganlewis.com
**Subject:** Posdata v. Kim and Inquadron

Mr. Elkins-- Posdata has filed an action against your client Mr. Kim and his company Inquadron. The complaint is attached. I would like to discuss this matter with you today. You can reach me at 415/722-5998.

Brendan Dolan
Morgan Lewis & Bockius LLP
One Market Street
Spear Tower
San Francisco, California 94105
Telephone (415) 442-1667
Fax (415) 442-1001
Email bdolan@morganlewis.com

IRS Circular 230 Disclosure

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  For information about why we are required to include this legend in emails, please see http://www.morganlewis.com/circular230.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT D

Steven J. Garrett/SF/MLBLaw

05/11/2007 09:50 PM

To  DElkins@SSD.com

cc  Brendan G. Dolan/SF/MLBLaw@MorganLewis

bcc

Subject  Posdata v. Kim and Inquadron re: Service of Papers

Mr. Elkins,

Thank you for accepting service on behalf of your clients.  Attached are the following papers: Complaint, Summons, Notice of Assignment of Case to a United States Magistrate Judge, Order Setting CMC and ADR Deadlines, Standing Order, and ECF Registration Information.

Steven Garrett
Morgan, Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Phone: 415-442-1194
Fax: 415-442-1001
e-mail: steven.garrett@morganlewis.com
www.morganlewis.com


Notice of Assignment.pdf


Order Setting CMC and Standing Order.pdf


Summons.pdf


ECF Registration Information.pdf


POS KIM  COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF.pdf

# EXHIBIT E

Brendan G.
Dolan/SF/MLBLaw
05/14/2007 10:03 AM

To  "Elkins, David S." <DElkins@SSD.com>

cc  Steven J. Garrett/SF/MLBLaw@MorganLewis

bcc

Subject  RE: Posdata v. Kim and Inquadron

History:        ⤷ This message has been forwarded.

David-- following up on our conversation Friday, if we don't begin seeing documents this morning describing accurately and in detail what Kim and Inquadron are up to (e.g. materials submitted to VCs or others from whom funding sought, business plans, materials concerning the turtle card, etc.) and if we do not get responses to my questions about what they have taken and are in possession of, there will be no possibility of working anything out without getting the court involved. In fact, I am not authorized to have any discussions about a nonadjudicated resolution of this matter until our client knows exactly what has been taken and what has been done with it.   The matter has now been assigned to Judge Whyte. We will be in touch with him regarding getting a TRO application before him promptly if we do not see anything from you this morning.

Brendan Dolan
Morgan Lewis & Bockius LLP
One Market Street
Spear Tower
San Francisco, California 94105
Telephone (415) 442-1667
Fax (415) 442-1001
Email bdolan@morganlewis.com

IRS Circular 230 Disclosure

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  For information about why we are required to include this legend in emails, please see http://www.morganlewis.com/circular230.

"Elkins, David S." <DElkins@SSD.com>



"Elkins, David S."
<DElkins@SSD.com>
05/11/2007 07:26 PM

To  bdolan@morganlewis.com

cc  steven.garrett@morganlewis.com, "Pitigoi, Allison E."
<APitigoi@ssd.com>

Subject  RE: Posdata v. Kim and Inquadron

Brendan:

Confirming my voicemail from earlier today and our later conversation, I have accepted service of PosData's complaint on both Dr. Kim and Inquadron.  Service is effective

today, provided you promptly send me (by Fed Ex or by e-mailed pdfs) the summons and other documents received from the court that are also to be served.  Receipt of those other documents by Monday, May 14 would be prompt enough.

---

David S. Elkins | Squire, Sanders & Dempsey LLP | 600 Hansen Way | Palo Alto, California 94304 | USA | Tel +1.650.843.3378 | Fax +1.650.843.8777 | DElkins@ssd.com

www.ssd.com

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.  Thank you.

**From:** bdolan@morganlewis.com [mailto:bdolan@morganlewis.com]
**Sent:** Friday, May 11, 2007 9:12 AM
**To:** Elkins, David S.
**Cc:** steven.garrett@morganlewis.com
**Subject:** Posdata v. Kim and Inquadron

Mr. Elkins-- Posdata has filed an action against your client Mr. Kim and his company Inquadron. The complaint is attached. I would like to discuss this matter with you today. You can reach me at 415/722-5998.

Brendan Dolan
Morgan Lewis & Bockius LLP
One Market Street
Spear Tower
San Francisco, California 94105
Telephone (415) 442-1667
Fax (415) 442-1001
Email bdolan@morganlewis.com

IRS Circular 230 Disclosure

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.  For information about why we are required to include this legend in emails, please see http://www.morganlewis.com/circular230.

DISCLAIMER
This e-mail message is intended only for the personal

use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.

# EXHIBIT F



서울중앙지방검찰청    **보 도 자 료**

첨단범죄수사부

검찰    전화 530-4977.8/ 팩스 530-4889

PROSECUTORS' OFFICE

**2007. 5. 18.(금)**

자료문의 : 530-4977
부장검사   이 제 영

| 제 목 | **세계 최초 개발 휴대인터넷(WiBro) 핵심기술 해외유출 기도사건 중간수사결과** |
| --- | --- |

## 1. 개 요

○ 서울중앙지방검찰청 첨단범죄수사부(부장검사 이제영, 주임검사 김후곤, 김윤희)는, 국가정보원 산업기밀보호센터로부터 P사 소속 전·현직 연구원들이 미국에 동종업체인 I사를 설립하여 P사 소유의 WiBro(wireless broadband) 기술의 해외유출을 시도하고 있다는 첩보를 입수하고, 신속히 수사에 착수하였음

○ 수사결과, P사 와이브로 사업본부내 전·현직 연구원들이 P사의 내부 인사발령에 불만을 품고 <u>미국 캘리포니아주에 동종업체인 I사를, 국내에 연락사무소를 설립한 후 P사 연구원 30여명을 포섭한 다음, 와이브로 기술 전반에 대한 핵심기술을 불법 유출하여 미국 통신 회사에 판매하려고 계획하고 있는 사실을 적발하여, **세계 최초 개발한 WiBro 원천기술의 해외유출을 조기에 차단**하였으며,</u>

○ 본건 범행의 주요가담자인 위 P사의 전·현직 연구원 7명을 적발하여, 그 중 <u>**전적 연구원 정○○, 박○○, 이○○, 현직 연구원 황○○ 등 4명을 금일 구속기소**</u>하고, 미국에 체류 중인 나머지 공범 3명에 대하여는 국내 소환을 위한 절차를 개시하여 계속 수사 진행 중임

## 2. 범죄사실의 요지

### ☐ 인적사항

○ 정○○ (39세, P사 연구소 前 하드웨어 개발실 그룹장, 구속)

○ 박○○ (33세, P사 연구소 前 소프트웨어 개발실 그룹장, 구속)

○ 이○○ (38세, P사 연구소 前 소프트웨어 개발실 팀원, 구속)

○ 황○○ (45세, P사 연구소 現 종합시험팀장, 구속)

※ 전직 연구원 ○○○ 등 3명은 미국 시민권 또는 영주권자들로 현재 미국내
체류중에 있어 국내 소환을 위한 절차 진행중

### ☐ 범죄사실 요지

피고인들은 P사에서 2004. 2.경부터 현재까지 개발비 약 900억원과
170여명의 연구 인력을 투입하여 세계 최초로 개발한 와이브로
관련 원천기술을 위 회사의 핵심연구 인력과 함께 몰래 빼낸 다음,
미국 내에 동종업체를 창업하고 위 기술을 이용하여 상용화 가능한
단계에 이른 후, 미국통신업체와의 M&A를 통해 수천억원 상당의
부당이익을 취득하기로 결의하고 공소외 ○○○, ○○○, ○○○ 등과
순차로 공모하여,

- 피고인 정○○은

2006. 10. 초순경 피해회사의 테크니컬 메모(TM : technical
memo), 디자인 다큐먼트(DD:Design Document), 성능평가자료
(PD:Performance Document) 등을 외장하드에 저장하여 유출

※ 테크니컬 메모는 와이브로 각 개발과정의 전문기술에 대한 분석, 해법 및 방향을 제시한 문서, 디자인 다큐먼트는 하드웨어와 소프트웨어 구현 아키텍처를 제시하는 문서, 성능평가자료는 개발과정에 있는 와이브로의 성능을 평가한 자료로서 와이브로 핵심기술 자료임

- 피고인 박○○은

2006. 9.경부터 2006. 10.경까지 피해회사의 기지국 채널카드 MAC 소스 프로그램(2006. 9. 버전) 등을 외장하드에 저장하여 유출, I사 국내 연락사무소에서 와이브로 기술 개발을 위해 위 소스코드 사용

※ 기지국 채널카드 MAC 소스프로그램은 기지국의 성능을 좌우하는 기술로서 채널카드의 핵심기술이고 와이브로 원천기술 중 하나임

- 피고인 이○○는

2007. 3.경 피해회사의 기지국 채널코드 MAC 소스 프로그램(2007. 3.버전), 와이브로 장비 세부기술 디자인 설계문서 등을 개인 이메일로 송부하여 유출

※ 와이브로 장비 세부기술 디자인 설계문서는 본 문서를 기반으로 와이브로 장비를 그대로 개발할 수 있을 정도의 세부 기술 및 개발 설명이 상세히 되어 있는 핵심기술자료

- 피고인 황○○은

2006. 10. 중순경부터 2007. 1.경까지 피해회사와 G사, N사, K사와의 장비 연동시험 결과데이터 등을 공범인 ○○○, 정○○ 등에게 이메일로 송부하여 유출

※ 장비연동시험 결과데이터는 피해회사에서 개발중인 와이브로 관련 기지국, 제어기, 단말, 망관리 장치 전반에 대한 종합시험결과데이터가 포함된 핵심 영업비밀 자료임

## 3. 본건 수사의 특징

○ 세계 최초로 개발한 와이브로 원천기술의 해외유출 기도 사건

- WiBro(wireless broadband) 기술은 언제 어디서나 이동하면서 초고속 인터넷 이용이 가능한 인터넷 기반의 차세대(4G) 핵심통신 기술이며,

  ※ 와이브로망의 구성

    이용자 기지국 단말기(PSS, Portable Subscriber Station), 이 단말기에 무선으로 정보를 전달하기 위한 기지국(RAS, Radio Access Station) 장비, 그리고 이동성 관리와 과금 관리 등을 담당하는 제어국(ACR, Access Control Router), 그리고 인증 및 각종 부가 서비스 제공을 위한 서버 등 네가지 요소로 구분

- 정보통신부 · 한국전자통신연구원(ETRI), 한국정보통신기술협회(TTA)와 통신업체들이 2004.경부터 개발을 추진하여 온 'IT839정책'의 핵심과제로 국내 S사와 P사가 각각 5천억, 9백억 상당을 투자하여 개발한 세계 최초의 원천기술임

  ※ IT839정책 : WiBro, DMB 등 8대 신규 서비스를 발굴하여 광대역 통합망 등 3대 인프라를 구축하고 이를 기반으로 차세대 이동통신, 홈네트워크 등 9대 신성장 동력을 육성하자는 정부의 IT 산업 육성책

- 와이브로는 외국 기술을 국내에 도입하여 활성화된 CDMA 이동전화와 달리 국내에서 자체 개발한 기술이며, 2002년부터 정부 및 관련기관간의 논의를 통하여 국내 표준규격을 확정하고, 세계 표준화 노력을 통해 2005. 12. 국제표준으로 인정받았으며, 2006. 6.경 세계최초로 상용화 성공

※ CDMA 원천기술을 보유한 퀄컴사는 2006년 한해동안 27.8억불(27조원 상당)의 로열티수입을 얻었으며, 한국도 1조5천억원 상당의 로열티를 지불하였음. 와이브로는 CDMA와는 달리, 기술종속에서 탈피하여 우리의 기술로 만든 핵심 칩 및 장비를 해외에 판매하여 퀄컴사의 로열티 수입규모 이상을 벌어들일 수 있는 길이 열리게 된 통신시장의 블루오션임

○ IT업계 최대 규모의 기술 유출 사건

- P사에 따르면, 지금까지 900억 상당을 와이브로 사업에 투자하였고, 금년에도 800억 상당을 투자할 계획을 수립하고 있으며, 본건으로 인하여 와이브로 핵심기술이 미국으로 유출되었을 경우 기지국 등 관련 장비 수출 기회 상실로 인한 손실액은 15조원 상당에 이를 것으로 전망하고 있음

- 정보통신부에 의하면 2006년부터 2010년까지 와이브로 산업의 국내 서비스 시장규모는 총 8조 1천억 상당, 장비 시장규모는 총 5조 8천억 상당에 이를 것으로 추정하고 있으며, 세계 와이브로 시장의 시스템 및 단말기 시장 규모는 동 기간 동안 총 24조원 상당에 이를 것으로 추정

  ※ 주요 국가별 와이브로/와이맥스 도입현황(자료 : 정보통신부)

   ·서비스 중인 국가(5개국) : 한국, 미국, 덴마크, 호주, 네덜란드

   ·서비스 예정(11개국) : 크로아티아, 이탈리아, 브라질, 베네주엘라, 중국, 일본, 싱가폴, 필리핀, 카나다, 영국, 아일랜드,

   ·검토중(8개국) : 대만, 스페인, 말레이시아, 멕시코, 프랑스, 인도, 독일, 스웨덴

- 와이브로 상용화후 국내 6년간 생산 유발효과는 24조 7천억원, 부가가치 창출효과는 12조원, 고용창출효과는 27만명에 이를 것으로 추정되어, 본건 기술유출시 한국은 10년 이상 먹거리를 잃게 되는 결과를 초래하는 등 국가경제 전체에 미치는 파급효과는 상상을 초월

O **해외에 관련회사를 설립하여 P사 핵심 연구원 및 핵심기술 유출을 시도한 조직적 범죄**

- 전직 연구원 ○○○이 만든 I사 조직도, 이메일 송·수신내역에 의하면 미국에 I사를 설립한 후 미국연구소 11명, 한국연구소 17명, 재무관리자 1명, 경영관리자 1명, 대표이사 1명 등으로 회사를 구성하고, P사에 근무하는 직원 총28명을 스카웃하여 I사에 합류시킨 다음, 관련기술을 미국 통신업체에 M&A를 통하여 1,800억 상당에 매각하여 거액을 취득할 계획을 수립한 것으로 확인

- 위 계획이 실행되어 P사 핵심연구인력 30여명이 퇴사할 경우, P사는 와이브로 사업을 추진하는데 있어 상당한 어려움에 봉착할 뻔하였음(현재까지 6명 합류)

  ※ 전직 연구원 ○○○은 연봉표, 스톡옵션 배분 현황표까지 작성한 후 이를 토대로 P사 직원들에게 이메일을 통하여 고액 연봉을 제시하며 퇴사 유도

O **해외유출 시도한 영업비밀자료는 와이브로 기술의 핵심**

- 피고인들 및 해외 거주 공범들이 해외유출을 시도한 자료는 P사의 와이브로 인프라 시스템인 기지국(RAS) 및 기지국 제어기 장비(ACR), 단말장치(PSS), 망관리장치(EMS) 등 와이브로 기술전반에 이르고 있으며,

- 득히 와이브로 기술의 핵심인 기지국 채널카드 관련 소스코드를 비롯하여, 위 각 장비간 연동성 시험데이터 등 관련 자료가 해외 동종업체에 유출되었을 경우, 2년 이상의 기간과 170여명의 연구 인력이 투입되어 개발한 자료를 토대로, 단기간 내에 동종제품의 개발이 가능하고, 이로 인해 피해회사뿐 아니라 국내의 S사, K사 등 관련회사에 미치는 파급효과가 매우 심각한 상황이었음

## 4. 본건 수사의 의의

○ 국·내외적으로 와이브로 핵심기술유출행위를 적발한 최초의 사례

- 본건은 세계최초로 대한민국에서 개발된 와이브로 기술에 대한 조직적이고, 대담한 해외유출 기도 행위를 적발한 최초의 사례로,

- 피해회사를 포함한 원천기술 보유사인 S사, 와이브로 사업자인 K사, S사 등의 와이브로 사업, 나아가 국가경제전반에 미칠 악영향을 사전 차단

○ 신속한 공조수사로 국가핵심기술의 해외유출 사전 차단

- 중앙지검 첨단범죄수사부와 국가정보원 산업기밀보호센터가 초기 첩보수집단계에서부터 수사진행에 이르기까지 긴밀한 정보공유 및 협조체제를 구축하고 신속히 수사를 진행하여,

- 피고인들이 몰래 취득하여 국내에서 수정 중에 있는 채널카드 소스코드 등 핵심기술자료를 대부분 압수함으로써, M&A를 통한 미국 내 유출기도 사전 차단

○ 기술유출범죄의 감청필요성 확인

- 피고인들은 범행을 은폐하기 위하여 회사 이메일, 국내업체 이메일이나 휴대폰 등을 사용하지 않고, 국내에 서버를 두지 않은 해외업체의 이메일, 인터넷폰 등을 이용하여 자료교환 및 의사연락을 하는 등 지능적인 수법을 사용

- 그럼에도 현행법상 기술유출 범죄는 감청대상에서 빠져 있어 범죄의 예방 및 적발이 매우 어려운 실정임

- 기술유출범죄가 야기할 국부유출의 규모나, 그 범죄가 적발되기 쉽지 아니한 점 등을 감안할 때, 기술유출범죄야말로 다른 어떤 범죄보다도 감청의 필요성이 매우 크다 할 것임

- 따라서 국회에서 기술유출범죄를 감청대상에 포함시키기 위하여 통신비밀보호법 개정을 추진하고 있는데, 이는 매우 시의적절하다고 판단되며, 조속히 통과될 것을 기대함

○ 디지털 증거분석 등을 통한 인권중심의 과학수사 관행 정착

- 중앙지검 첨단범죄수사부 디지털수사팀은 압수된 50여개의 하드디스크(약 5000기가 GB 분량)의 복구·분석 및 방대한 양의 이메일자료에 대한 분석을 통해,

- I사 설립계획 및 P사의 연구원 스카웃 계획, 연봉 및 스톡옵션 배분 현황표, P사의 영업비밀자료의 취득 및 사용내역 등을 밝혀 내어 증거자료로 활용하는 등, 진술에 의존하는 수사가 아닌 철저히 물증에 입각한 수사를 지향함으로써 인권중심의 과학수사관행 정착

**ENGLISH
Translation**



**Seoul Central District Prosecutors' Office**

**High-tech Crime Investigation**

**Phone** 530-4977,8/ **Fax** 530-4889

**News Data**

**2007.5.18.(Fri)**

Data Inquiry: 530-4977
Superintendent Public
Prosecutor , Jaeyoung Lee

| Subject | Interim Investigation Result for The Case of The Attempted Overseas Leak of The world's First Developed WiBro Core Technology |
|---|---|

## 1. Overview

O  Seoul Central District Prosecutors' Office (the Superintendent Prosecutor, Jaeyoung Lee, the Chief Prosecutor, Hugon Kim, and Yoonhee Kim), obtained an intelligence report from the National Intelligence Service's National Industrial Security Center, indicating that P Company's former and current researchers founded the same type of enterprise as P Company, I Company in the US, and they were trying to leak P Company's existing WiBro (Wireless Broadband) technology to overseas.  The Office began investigations immediately upon receipt of the intelligence report.

O  As a result of this investigation, it was found that previous and current researchers inside of P Company's WiBro business headquarters were dissatisfied with its internal personnel decisions.  These researchers had established I Company, the same type of company as P Company, in California in the U.S. and its liaison office inside of the country, and had plans to lure 30 researchers away from the P Company and illegally leak and sell WiBro-related core technology to a U.S. communications company.  This espionage plan was discovered at an early stage, preventing the leakage of the world's first WiBro technology to overseas.

O  Seven main accomplices have been found from the above P Company's former/current researchers.  Four people among them were arrested and indicted today; they are former researchers Joung o o, Park o o, Lee o o, and current researcher Hwang o o.  The remaining three accomplices are residing in the U.S.  A proceeding began to issue a subpoena to bring them inside of the country and these investigations are ongoing.

## 2.    Criminal Fact sheet

☐    Biographical Data

O Joung o o (39 years old, P Company's former chief of the hardware development office, arrested)

O Park o o (33 years old, P Company's previous chief of the software development office, arrested)

O Lee o o (38 years old, P Company's previous team member in the software development office, arrested)

O Hwang o o (45 years old, P Company's present team leader of the integration test team, arrested)

* Because 3 people including former researcher o o o, are either U.S. citizens or permanent residents of the U.S., and currently residing in the U.S., a procedure to issue a subpoena to bring them to the inside of the country is in process.

☐ Criminal Fact Sheet

Defendants have secretly taken away WiBro related source technology developed by P Company for the first time in the world along with core research workforce of the company. Since on or about February 2004, P Company has invested about 90 billion won and 170 research workforce to develop this technology. They have established a similar business in the U.S. By using the above technology, they planned to reach the point of commercializing it; then, through M&A with a U.S. communications company, decided to obtain illegal profits, the equivalent of approximately hundreds of billions won. They conspired with accused o o o, o o o, o o o, successively.

- Defendant Joung o o,

Around the beginning of October 2006, stored technical memo (TM: Technical Memo), design document (DD: Design Document), and performance document (PD: Performance Document) of the victimized company in external hard disk to take it outside of company.

*Technical memo is a document suggesting analysis, solution and direction of special technology in each of WiBro's developmental processes. Design document is a document that suggests hardware and software's implementation architecture. Performance document is a document that evaluates the performance of WiBro in developmental process, and it is the core technology data.

- Defendant Park o o,

From September 2006 to October 2006, saved the base station channel card's Media Access Control (MAC) source program (Sep 2006 version) of victimized company to an external hard disk. Has used the above source code to develop WiBro technology at the liaison office of I Company inside of the country.

*Base station channel card of MAC source program is a technology that controls the performance of base station. It is the channel card's core technology, and one of WiBro's source technologies.

- Defendant Lee o o,

Around March 2007, leaked out base station channel code MAC source program (March 2007 version) and WiBro equipment detail technology design layout document from the victimized company by sending out via personal email.

*WiBro equipment detail technology design layout document is detailed enough to develop WiBro equipment as it is, based on this document. It has fine details of technology and development explanations in detail. It is the core technology information.

-Defendant Hwang o o,

From mid Oct. 2006 to Jan. 2007, forwarded and leaked out the result of the data of Equipment Interlocking Test between the victimized company, and the companies, G, N, and K by emails to accomplices, o o o, and Joung o o.

*Equipment Interlocking Test result data contains the comprehensive test result data of all WiBro related base station, controller, terminal, and net management device that the victimized company is developing. It is core classified business operation data.

## 3.  Characteristics of this investigation

o This is an attempted case to leak out secrets of the world's first developed WiBro source technology to overseas.

- WiBro (Wireless Broadband) technology is a core telecommunications technology which is the foundation of the next generation (4G) and it allows users to access high-speed internet at any time and anywhere.

  *Framework of WiBro network

  Framework of WiBro network is divided into 4 elements: User Base Station Terminal, PSS (Portable Subscriber Station), RAS (Radio Access Station) equipment to transfer information wirelessly to PSS, Control station, ACR (Access Control Router) to take care of the management of the mobility and the access fee, and the Server to provide certification and other additional services.

- It is the core assignment that Ministry of Information and Communication, Korea Electronics and Telecommunication Research Institute (ETRI), Telecommunications Technology Association (TTA), and telecommunication companies have been propelling development as a 'IT839 Policy' since 2004.  Domestically, S Company and P Company had invested 500 billion and 90 billion, respectively. It is the first source technology developed in the world.

  *IT 839 Policy : Government's IT industry support-growth policy; It refers to discovering 8 new services such as WiBro and DMB and building 3 Infra internet broadcast technologies such as broad Integrated Network.  Based on these, it is to support growth of 9 new growing engines such as next generation mobile communication and home network.

- Unlike CDMA mobile phones, which was introduced from overseas and have been widely used, WiBro is a technology that has been developed on our own inside of the country.  WiBro has become a domestic standard after discussions between this government and related parties since 2002.  By striving for the world's standard, it was acknowledged as the international standard in December 2005.  For the first time in the world, it successfully commercialized in June 2006.

4

*Quircom, Inc., which holds CDMA source technology, had earned royalty revenue of $27.8 billion (worth of approximately 27 trillion in Korean won) during one year in 2006. Korea also paid approximately 1.5 trillion won as a royalty. WiBro, unlike CDMA, escaped from dependent technology, and sold core chips and equipment made with our technology to overseas. Therefore, it has opened up a way to earn over the amount of royalty revenue scale of Quircom, Inc. Therefore, it is like a blue ocean or like a newly opened road in communications market.

o The biggest scale of technology-leaked case in IT industry

- According to P Company, about 90 billion have been invested in WiBro business. This year, they plan to invest approximately 80 billion. Because of this case, it is forecasted that, in case the WiBro core technology had been leaked to US, the estimation of the damages due to loss of opportunity to export base station and its related equipment will amount to 15 trillion won.

- According to the Ministry of Information and Communication, WiBro industry's domestic market size is in total approximately 8.1 trillion won and equipment market size is estimated to be at approximately 5.8 trillion won. The system and terminal market size of the world WiBro market is estimated to be in total of approximately 24 trillion won during the same period.

    *WiBro/WiMax import current status per major countries (data: Department of Telecommunication)

    - Countries that are in service (5 countries): Korea, United States, Denmark, Australia, and Netherlands

    - Service anticipated (11 countries): Croatia, Italy, Brazil, Venezuela, China, Japan, Singapore, Philippines, Canada, England, and Ireland

    - In review (8 countries): Taiwan, Spain, Malaysia, Mexico, France, India, Germany, and Sweden

- After commercializing WiBro, it is anticipated that 6 years' domestic production creation effect will be 24.7 trillion won. Additional value creation effect: 12 trillion won. Effect for employment creation will be 270,000 people. If such technology leak occurs, the expected result will be the loss of more than 10 years' food on table. The ripple effect on the entire national economy is beyond imagination.

O Systematic crime, attempting to take out P Company's core researchers and core technology by establishing a related company in overseas

- According to I Company's organization chart that former researcher o o o has made, and contents of sent and received e-mails, after establishing I Company in United States, defendant established the company with 11 people in American laboratory, 17 people in Korean laboratory, 1 administrative manager, 1 operation manager and 1 chief director. The company has scouted a total of 28 employees who were working at P Company and persuaded them to join I Company. Then, planned to make huge profit by selling the related technology to a telecommunications company in the US through M&A, in the amount of approximately180 Billion,

- If the above plan were carried out, and if 30 core employees resigned from P Company, P Company would have faced a great deal of difficulty  [Six (6) joined up to present].

  * Former researcher  o o o, made statements of yearly salaries and stock option distribution reports.  Based on these statements, (defendant) used emails to the P Company's employees to offer high salaries, and suggested they resign from their company.

O The business operation confidential data they had attempted to leak to overseas is the WiBro's core technology.

- The data that defendants and foreign residing co-defendants attempted to leak to overseas were P Company's WiBro Infra System, which is RAS(Radio Access Station), ACR (Access Control Router), PSS (Portable Subscriber Station), and EMS (Element Management System).   This covers the whole range of WiBro's technology.

-Particularly, if WiBro technology's key points including RAS channel card's related source codes, each of above mentioned Equipment Interlocking Test data, and related materials were leaked to a same type of company in overseas, it may be possible to develop same type of products within a short period time based on data that has been developed in over 2 years' period and by 170 research workforce injected into research. For those reasons, it would have been very serious and these would have had ripple effects not only to victimized company but also to the related domestic companies, S Company, and K Company.

## 4. Significance of investigation.

O For the first time WiBro' s core technology-leakage case was discovered both domestically and internationally

- This case is the first case ever in the world to prosecute an organized and bold attempt to leak world's first Korean-developed WiBro technology to overseas.

- Furthermore, adverse effects on the victimized company, source technology holder S Company, WiBro business K Company and S Company's WiBro business, as well as the national economy in whole has been prevented in advance.

o Leakage of a national core technology to overseas ahs been prevented by swift joint investigations.

- Central District Prosecutor's Office High-tech Crime Investigation and National Intelligence's Industrial Security Protection Center, jointly shared classified information and built a support system, and rapidly processed investigations from the early intelligence collection stage to the investigation process.

-Confiscated most of core technology data, channel card source code that dependents have secretly gained, and it is being corrected inside of the country; therefore, this preventive work avoided the leakage of this data to the U. S. by M & A (Merger and Acquisition.)

7

O Confirmed a need for monitoring technology-leaking crime

- Defendants did not use company email, domestic company's email or company cellular phones in order to conceal the criminal acts. Instead, they used intellectual tricks by using the foreign company's emails and internet phones, which do not have domestic server inside of the country to exchange data and communication.
- However, according to the law actually in force, technology-leak crimes are excluded in subjects of the monitoring. Therefore, the prevention and prosecution of crime are extremely difficult in the real circumstance.
- Considering the size of National loss, and the fact that prosecuting the crime is not easy, there is more need for monitoring technology-leak crimes than any other crimes.
- Therefore, in order to include tech-leaking crime as a monitorable subject, the congress is trying to enact a protective law of telecommunication secrets. This seems to be the right time for the occasion, and let us hope to expect the law to pass as early as possible.

O Scientific investigation will take root in the customary practice with the emphasis in human rights through digital evidence analysis

- Central District Prosecutor's Office High-tech Crime Investigation's digital investigation team confiscated about 50 hard disks (about 5000GB in size), and restored, and analyzed enormous amount of email data, These analyses revealed the plans.
- The aim of the investigation was based upon the complete physical evidence; statements alone should not be relied upon. The physical evidence was revealed by discovering: the plan of establishing I Company, the plan for scouting P Company's researchers, the present status statements of their yearly salaries, stock option distribution, and P Company's secret operations data and the history of the specifics of its use. Disclosed physical evidence through investigation will take root in the customary practice of the scientific investigation, which focuses on the center of human rights.

{Interoffice use only} Revised  by translator, Song Ae Park on, 06/14/2007, at 05:18 p.m.

EXHIBIT G

1   MORGAN, LEWIS & BOCKIUS LLP
    BRENDAN DOLAN, State Bar No. 126732
2   STEVEN J. GARRETT, State Bar. No. 221021
    One Market, Spear Street Tower
3   San Francisco, CA  94105-1126
    Tel:  415.442.1000
4   Fax:  415.442.1001
    E-mail:  bdolan@morganlewis.com
5
    Attorneys for Plaintiff
6   POSDATA CO., LTD.

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12  POSDATA CO., LTD., a South Korean          Case No. C 07 2504 RMW
    corporation.
13                                             FIRST AMENDED COMPLAINT FOR
                    Plaintiff,                 MONETARY DAMAGES AND
14                                             INJUNCTIVE RELIEF:
            vs.
15                                             (1) MISAPPROPRIATION OF TRADE
    SEYOUNG KIM, an individual, and                SECRETS;
16  INQUADRON, INC., a California              (2) INTERFERENCE WITH
    corporation,                                   PROSPECTIVE ECONOMIC
17                                                 ADVANTAGE;
                    Defendants.                (3) INTERFERENCE WITH EXISTING
18                                                 ECONOMIC RELATIONS;
                                               (4) BREACH OF CONTRACT;
19                                             (5) BREACH OF DUTY OF LOYALTY;
                                               (6) INTERFERENCE WITH CONTRACT;
20                                             (7) CONVERSION;
                                               (8) UNFAIR COMPETITION, CAL. BUS.
21                                                 & PROF. CODE § 17200 AND
                                                   COMMON LAW;
22                                             (9) UNJUST ENRICHMENT; AND
                                               (10) CONSTRUCTIVE TRUST
23

24                                             DEMAND FOR JURY TRIAL

25

26

27

28
MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO
            1-SF/7549117.1              1                    CASE NO. C 07 2504 RMW
                                                            FIRST AMENDED COMPLAINT

1   Plaintiff Posdata Co., Ltd. ("Plaintiff" or "Posdata") avers and complains against

2   Defendants Seyoung Kim ("Kim") and Inquadron, Inc. (collectively referred to as "Defendants")

3   as follows:

### JURISDICTION AND VENUE

5   1.   Plaintiff is a citizen of the Republic of Korea. Kim and Inquadron are citizens of

6   California. This Court has original jurisdiction under 28 U.S.C. § 1332, in that this is a civil

7   action between a citizen of a foreign state and citizens of California in which the matter in

8   controversy exceeds, exclusive of interest and costs, the sum of $75,000.

9   2.   Venue is proper in the United States District Court Northern District of California

10  pursuant to 28 U.S.C. § 1391(a) because the Defendants are subject to personal jurisdiction in this

11  district at the time the action is commenced, and there is no district in which the action may

12  otherwise be brought. In addition, the Defendants named herein reside in this district and many

13  of the acts or omissions that give rise to the claims of Plaintiff occurred in Santa Clara County.

### INTRADISTRICT ASSIGNMENT

15  3.   Pursuant to Local Rule 3-2(c), this civil action is properly assigned to the San Jose

16  Division because the events and omissions that give rise to the claims of Posdata occurred in

17  Santa Clara County.

### NATURE OF ACTION

19  4.   This action seeks to redress Defendants' misappropriation of trade secrets and

20  highly confidential proprietary information belonging to Posdata. Plaintiff is informed and

21  believes, and on the basis of such information and belief, alleges that Defendants intend to use or

22  have used this proprietary information and trade secrets to establish a business using the

23  misappropriated intellectual property of Posdata. While a Posdata employee, Kim secretly

24  recruited current employees of Posdata to work for his new venture and to misappropriate

25  Posdata's trade secrets and confidential proprietary information while they too remained

26  employed at the Company. Temporary, preliminary, and permanent injunctive relief from this

27  Court is necessary to prevent further damage and irreparable harm to Posdata's business, trade

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

2

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

1   secrets and confidential proprietary information.  Damages are sought to compensate Posdata for

2   the harm it has suffered.

3                                          **PARTIES**

4        5.      Plaintiff Posdata Co., Ltd. is a corporation organized and existing under the laws

5   of the Republic of Korea, with its principal place of business in the Republic of Korea.  Plaintiff

6   is qualified and authorized by the California Secretary of State to transact business in California.

7        6.      Defendant Dr. Seyoung Kim was an employee of Posdata.  Plaintiff is informed

8   and believes that Kim is a citizen of California residing in Santa Clara County, California.

9        7.      Defendant Inquadron, Inc. is a corporation organized and existing under the laws

10  of the State of California with its principal place of business in San Jose, California.  Plaintiff is

11  informed and believes and thereon alleges that Kim caused Inquadron to be incorporated in order

12  to transact business using the misappropriated Posdata trade secrets and confidential proprietary

13  information.

14       8.      Plaintiff is informed and believes, and on the basis of such information and belief,

15  alleges that at all times relevant to this complaint, Kim and Inquadron and others working in

16  concert with them, in addition to acting for themselves and on his or its own behalf individually,

17  is and was acting as the agent, servant, employee and representative of, and with the knowledge,

18  consent and permission of, and in conspiracy with the other Defendants and within the course,

19  scope and authority of that agency, service, employment, representation, and conspiracy.  Plaintiff

20  further alleges on information and belief that the acts of each of the Defendants were fully ratified

21  by the other Defendants.  Specifically, and without limitation, Plaintiff alleges on information and

22  belief that the actions, failures to act, breaches, unfair practices and misappropriations alleged

23  herein and attributed to one or more of the specific Defendants were approved, ratified, and done

24  with the cooperation and knowledge of each and all of the Defendants.

25       9.      Plaintiff is informed and believes, and on the basis of such information and belief,

26  alleges that individuals and/or entities other than the named Defendants participated and engaged

27  in the wrongful conduct set forth in this complaint.  Plaintiff thus reserves the right to amend this

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                            3                    CASE NO. C 07 2504 RMW
                                                              FIRST AMENDED COMPLAINT

1   complaint to add these additional Defendants when their identities are discovered and their

2   wrongful conduct becomes known.

3   **GENERAL ALLEGATIONS**

4       10.    Posdata is a leading company in the development of mobile WiMAX technology.

5   FLYVO is the company's mobile WiMAX product line that enables users to have mobile high

6   speed broadband access to the internet. FLYVO is a complete end-to-end system providing base

7   stations, control servers, network and customer management systems, chipsets, and end user

8   mobile devices. Posdata has spent substantial time and capital developing its WiMAX

9   technology and FLYVO system.

10       11.    Defendant Kim worked as an engineer at Posdata's research and development

11   facility in San Jose, California. Kim's team was responsible for, among other things, developing

12   a communication modem to support the company's WiMAX technology. Employees at the San

13   Jose facility, including Kim, reported directly to Posdata corporate headquarters in South Korea.

14   During his tenure, Kim assumed a mentoring and leadership role as the individual primarily

15   responsible for managing employees at the San Jose research and development facility. Kim had

16   access to Posdata trade secrets and confidential proprietary information including but not limited

17   to research and development information for Posdata products and technology, test results,

18   technology, business information, and employee information.

19       12.    Plaintiff is informed and believes, and on the basis of such information and belief

20   alleges that while employed by Posdata, Defendant Kim conspired to form a new company,

21   Inquadron, to capitalize on Posdata's proprietary WiMAX technology and confidential

22   proprietary information developed at the San Jose research and development facility and at the

23   Company's facilities in South Korea. Defendant Kim exploited his status as a leader at the

24   facility to misappropriate Posdata's trade secrets and confidential proprietary information by

25   unlawfully soliciting Posdata's employees to work for his new business endeavor and to disclose

26   such trade secrets and confidential information while still employed by Posdata.

27       13.    Defendant Kim, with the assistance of current and former Posdata employees, has

28   obtained, without the consent of Posdata, confidential proprietary information and trade secrets

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

4

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

1    regarding Posdata's WiMAX technology and FLYVO system, research and development

2    information, business information, and confidential employee information.  On information and

3    belief, Plaintiff also alleges Defendants have wrongfully taken hardware, software, channel cards,

4    boards and other technology related to Posdata's WiMAX technology.  Plaintiff is informed and

5    believes that Defendants have utilized, and will continue to utilize, Posdata's intellectual property

6    to establish their own company in the WiMAX technology industry.

7                                 **FIRST CAUSE OF ACTION**

8                             **(Misappropriation of Trade Secrets)**

9            14.    Plaintiff repeats and alleges each and every allegation set forth in Paragraphs 1

10   through 13.

11           15.    Plaintiff has invested substantial time, capital, effort, and ingenuity in researching

12   and developing its WiMAX technology and the FLYVO system and other trade secrets.  This

13   investment has produced, and is expected to produce, an ongoing economically valuable

14   competitive advantage because the proprietary information is not generally known to the public or

15   Posdata's competitors.  This sensitive, confidential, and proprietary information constitutes trade

16   secrets of Plaintiff.

17           16.    Plaintiff has taken, and continues to take, reasonable steps to safeguard the secrecy

18   of its trade secrets.

19           17.    Plaintiff's trade secrets were acquired by Defendants through improper means

20   without Posdata's express or implied consent.

21           18.    Plaintiff is informed and believes, and on the basis of such information and belief,

22   alleges that Defendants acquired its trade secrets knowing, or having reason to know, that they

23   were acquired in an improper manner and that they were disclosed without the express or implied

24   consent of Plaintiff.

25           19.    Defendants' conduct constitutes misappropriation of Plaintiff's trade secrets

26   pursuant to the Uniform Trade Secrets Act found at California Civil Code §§ 3426.1, *et seq.*

27           20.    All of the aforesaid intentional and wrongful acts by Defendants proximately

28   caused substantial damage to Posdata, including but not limited to, the loss of earned business

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                                    5                    CASE NO. C 07 2504 RMW
                                                                      FIRST AMENDED COMPLAINT

1  advantage in the WiMAX technology industry, diminution of Posdata's general reputation and

2  goodwill within the WiMAX technology industry, and all resulting loss of revenue and profits.

3       21.    As a further proximate result of Defendants' conduct, Defendants have been

4  unjustly enriched in an amount to be proven at trial as result of Defendants' wrongful acts.

5       22.    In the event that neither Posdata's actual damages nor Defendants' unjust

6  enrichment are provable, Posdata is entitled to a reasonable royalty for using Posdata's trade

7  secrets, as provided by California Civil Code Section 3426.3(b).

8       23.    Defendants' misappropriation was willful and malicious, justifying an award of

9  exemplary damages in the form of twice the combined sum of the compensatory, restitutionary,

10  and reasonable royalty damages from Defendants, as provided by California Civil Code § 3426.3.

11       24.    The wrongful conduct of Defendants in misappropriating Posdata's trade secrets

12  and continuing to disclose and/or utilize said information for Defendants' own benefit and to the

13  detriment of Posdata's business, unless and until enjoined and restrained by Order of this Court,

14  will cause great and irreparable damage, including but not limited to, the loss of earned business

15  advantage in the WiMAX technology industry, diminution Posdata's general reputation and

16  goodwill within the WiMAX technology industry. Posdata has no adequate remedy at law for

17  such present and future harm, and therefore is entitled to preliminary and permanent injunctive

18  relief against Defendants to prohibit such inevitable harm. Therefore, preliminary and permanent

19  injunctive relief pursuant to, inter alia, California Civil Code § 3426.2, is appropriate.

20       25.    Defendants' conduct is causing and, unless enjoined, will continue to cause

21  Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money.

22  Plaintiff has no adequate remedy at law and is entitled to preliminary and permanent injunctions

23  prohibiting further use and communication of their unlawfully obtained information.

24  **SECOND CAUSE OF ACTION**

25  **(Interference with Prospective Economic Advantage)**

26       26.    Plaintiff alleges and incorporates by reference each and every allegation set forth

27  in paragraphs 1 through 25.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27.     Posdata has invested substantial capital and effort into developing economic relationships with potential customers and its own employees. Posdata also has generated substantial goodwill in the marketplace by reason of its proven track record and innovative WiMAX technology. Posdata's innovative WiMAX technology and relationships with its customers and employees represented the probability of future economic success to Posdata and upon which Posdata relied to meet its financial goals.

28.     Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants were aware of these relationships and their prospective economic value. With this knowledge, Defendants engaged in wrongful and non-privileged conduct, including but not limited to usurping the valuable proprietary information developed by Posdata, stealing Posdata's trade secrets, and interfering with the prospective economic advantage that Posdata had with its current customers and potential future customers and its employees. Plaintiff is informed and believes that Defendants have intentionally attempted to disrupt Posdata's relationship with current and future clients and employees by planning and developing a business utilizing Posdata's trade secrets through misappropriation and theft to support their new business venture. Plaintiff is informed and believes that Defendants have also disrupted Posdata's business by soliciting current and former Posdata employees to work for this new business and encouraging them to steal and disclose Posdata's trade secrets.

29.     Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants have and will continue to utilize Posdata's trade secrets and the company's current and former employees to create a competitive business venture, thereby interfering with Posdata's business relationships and prospective business relationships

30.     These acts were intended to and have actually disrupted and/or are expected to disrupt opportunities upon which Posdata relied, including Posdata's expected business of continuing to develop with WiMAX technology and the FLYVO system. These disruptive acts resulted in substantial damage to Posdata, including but not limited to, future annual revenue, loss of relationships, lost management time, and legal costs and expenses, such actual amount to be determined according to proof at trial.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                    7                CASE NO. C 07 2504 RMW
                                                  FIRST AMENDED COMPLAINT

1    31.    Defendants committed the acts averred maliciously, fraudulently, and

2    oppressively, with the wrongful intention of injuring Posdata, from an improper and evil motive

3    amounting to malice, and in conscious disregard of Posdata's rights. Posdata thus is entitled to

4    recover punitive damages from Defendants in an amount according to proof at trial

5    32.    Plaintiff's remedy at law is not adequate and Plaintiff is entitled to, among other

6    relief, injunctive relief.

7    **THIRD CAUSE OF ACTION**

8    **(Interference with Existing Economic Relations)**

9    33.    Plaintiff alleges and incorporates by reference each and every allegation set forth

10    in paragraphs 1 through 32.

11    34.    Posdata has invested substantial capital and effort to developing the WiMAX

12    technology and fostering relationships with customers and employees. The value of Posdata's

13    business derives in part from revenue generated by its WiMAX technology, the FLYVO system

14    and its relationships with its employees and customers.

15    35.    Plaintiff is informed and believes, and on the basis of such information and belief,

16    alleges that Defendants were aware of these relationships. With this knowledge, Defendants

17    engaged in wrongful and non-privileged conduct which was intended to and did interfere with

18    Posdata's relationships. This wrongful conduct resulted in substantial damage to Posdata,

19    including but not limited to, decreasing the exclusive proprietary nature of Posdata's trade secrets,

20    decreasing Posdata's reputation and goodwill within the technology industry, and causing Posdata

21    to economic losses, such actual amount to be determined according to proof at trial.

22    36.    Defendants committed the acts averred maliciously, fraudulently, and

23    oppressively, with the wrongful intention of injuring Posdata, from an improper and evil motive

24    amounting to malice, and in conscious disregard of Posdata's rights. Posdata thus is entitled to

25    recover punitive damages from Defendants in an amount according to proof at trial.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

8

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

37.    Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 36.

38.    Posdata derives revenue from its WiMAX technology and its FLYVO system. To obtain a competitive advantage over Posdata's competitors, Plaintiff has invested large amounts of resources including, but not limited to, money and employee time, in developing Posdata's trade secrets and confidential proprietary information, including but not limited to, WiMAX technology and FLYVO system.

39.    Plaintiff took reasonable steps to protect their trade secrets and confidential proprietary information, including but not limited to, restricting access to Posdata's facilities and computers and requiring Kim to sign an agreement requiring that "[t]he Employee shall not disclose the Company's confidential information to any 3rd party at any time, even though the employment with the Company terminates."

40.    Plaintiff has performed all conditions, covenants and promises required on their part to be performed in accordance with the terms and conditions of its employment agreement with Kim, except those conditions, covenants and promises where Plaintiff's performance thereof was either frustrated or excused.

41.    Notwithstanding any unilateral efforts by Kim to violate the employment agreement, Kim remains subject to the terms of his agreement. Plaintiff is informed and believes, and on that basis alleges, that in taking the actions and omissions alleged in this Complaint, including his misappropriation of Plaintiff's trade secrets and confidential proprietary information, unlawfully soliciting Posdata's employees, to work for his new business endeavor, and disclosing such trade secrets and confidential information while still employed by Posdata, Kim breached the agreement obligating him not to disclose the company's trade secrets and confidential information to third parties.

42.    As a direct and proximate result of these breaches of contract, Plaintiff has suffered actual damages for loss of valuable information, loss of competitive advantage gained by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                                    9                    CASE NO. C 07 2504 RMW
                                                                      FIRST AMENDED COMPLAINT

1    said information, loss of relationships, clients and profits, lost personnel time, and legal costs and

2    expenses.  Plaintiff is therefore entitled to damages in an amount to be proven at trial.

3        43.    In addition to those damages that are quantifiable, Plaintiff has suffered actual and

4    threatened harm which cannot be measured and for which there is no adequate remedy at law.

5    Specifically, Plaintiff has been, and will continue to be, damaged by Defendants' wrongful use of

6    Plaintiff's trade secrets and confidential information, Defendants' interference with existing and

7    prospective customer relationships, and Defendants' unlawful interference with current and

8    former employment relationships.  Plaintiff has also suffered harm to its business relationships,

9    business reputation and goodwill.  Damages of this nature are ongoing and immeasurable at least

10    in part.  Accordingly, money or legal damages cannot fully compensate Plaintiff, and thus

11    Plaintiff is entitled to specific performance of the terms of the contracts described above.

12        44.    Plaintiff is informed and believes, and based thereon alleges, that Kim has

13    breached his employment agreement, and unless enjoined therefrom by Order of the Court, will

14    continue to breach these covenants and will continue to divert the benefit of Plaintiff's

15    information, clients and relationships to his and the other Defendants' own commercial

16    advantage.  Plaintiff therefore seeks an injunction in the form requested in the Prayer for Relief

17    below.

18        45.    Unless enjoined by this Court, said breaches threaten to and will cause great and

19    irreparable injury to Plaintiff as the full extent of Plaintiff's damages are not readily ascertainable,

20    and therefore Plaintiff has no adequate or other remedy at law for such acts and threatened acts.

21                                    **FIFTH CAUSE OF ACTION**

22                                    **(Breach of Duty of Loyalty)**

23        46.    Plaintiff alleges and incorporates by reference each and every allegation set forth

24    in paragraphs 1 through 45.

25        47.    An employee owes a duty of loyalty toward their employer during the term of

26    employment.

27

28

48.     Defendant Kim, by virtue of his employment with Posdata, was under a duty to act for the benefit of Posdata and not contrary to the interests of Posdata with respect to all matters connected with their respective employment relationship.

49.     Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendant Kim breached his duties to Posdata by planning and developing a business to compete against Posdata while still employed by Posdata. Defendant Kim further breached his duty of loyalty by brazenly misappropriating, utilizing, and stealing Posdata's trade secrets to support his new business venture. Defendant also breached his duty by soliciting current and former Posdata employees to work for their new business and encouraging them to steal and disclose Posdata's trade secrets.

50.     As a direct and proximate result of Defendant's actions to harm Posdata, Posdata suffered and continues to suffer great damages, including but not limited to, the loss of earned business advantage in WiMAX technology industry, decreasing the exclusive proprietary nature of Posdata's trade secrets, diminution of client confidence in Posdata's general reputation and goodwill, and loss of revenue and other economic damage, such amount to be determined according to proof at trial.

51.     Defendant committed the acts alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Posdata, from an improper and evil motive amounting to malice, and in conscious disregard of Posdata's rights. Posdata is thus entitled to recover punitive damages from Defendant in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### (Interference with Contract)

52.     Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 51.

53.     All employees owe a duty of loyalty toward their employer during the term of employment, which includes a duty to act solely for the benefit of the employer in all matters connected with their employment.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-SF/7549117.1

11

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

54.    By virtue of his employment with Posdata, Defendant Kim was under a duty to act for the benefit of Posdata and not contrary to the interests of Posdata with respect to all matters connected with their respective employment relationship.  Similarly, Defendant Kim has also breached his duty by soliciting current and former Posdata employees to work for his new business and encouraging them to steal and disclose Posdata's trade secrets.

55.    The current and former employees of Posdata were and are bound by their agreements with and duties to Posdata to protect proprietary and confidential company trade secrets, and to honor their duty of loyalty to Posdata while in its employ.  These agreements and duties required the employees during their employment to not misappropriate or disclose Posdata's trade secrets or to breach their duties of loyalty.  Defendants' solicitation of Posdata employees to join his new business and to disclose Posdata trade secrets is an illicit attempt to induce them to breach their duty of loyalty to Posdata and their contractual obligations to Posdata.

56.    Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants knew, or had reason to know of the existence of the obligations and duties of Posdata's employees.

57.    Notwithstanding Defendants' knowledge, Defendants have attempted to and have induced employees of Posdata and former employees of Posdata to breach their obligations.  Unless restrained from doing so, Defendants will continue to attempt to induce Posdata's current and former employees to breach their obligations and to wrongfully interfere with the relations between Posdata and its employees.  Posdata will suffer irreparable injury, for which there is no adequate remedy at law and thus seeks injunctive relief as well as damages from Defendants.

## SEVENTH CAUSE OF ACTION

### (Conversion)

58.    Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 57.

59.    At all times herein mentioned, Plaintiff, had a right of ownership and possession, custody and control of its research and development information for Posdata products and technology, test results for its products and technology, business information, and employee

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1

12

CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

1   information.  Furthermore, at all times herein mentioned Plaintiff was, and still is, the owner of

2   confidential information, trade secrets and technology, including but not limited to the hardware,

3   software, channel cards, boards and other technology related to Posdata's WiMAX technology.

4   Plaintiff's entitlement to the ownership, possession, custody and control of the property described

5   above, at all times herein mentioned was, and still is, an exclusive right, excluding Defendants all

6   other persons, beings and entities.

7        60.    Plaintiff is informed and believes, and thereon avers, that Defendant Kim during

8   his employment with Plaintiff and afterwards, acting in concert with other current and former

9   employees of Plaintiff, did conspire and willfully act to convert Plaintiff's property described

10  above for their own use and benefit and did form and create Defendant Inquadron for the purpose

11  of using Plaintiff's property described above, for their own benefit and to the detriment of

12  Plaintiff.  Such conversion deprived Plaintiff of its exclusive and rightful ownership, custody and

13  control, as well as deprived Plaintiff of its enjoyment of the fruits of the labor and investments

14  made by Plaintiff in researching and developing the confidential, proprietary, trade secret

15  information, and other technology described above.

16       61.    As a proximate result of Defendants' willful action, Plaintiff has lost, and will

17  continue to lose, the right to possess, control, and alienate the property described above to its

18  benefit, as well as Plaintiff's considerable investment of resources in the development of Posdata'

19  confidential information, trade secrets, and its technology, all to Plaintiff's damage, in an amount

20  to be determined according to proof at trial.

21       62.    Between the time of Defendants' actions regarding the above-mentioned property

22  and the filing of this action, Plaintiff has incurred significant time and monetary expense in

23  identifying the nature of this conversion and the resulting damage to Posdata, all to Plaintiff's

24  further damage, in an amount to be determined according to proof at trial.

25       63.    Defendants' averred acts were willful, wanton, malicious, and oppressive, were

26  taken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                                    13                        CASE NO. C 07 2504 RMW
                                                                            FIRST AMENDED COMPLAINT

1   64. Plaintiff has been damaged by Defendants' conversion in an amount to be proven

2 at trial. Plaintiff seeks recovery of its damages and further seeks attorney's fees, pre-judgment

3 interest, costs and any other compensatory and consequential damages to be determined at trial.

4         **EIGHTH CAUSE OF ACTION**

5    **(Unfair Competition, Cal. Bus. & Prof. Code § 17200 and Common Law)**

6   65. Plaintiff alleges and incorporates by reference each and every allegation set forth

7 in paragraphs 1 through 64.

8   66. As set forth above, Defendants misappropriated for purposes of Defendants'

9 personal profit, the valuable confidential information and trade secrets developed and possessed

10 by Posdata for use in its business.

11   67. As set forth above, Defendants intentionally and wrongfully utilized Posdata's

12 confidential information and trade secrets for the purpose of gaining an unfair competitive

13 advantage over Posdata for their own personal benefit and profit.

14   68. As set forth above, Defendants intentionally and wrongfully utilized Posdata's

15 confidential information and trade secrets for the purpose of harming Posdata's business.

16   69. As set forth above, Defendants breached his contractual duties and/or duties of

17 loyalty to Posdata, in order for Defendants to gain an unfair competitive advantage over Posdata

18 and for Defendants' own personal benefit and profit.

19   70. The aforesaid conduct by Defendants was calculated to give Defendants an unfair

20 advantage over Posdata, and resulted in Defendants' engaging in unfair, predatory conduct,

21 adversely impacting Posdata's business, reputation and good will, and the economic value of its

22 services and products.

23   71. Defendants implemented the aforesaid plan by maliciously and intentionally taking

24 these actions, each of which constituted wrongful acts in violation of Section 17200 *et. seq.* of the

25 California Business and Professions Code, and the common law of California.

26   72. The aforesaid wrongful acts by Defendants, with resulting damages to Posdata, are

27 ongoing and certain to continue. Such wrongful acts that Defendants are doing, and will continue

28 to do in the future, will, unless restrained, cause irreparable damage to Posdata.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1       14      CASE NO. C 07 2504 RMW
                      FIRST AMENDED COMPLAINT

1      73.     For such current and future wrongful conduct by Defendants, while certain to

2 inflict serious harm to Posdata, there exists no adequate remedy at law. Pursuant to Cal. Bus. &

3 Prof. Code § 17203, Posdata is therefore further entitled to preliminary and permanent injunctive

4 relief against Defendants to prohibit such certain harm.

5                      **NINTH CAUSE OF ACTION**

6                        **(Unjust Enrichment)**

7      74.     Plaintiff alleges and incorporates by reference each and every allegation set forth

8 in paragraphs 1 through 73.

9      75.     By virtue if Defendants' and their co-conspirators' wrongful acts detailed above,

10 Defendants have been unjustly enriched by retaining Plaintiff's profits, gains, and/or advantages.

11      76.     Plaintiff is entitled to restitution and recovery of the amount Defendants have been

12 unjustly enriched.

13                      **TENTH CAUSE OF ACTION**

14                        **(Constructive Trust)**

15      77.     Plaintiff alleges and incorporates by reference each and every allegation set forth

16 in paragraphs 1 through 76.

17      78.     California Civil Code Section 2224 provides: "One who gains a thing by fraud,

18 accident, mistake, undue influence, the violation of trust, or other wrongful act, is, unless he or

19 she has some other and better right thereto, an involuntary trustee of the thing gained, for the

20 benefit of the person who would otherwise have had it."

21      79.     By virtue of Defendants' and their co-conspirators' wrongful acts detailed above,

22 they hold Plaintiff's profits, gains, and advantages as a constructive trustee for the benefit of

23 Plaintiffs. Defendants also hold Posdata's trade secrets and confidential proprietary information

24 as a constructive trustee for the benefit of Plaintiff.

25                      **DEMAND FOR JURY TRIAL**

26      The Plaintiff hereby requests a trial by jury.

27                            **PRAYER**

28      WHEREFORE, Plaintiff prays for judgment against the Defendants in its favor on each

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

1-SF/7549117.1             15             CASE NO. C 07 2504 RMW
FIRST AMENDED COMPLAINT

1   and every claim for relief set forth above and award it relief including, but not limited to, the

2   following:

3         (a)    Compensatory damages;

4         (b)    Consequential damages;

5         (c)    Statutory damages;

6         (d)    Punitive damages;

7         (e)    An accounting of all revenues and profits received by Defendants as a

8              result of his misconduct;

9         (f)    Costs;

10        (g)    Interest at the legal rate;

11        (h)    Attorney's fees;

12        (i)    Preliminary and permanent injunctive relief enjoining Defendants from

13             disclosing or using Posdata's trade secrets or confidential and proprietary

14             information or further breaching their legal obligation to plaintiff; and

15        (j)    All other relief as the Court may deem just and proper.

16

17  Dated: May 18, 2007                    MORGAN, LEWIS & BOCKIUS LLP
                                           BRENDAN DOLAN
18                                         STEVEN J. GARRETT

19

20                                         By _____

21                                             Brendan Dolan
                                               Attorneys for Plaintiff
22                                             POSDATA CO., LTD.

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7549117.1                             16                    CASE NO. C 07 2504 RMW
                                                                FIRST AMENDED COMPLAINT