BRENDAN DOLAN, State Bar No. 126732
L. JULIUS M. TURMAN, State Bar No. 226126
STEVEN J. GARRETT, State Bar No. 221021
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: email

Attorneys for Plaintiff
POSDATA CO., LTD., a South Korean corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POSDATA CO., LTD., a South Korean corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SEYOUNG KIM, an individual, and INQUADRON, INC., a California corporation,<br><br>　　　　　　　Defendants. | Case No. C 07 2504 RMW<br><br>**NOTICE OF ADMINISTRATIVE MOTION AND MOTION OF PLAINTIFF POSDATA CO., LTD. TO FILE CERTAIN DOCUMENTS UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564409.1

C 07 2504 RMW
ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL

**TO EACH PARTY AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

PLEASE TAKE NOTE THAT pursuant to Local Rule 7-11 and 79-5 of the Northern District of California, Plaintiff Posdata Co., Ltd. ("Plaintiff" or "Posdata") hereby moves for an order to file the following documents under seal: Exhibit 12 of the Declaration of Seokhwan Choi ("Choi Decl."); Exhibit 25 of the Declaration of Song Ae Park ("Park Decl."); and Exhibits 12, 25, and 26 of the Declaration of Ho Tae Han ("Han Decl."). All of these Exhibits were filed in support of Posdata's *Ex Parte* Application for (1) Temporary Restraining Order; (2) Order to Show Cause Why A Preliminary Injunction Should Not Issue; and (3) Order Permitting Expedited Discovery (collectively "Exhibits").

This administrative motion is based upon: the Memorandum of Points and Authorities below; the Declaration of Brendan Dolan in Support of the Application to File Certain Documents Under Seal; the Declarations of Seokhwan Choi, Song Ae Park, and Ho Tae Han in Support of Posdata's *Ex Parte* Application for (1) Temporary Restraining Order; (2) Order to Show Cause Why A Preliminary Injunction Should Not Issue; and (3) Order Permitting Expedited Discovery; the record of this matter filed in this Court; and such other matters as presented to the Court at the hearing on this Application.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff seeks an order from this Court to file under seal exhibit 12 of the Choi Declaration; Exhibit 25 of the Park Declaration; and Exhibits 12, 25, and 26 of the Han Declaration in support of Posdata's *ex parte* applications because these Exhibits contain confidential information and trade secrets. These Exhibits should also be sealed because the parties have agreed, as set forth in their Stipulation Regarding the Use and Dissemination of Confidential Information Produced by the Parties ("Protective Order"), that this type of information should be kept confidential and not disclosed. (Declaration of Brendan Dolan in Support of Posdata's Administrative Motion to File Certain Documents Under Seal ("Dolan Decl.") ¶ 2, Ex. A, ¶¶ 1-2.) The Protective Order was signed by the Honorable Patricia V. Trumbull, United States Magistrate Judge, on June 19, 2007. Plaintiff seeks to file these Exhibits under seal to protect the confidential nature and trade secret value of the information, and in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564409.1                    1                    C 07 2504 RMW
ADMINISTRATIVE MOTION TO FILE CERTAIN
DOCUMENTS UNDER SEAL

1  compliance with the Protective Order.

## ARGUMENT

"Good cause" must be shown to seal judicial records attached to nondispositive motions. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The *Kamakana* court held the release of trade secrets is a compelling reason sufficient to justify sealing court records. *Id.* Posdata requests an order to file under seal Exhibit 12 of the Choi Declaration; Exhibit 25 of the Park Declaration; and Exhibits 12, 25, and 26 of the Han Declaration in support of Posdata's *ex parte* application. Preventing the further dissemination of Posdata's trade secrets constitutes a "good cause" to justify sealing of the Exhibits.

Exhibit 12 to the Declarations of Seokhwan Choi and Ho Tae Han contains a document entitled the "Modular RAS Implementation" showing Posdata's proprietary printed circuit board ("PCB") design and layout for its Digital Channel Card Unit ("DCCU"). (*See* Choi Decl. ¶ 7, Exh. 12; Han Decl. ¶ 24, Exh. 12.) The diagram depicting Posdata's DCCU technology hardware architecture shows that the DCCU contains three FPGA processors, two DSP processors, and six SRAMs. (*Id.*) The diagram also displays the specifications, make and models of components and processors used in the DCCU. (*Id.*) It has taken Posdata three years to research and develop the PCB design and layout for its DCCU. (Han Decl. ¶ 41.) This information is confidential and represents a substantial capital and labor investment of millions of dollars by Posdata in pioneering its mobile WiMAX technology, including the research and development of DCCU's PCB design and layout. (*Id.*) If this information is made available to the public and Posdata's competitors, Posdata's market position will be jeopardized because competitors could skip several tedious and expensive steps in the research and development process by stealing the design and layout of Posdata's DCCU for use in its development of mobile WiMAX technology. (Han Decl. ¶ 39.)

Posdata requests Exhibit 25 to the Declarations of Ho Tae Han and Song Ae Park be filed under seal because exhibit 25 contains a December 22, 2006 Technology Evaluation Report produced by Kim and InQuadron's counsel. (*See* Han Decl. ¶ 36, Exh. 25; Park Decl. ¶ 18, Exh. 25.) The report contains confidential and proprietary information regarding Posdata's

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564409.1                    2                    C 07 2504 RMW
ADMINISTRATIVE MOTION TO FILE
CERTAIN DOCUMENTS UNDER SEAL

DCCU and InQuadron's Modular Channel Card Assembly ("MCCA"), also known as the "Turtle Card." (*Id.*) The report contains test results regarding the performance of Posdata's DCCU, such as data measuring the DCCU's ping delay and hand-off delay. (*Id.*) The report also contains information regarding Posdata's participation in Plugfest testing, which is subject to a confidentiality agreement signed by Posdata and other Plugfest forum participants. (Han Decl. ¶ 42, Exh. 27.) If this information is made available to the public and Posdata's competitors, Posdata's market position will be jeopardized because competitors could skip several tedious and expensive steps in the research and development process by utilizing data regarding the performance of Posdata's DCCU. (Han Decl. ¶ 39.) In addition, this information was produced by Kim and InQuadron's counsel with the understanding that the report contained confidential information. The parties subsequently agreed to the Protective Order that was signed on June 19, 2007. (Dolan Decl. ¶ 2, Exh. A.)

Posdata also requests exhibit 26 to the Han declaration be filed under seal. Exhibit 26 is a document entitled "Rev. 0.4 DCCU Block Diagram" that contains 64 pages of detailed schematic drawings and design plans for Posdata's DCCU. (*Id.*) This document is a blueprint for producing the DCCU that took Posdata three years to develop and required nearly 100 million dollars of capital and labor investment. (Han Decl. ¶ 41.) If the DCCU's detailed schematic drawings and design plans were made public or available to Posdata's competitors, Posdata's market position will be jeopardized because competitors could skip several tedious and expensive steps in the research and development process and competitors could potentially beat Posdata to the mobile WiMAX market. (Han Decl. ¶40.) This information would instantly jumpstart a competitor and would be devastating for Posdata. (Han Decl. ¶39.)

These Exhibits contain confidential and trade secret information regarding Posdata's mobile WiMAX technologies, including the DCCU, processors and components, printed circuit boards, design and layout and hardware and software interface. (Dolan Decl. ¶¶4-6.) Good cause exists to seal these Exhibits because during the past three years Posdata has invested nearly 100 million dollars to develop its mobile WiMAX technology, including its DCCU. (Han Decl. ¶ 41.) If these trade secrets are made public or available to competitors, Posdata will suffer irreparable

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564409.1                        3                    C 07 2504 RMW
ADMINISTRATIVE MOTION TO FILE
CERTAIN DOCUMENTS UNDER SEAL

harm because it will competitors will be able to instantly jumpstart their business. (Han Decl. ¶39.)

## CONCLUSION

For the foregoing reasons, Posdata respectfully requests that the Court enter an order sealing exhibit 12 of the Choi Decl.; exhibit 25 of the Park Decl.; and exhibits 12, 25, and 26 of the Han Decl. in support of Posdata's *ex parte* applications.

Dated: June 21, 2007

MORGAN, LEWIS & BOCKIUS LLP
BRENDAN DOLAN
L. JULIUS M. TURMAN
STEVEN J. GARRETT

By _____
Brendan Dolan
Attorneys for Plaintiff
POSDATA CO., LTD., a South Korean corporation

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564409.1

4

C 07 2504 RMW
ADMINISTRATIVE MOTION TO FILE
CERTAIN DOCUMENTS UNDER SEAL