BRENDAN DOLAN, State Bar No. 126732
L. JULIUS M. TURMAN, State Bar No. 226126
STEVEN J. GARRETT, State Bar No. 221021
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: bdolan@morganlewis.com

Attorneys for Plaintiff
POSDATA CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POSDATA CO., LTD., a South Korean corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEYOUNG KIM, an individual and INQUADRON, INC., a California corporation,<br><br>Defendants. | Case No. C 07 2504 RMW<br><br>**DECLARATION OF BRENDAN DOLAN IN SUPPORT OF POSDATA'S ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL** |

I, Brendan Dolan, declare under the penalty of perjury:

1. I am an attorney at law licensed to practice in the State of California and am a partner with the law firm of Morgan, Lewis & Bockius LLP ("Morgan"). I am also the attorney of record for Posdata Co., Ltd. ("Plaintiff" or "Posdata") in the above-referenced matter. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to the following facts.

2. The parties agreed to a Stipulation Regarding the Use and Dissemination of Confidential Information Produced by the Parties, which the Court signed on June 19, 2007. A true and correct copy of the Protective Order is attached hereto as Exhibit A.

3. Exhibit 12 of the Declaration of Seokhwan Choi; exhibit 25 of the Declaration of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564899.1

C 07 2504 RMW
DOLAN DECLARATION ISO
POSDATA'S ADMINISTRATIVE MOTION

Song Ae Park; and exhibits 12, 25, and 26 of the Declaration of Ho Tae Han, all in Support of Posdata's *Ex Parte* Application for (1) Temporary Restraining Order; (2) Order to Show Cause Why A Preliminary Injunction Should Not Issue; and (3) Order Permitting Expedited Discovery (hereinafter "*Ex Parte* Application"), contain confidential and/or trade secret information regarding Posdata's mobile WiMAX technologies, channel cards, processors and components, printed circuit boards, design and layout and hardware and software interface. The exhibits are all designated as confidential under the terms of the Protective Order and are thus sought to be filed under seal.

4. Attached as exhibit 12 to the Declaration of Seokhwan Choi in Support of Posdata's *Ex Parte* Application is confidential and proprietary information and trade secrets of Posdata and is designated as confidential under the terms of the Protective Order and is thus sought to be filed under seal. Exhibit 12 contains confidential information and trade secrets about Posdata's proprietary printed circuit board ("PCB") design and layout. Exhibit 12 also contains a diagram depicting Posdata's Digital Channel Card Unit ("DCCU") technology hardware architecture and the specifications, make and models of components and processors used by the DCCU. This exhibit contains confidential and sensitive information regarding Posdata's DCCU that would cause Posdata great prejudice and competitive harm if the information was made public because Posdata's competitors could gain valuable insight into Posdata's development and design of its DCCU.

5. Attached as exhibit 25 to the Declaration of Song Ae Park and as exhibit 25 of the Declaration of Ho Tae Han, both in Support of Posdata's *Ex Parte* Application which contains a December 22, 2006 Technology Evaluation Report produced by Kim and InQuadron's counsel that contains confidential and proprietary information regarding Posdata's DCCU and InQuadron's Modular Channel Card Assembly ("MCCA"), also known as the "Turtle Card." This information was produced by Kim and InQuadron's counsel with the understanding that it would be subject to the Protective Order. Disclosure of this information to the public would violate the Protective Order and would be prejudicial to both Posdata and InQuadron because it reveals confidential and proprietary information which Posdata contends it owns. Because the

1 document is subject to the Protective Order, it is sought to be filed under seal.

2      6.    Attached as Exhibit 26 to the Declaration of Ho Tae Han in Support of Posdata's *Ex Parte* Application which contains 64 pages of schematic drawings and design plans for Posdata's DCCU. This document contains confidential and sensitive information regarding Posdata's DCCU. If these trade secrets were made public, the effect would be devastating to Posdata's business because Posdata's competitors could gain valuable insight into Posdata's development and design of its DCCU and related mobile WiMAX technology. The document is confidential under the terms of the parties' Protective Order and it is thus sought to be filed under seal.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

Executed on June 21, 2007

_____
BRENDAN DOLAN

# EXHIBIT A

```
 1  BRENDAN DOLAN, State Bar No. 126732
    L. JULIUS M. TURMAN, State Bar No. 226126
 2  STEVEN J. GARRETT, State Bar No. 221021
    MORGAN, LEWIS & BOCKIUS LLP
 3  One Market, Spear Street Tower
    San Francisco, CA 94105-1126
 4  Tel: 415.442.1000
    Fax: 415.442.1001
 5  E-mail: bdolan@morganlewis.com

 6  Attorneys for Plaintiff
    POSDATA CO., LTD.
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| POSDATA CO., LTD., a South Korean corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEYOUNG KIM, an individual and INQUADRON, INC., a California corporation,<br><br>Defendants. | Case No. C 07 2504 RMW<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION PRODUCED BY THE PARTIES** AS MODIFIED BY THE COURT |
|---|---|

Plaintiff Posdata Co., LTD, ("Posdata"), Defendant Seyoung Kim ("Kim"), and Defendant InQuadron, Inc. ("InQuadron") (collectively, the "Stipulating Parties"), through their respective counsel, hereby agree and stipulate to the following:

1.  In connection with this litigation, the Stipulating Parties have sought and/or may seek or inquire about or use certain documents, written discovery responses, deposition testimony and other information, including, but not limited to, private, confidential and/or trade secret information regarding mobile WiMAX technologies, channel cards, processors and components, printed circuit boards, design and layout and hardware and software interface. The parties may also seek information regarding product testing and comparisons, prototypes that have been invented, developed, manufactured, marketed or sold by Posdata, Kim or InQuadron, or financial, business or personnel information concerning Posdata or InQuadron (all such information is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564932.1                    1                    STIPULATION AND
                                                       [PROPOSED] PROTECTIVE ORDER
                                                       CASE NO. C 07 2504 RMW

1 hereafter referred to as "Confidential Information").

2. The Stipulating Parties desire to protect the confidentiality, use and dissemination of such Confidential Information, which has been or may be sought by, produced to or used by one or more of the Stipulating Parties and/or inquired about by the Stipulating Parties at deposition.

**IT IS THEREFORE STIPULATED** between Posdata, Kim and InQuadron, by and through their respective undersigned attorneys of record, that the Court may enter the following order, which shall pertain to: (1) any documents, materials, discovery responses or other information (collectively, "Documents") which a Stipulating Party designates as Confidential Information and agree to produce, that is produced pursuant to order of the Court, or is used in connection with this litigation; and (2) the testimony of any deponent which any of the Stipulating Parties designates as Confidential Information as set forth in Paragraph F below:

A. With respect to Documents which the disclosing Stipulating Party reasonably believes contain Confidential Information, the disclosing Stipulating Party shall either stamp such documents "CONFIDENTIAL" before the time of production or filing with the Court or when photocopied and delivered, or designate categories of documents in container(s) marked "CONFIDENTIAL" and provide a description of the designated categories of documents in the container(s). Such Documents will also bear a Bates stamp number, or some other mutually agreeable identifying number.

After production of the documents, if requested by one of the parties, the parties shall meet and confer on the extent to which the documents marked "CONFIDENTIAL" are in fact entitled to the protections provided by this Stipulation. As to all documents or testimony designated Confidential, they shall be entitled to the protections set forth in this Stipulation. To the extent the parties do not agree that documents or testimony are properly designated Confidential, those documents shall be considered to be "Asserted Confidential Information." This Asserted Confidential Information shall be entitled to the protections set forth in this Stipulation, unless the parties agree to remove that designation or the Court so orders.

B.  All Documents produced by the Stipulating Parties during discovery, documents filed with the Court and deposition testimony and transcripts thereof, which contain Confidential Information, shall be used by the Stipulating Parties and their attorneys of record only for the purposes of this litigation.

C.  Confidential Information produced by the Stipulating Parties pursuant to this Stipulation or filed with the Court, and deposition testimony and transcripts thereof, containing Confidential Information, may be disclosed or made available by the Stipulating Parties' attorneys of record only to the Court (including courtroom personnel and jurors), court reporters, deposition videographers, translators, or to the following "Qualified Persons":

(i)  The Stipulating Parties and their attorneys engaged in the litigation or trial of this action or any appeal therein, and to the Stipulating Parties' attorneys' employees who are actually involved in the litigation or trial of this action or any appeal therein;

(ii)  The author or creator of a document or thing designated as Confidential Information, the original source of the information contained in it, any persons listed as addressees or as having been copied or blind copied, and any persons whom other documents reasonably identity as authors or recipients;

(iii)  Experts or consultants (together with their clerical staff) retained by the Stipulating Parties to assist in the preparation, trial, appeal or settlement of this action;

(iv)  In-house legal staff, officers, directors or employees of any party (party's personnel) to this action, necessary for the preparation of this case, provided that the confidential information to be disclosed a specific member of the party's personnel is of the subject, type and nature of information which would normally be the disclosed to the specific member personnel in the course and scope of their duties with the party;

(v)  Any court-appointed expert witnesses;

(vi)  Any private mediator designated by the Stipulating Parties;

(vii)  Any persons or entities that provide litigation support services, including without limitation photocopying, organizing or storing or retrieving data, or graphics or trial consultants, including their employees;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564932.1                   -3-                   STIPULATION AND
                                                       [PROPOSED] PROTECTIVE ORDER
                                                       Case No. C 07 2504 RMW

1   (viii)   Any other persons to whom the Stipulating Parties agree in writing; and

2   (ix)   Any other persons to whom the Court orders disclosure of any Confidential Information.

D.   Each Qualified Person referred to in paragraphs C(iii)-(vi) and (viii)-(ix) to whom access to Confidential Information is permitted and/or disclosure of the Confidential Information is made shall not have access to Confidential Information or material contained therein until that person has certified that he/she has read this Stipulation and has manifested that person's assent to be bound thereby by signing a copy of the Written Assurance of Confidentiality attached hereto as Exhibit A ("Written Assurance"). In the case of a Qualified Person referred to in paragraph C(vii), either the person receiving the disclosure or an authorized representative of such service or vendor shall sign the Written Assurance. Once a Qualified Person has executed such a Written Assurance, it shall not be necessary for that person to sign a separate Written Assurance each time that person is subsequently given access to Confidential Information. Each Written Assurance executed by a Qualified Person referred to in paragraphs C(ii)-(vii) above, except a Written Assurance executed by a consultant who is not yet designated an expert, shall be served upon all Stipulating Parties herein within five (5) business days of execution by the Qualified Person. In the case of a consultant who is not yet a designated expert, the Stipulating Parties shall notify opposing counsel that a consultant has executed a Written Assurance. The Stipulating Parties shall not have to reveal the identity of such consultants, however, except as provided in FRCivP 26(A)(2) AND (b)(4)(B) pertaining to disclosure of expert witness information. However, at such time as disclosure of expert is required under Rule 26, a copy of the expert/consultant's executed Written Assurance shall be produced. At the time of the termination of this lawsuit by settlement, judgment or exhaustion of appeals (if any), the Stipulating Parties' attorneys of record shall provide all other Stipulating Parties' attorneys of record with copies of each executed Written Assurance not previously served.

E.   To the extent the Stipulating Parties' attorneys, experts, consultants, or any witnesses or potential witnesses prepare summaries of "CONFIDENTIAL" materials, or cause

such summaries to be prepared, such summaries shall be subject to the terms of this Stipulation and Order.

F.  If Confidential Information is disclosed at a deposition, only those persons may be present who are authorized by the terms of this Stipulation and Order to have access to such material. Any testimony of a deponent which any Stipulating Party deems confidential shall be transcribed and bound separately and marked by the reporter in accordance with Paragraph A above. The use and dissemination of such testimony by the Stipulating Parties or their attorneys of record shall be subject to the terms set forth in this Stipulation.

G.  Any court hearing which refers to or describes Confidential Information may, in the Court's discretion, be held in camera.

H.  If a Stipulating Party in possession of Confidential Information designated as "CONFIDENTIAL" receives a subpoena from a non-party to this Stipulation and Order which seeks production or other disclosure of Confidential Information, that Stipulating Party shall immediately give written notice to counsel to the Party who designated the Confidential Information as "CONFIDENTIAL" stating the Confidential Information sought and enclosing a copy of the subpoena. Where possible, at least ten (10) days' notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephonic notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the Party to whom such notice has been given at least three (3) business (*i.e.*, non-holiday, weekdays) days to take appropriate action, including seeking judicial relief.

I.  This Stipulation and Order shall not preclude a Stipulating Party from requesting by motion the entry of a protective order prohibiting disclosure of certain Confidential Information to the Stipulating Parties themselves, including their employees or officers. Any such motion shall be subject to the requirements of Federal Rule of Civil Procedure 26(c) and Northern District Civil Local Rule 37-1. The Confidential Information that is proposed to be subject to any motion for protective order under this Section I shall be produced informally to counsel of record for the other Stipulating Party or Parties during the period for the conference required by Local Rule 37-1. Documents and data produced informally hereunder shall be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564932.1                    -5-                    STIPULATION AND
                                                         [PROPOSED] PROTECTIVE ORDER
                                                         Case No. C 07 2504 RMW

designated as "Attorneys Eyes Only" on each page of the documents or similar notation on the data. Counsel of record receiving Confidential Information produced informally under this Section I shall not disclose it to the Stipulating Parties themselves, or to their employees or officers or to any third party or entity that is not one of the "Qualified Persons" referred to in paragraphs C(iii)-(vi) and (viii)-(ix), except as may be permitted by agreement of the Parties or order of the Court. No party may withhold or delay disclosure of non-privileged documents or information responsive to discovery requests or disclosure obligations in this action based on the procedures set forth in this Section I.

J.  In any applications and motions to the Court, certain materials designated as CONFIDENTIAL, including Confidential Information that has been produced "Subject to a Protective Order," may be lodged, subject to in camera review or (if so ordered) filed with the Court in a sealed envelope or container on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL—SUBMITTED UNDER SEAL" and a statement substantially as follows:

> **THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A STIPULATED PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

The submission shall be subject to the requirements of Northern District Civil Local Rule 79-5.

K.  This Stipulated Protective Order shall survive termination of this action. Upon final termination of the action, including appeals and retrials, and at the written request of any Stipulating Party, any material produced or served by that party and designated as Confidential Information or Attorneys' Eyes Only information shall be returned to counsel for the disclosing Stipulating Party or, if such party is not represented by counsel, directly to the Stipulating Party. Such materials shall either be returned at the expense of the Designating Party or, at the option and expense of the Stipulating Party, destroyed. Upon request for the return or destruction of designated materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the disclosing Stipulating Party not more than 90 days after the written request to return or destroy designated materials. Notwithstanding the provisions

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564932.1                    -6-                    STIPULATION AND
                                                         [PROPOSED] PROTECTIVE ORDER
                                                         Case No. C 07 2504 RMW

1  for return or destruction of designated material, outside counsel of record may retain archival
2  copies, in paper and/or electronic media, of pleadings, attorney and consultant work product,
3  databases, deposition transcripts and exhibits containing designated material.   PVT

4  ~~L.   After the date of this Stipulation, if a Stipulating Party through inadvertence~~
5  ~~produces or provides discovery of any Confidential Information without designating it as such in~~
6  ~~accordance with this Stipulation and Order, the disclosing Stipulating Party may give written~~
7  ~~notice to the other Stipulating Parties that have received the Confidential Information that the~~
8  ~~document(s), information, response, testimony, or other discovery are Confidential Information~~
9  ~~and should be treated as confidential in accordance with the provisions of this Stipulation. The~~
10 ~~Stipulating Parties that have received~~ the ~~materials must treat the materials as confidential from~~
11 ~~the date such notice is received. The inadvertent disclosure of any confidential document or~~
12 ~~information shall not be deemed a waiver of confidentiality as to any other document in which~~
13 ~~such information may be contained.~~

14  M.   The terms and provisions of this Stipulation are subject to modification, extension
15 or limitation only as may be hereafter expressly agreed to in writing by the Stipulating Parties or
16 by order of this Court. Each of the Stipulating Parties reserves all rights to apply to the Court for
17 an order modifying this Stipulation or seeking further protection or disclosure regarding the
18 subject matter of this Stipulation.

19  N.   The Stipulating Parties shall not file with the Court any deposition transcript or
20 Document containing or otherwise disclosing Confidential Information unless the party seeking to
21 file the confidential document: (1) files a motion to seal, pursuant to Local Court Rules 7-11 and
22 79-5 of the Northern District of California and that said motion to seal shall be filed at the same
23 time as or before the motion for which the confidential document is sought to be used; and (2)
24 attempts to ensure that the confidential document is protected until the court resolves the motion
25 to seal, by attempting to lodge the confidential document with the court rather than filing it with
26 the court clerk.

27  O.   This Stipulation is intended to provide a mechanism for the Stipulating Parties to
28 handle Confidential Information to which there is no objection to disclosure or production other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564932.1                          -7-                      STIPULATION AND
                                                                 [PROPOSED] PROTECTIVE ORDER
                                                                 Case No. C 07 2504 RMW

1 than confidentiality. Any Third Party who is subpoenaed or otherwise compelled to participate in this case shall have the right to elect to have the terms of the Stipulated Protective Order and its protections apply to it and the Confidential Information to which is sought from the Third Party.

P. If a Stipulating Party wishes to designate as "CONFIDENTIAL" materials produced by someone other than that Stipulating Party, such designation shall be made: (a) within fourteen days (14) from the date that the Stipulating Party receives copies of the materials from the producing or disclosing entity; and (b) by notice to all other parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail. Upon notice of such designation, all other parties receiving notice of the requested designation of materials shall: make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Protective Order; take reasonable steps to notify any persons to whom the other parties may have disclosed Designated Materials of the effect of such designation under this Stipulated Protective Order; and take reasonable steps to reclaim from or prevent access by others to whom the other parties may have disclosed Designated Material or information and who are not permitted to have access under the terms of this Stipulated Protective Order.

Q. The Stipulating Parties agree that in the event the Court does not execute this Stipulation and Order for any reason whatsoever, this document shall nevertheless constitute a binding stipulation between them and shall remain in full force and effect. Each of the Stipulating Parties agrees to cooperate fully in obtaining the Court's approval and execution of this Stipulation.

R. This Stipulation and Order shall not preclude disclosure of Confidential Information to the Court having jurisdiction over the action, including the trier of fact at the time of trial. This Stipulation shall not preclude or affect the offering or receipt of evidence at trial. The parties reserve all rights to apply to the Court for protection with respect to the confidentiality of testimony or other evidence at trial.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564932.1                    -8-                    STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
Case No. C 07 2504 RMW

S.    Neither the taking of any action in accordance with the provisions of this Stipulation and Order, nor the failure to object thereto, shall be construed as a waiver of any claim defense, or objection. The entry of this Stipulation and Order shall not be construed as a waiver of the right to object to the furnishing of information or documents in response to discovery and the Stipulating Parties expressly reserve their right to withhold information or documents on the basis of such objections.

T.    The Stipulating Parties, and any other person subject to the terms of this Stipulation and Order, agree that after this Action is terminated, this Court shall have and retain jurisdiction over him, her, or it for the purpose of enforcing this Stipulation and Order.

U.    In the event of any dispute over the terms of this Stipulation and Order, the Parties stipulate and agree that no part of this Stipulation and Order shall be construed against any Stipulating Party on the basis of authorship.

V.    Official Court employees are not bound by the terms of this Stipulation except to the extent of normal court procedures and applicable laws for documents filed under seal.

**IT IS SO STIPULATED.**

Dated: June 18, 2007

MORGAN, LEWIS & BOCKIUS LLP

By    /s/
Brendan Dolan
Attorneys for Plaintiff POSDATA CO., LTD.

Dated: June 18, 2007

SQUIRE, SANDERS & DEMPSEY LLP

By    /s/
David S. Elkins
Attorneys for Defendants SEYOUNG KIM and INQUADRON, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: June 19, 2007

PATRICIA V. TRUMBULL
UNITED STATES MAGISTRATE JUDGE

1-SF/7564932.1     -9-     STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. C 07 2504 RMW

## Exhibit A

### Written Assurances

I, the undersigned, hereby certify that I have read the attached Stipulated Protective Order entered in the United States District Court for the Northern District of California, entitled <u>Posdata, Co. LTD. v. Seyoung Kim, et al</u>., Case No. 07-2504 RMW. I understand the terms of this Stipulated Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including any proceedings related to contempt of Court. I will use Designated Material marked "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" only in the trial and preparation for trial of this action and will not disclose any such Designated Material to anyone other than persons specially authorized by the Order and agree to return all such Designated Material which come into my possession to counsel from whom I received such Designated Material.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:_____

Company or Firm:_____

Address:_____

Telephone No.:_____

Relationship to this action and its parties: _____

_____

_____

Dated:_____          _____
                                                   Signature

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7564932.1                    -10-                    STIPULATION AND
                                                          [PROPOSED] PROTECTIVE ORDER
                                                          Case No. C 07 2504 RMW