1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10          SAN JOSE DIVISION

11   POSDATA CO., LTD., a South Korean          Case No. C 07 2504 RMW (PVT)
     corporation,
12                                              **[PROPOSED] JUDGMENT**
                    Plaintiff,
13
14          vs.

15   SEYOUNG KIM, an individual and
     INQUADRON, INC., a California
16   corporation,

17                  Defendants.

18          WHEREAS, Plaintiff Posdata Co., Ltd. ("Plaintiff" or "Posdata") contends that Defendant

19   Seyoung Kim ("Kim") and other former and current employees of Posdata, acting in concert with

20   or in participation with Defendant Kim for the purpose of creating, forming and operating

21   Defendant InQuadron, Inc. ("InQuadron"), have engaged in unlawful conduct related to Posdata's

22   trade secrets, proprietary information, confidential information, intellectual property, tangible

23   property, and Posdata property;

24          WHEREAS, Plaintiff on May 10, 2007, filed and served a Complaint for Monetary

25   Damages and Injunctive Relief against Defendants Seyoung Kim ("Kim") and InQuadron, Inc.,

26   alleging nine causes of action against Defendants, including: (1) Misappropriation of Trade

27   Secrets; (2) Interference with Prospective Economic Advantage; (3) Interference with Existing

28   Economic Relations; (4) Breach of Contract; (5) Breach of Duty of Loyalty; (6) Interference with

1  Contract; (7) Unfair Competition, Cal. Bus. & Prof. Code § 17200 and Common Law; (8) Unjust

2  Enrichment; and (9) Constructive Trust;

3      WHEREAS, Plaintiff filed and served a First Amended Complaint on May 18, 2007,

4  adding a cause of action for Conversion;

5      WHEREAS, Plaintiff filed an Ex Parte Application for Temporary Restraining Order for

6  Order to Show Cause Why a Preliminary Injunction Should Not Issue and Order permitting

7  Expedited Discovery ("Ex Parte Application for TRO") on June 21, 2007;

8      WHEREAS, the Honorable Ronald M. Whyte of the United states District Court for the

9  Northern District of California, heard Plaintiff's Ex Parte Application for TRO on June 26, 2007,

10  and granted a temporary restraining order against Defendants Kim and InQuadron on June 27,

11  2007;

12      WHEREAS, the Parties attended an Early Settlement Conference with the Honorable

13  Patricia Trumbull of the United States District Court for the Northern District of California on

14  August 3, 2007;

15      WHEREAS, Plaintiff and Defendants have agreed to a consent decree, including a

16  permanent injunction against Kim and InQuadron and all those acting in concert or participation

17  with any of them and a monetary remedy in the event of a violation of the injunction to alleviate

18  the need for further litigation of this matter; and

19      WHEREAS, based on the parties' agreement, the Court enters judgment as follows:

20      1.    Defendants Seyoung Kim, InQuadron, Inc., and all those acting in concert or

21  participation with them and having knowledge of this Consent Decree, including but not limited

22  to their agents, representatives, partners, employees and attorneys, are enjoined and restrained

23  from engaging in or performing any of the following acts:

24          a.    Using for any research and development purposes:  copies or versions of

25  the Digital Channel Card Unit ("DCCU") for the Pico RAS base station; the Modular Channel

26  Card Assembly ("MCCA") file for the Turtle Card base station; Posdata's MAC and PHY source

27  code, printed circuit board ("PCB") design and layout, prototypes of the DCCU or MCCA or

28  Turtle Card and/or Pico RAS base stations; the "Modular RAS Implementation" file, the "Rev.

JUDGMENT
C-07-2504-RMW (PVT)

1  O.4 DCCU Block Diagram" file, test methods, comparison data, Plugfest Reports, results of the

2  trial runs from NTT DoCoMo, and interoperability test data pertaining to Posdata's RAS, GCT

3  mobile station chip or any WiMAX technology; notes, files and diagrams that depict, reveal, or

4  demonstrate how the processors and components used by Posdata, Posdata's PCB design and

5  layout, and Posdata's software and source code create an architecture for interface between

6  hardware and software that was acquired as a result of Defendant Kim's or any other person's

7  employment or association with Posdata;

8           b.       Using for any research or development purposes or any commercial

9  purposes:  any and all notes, files, data, correspondence, reports, designs, diagrams, test results,

10  materials, documents, prototypes of the DCCU, MCCA, Pico RAS or the Turtle Card, and any

11  promotional/development/marketing materials that pertain to the property identified in paragraph

12  1.a. above; and

13          c.       Disclosing, copying or transmitting any information, documents or other

14  property identified in paragraphs 1.a and 1.b above (collectively, "Protected Property").

15          d.       Directly or indirectly soliciting, orally or in writing, or otherwise

16  encouraging the departure, resignation or other termination of employment, of any of Plaintiff's

17  employees, independent contractors or consultants (collectively, "Solicited Personnel") for the

18  purpose of (i) working for Defendants or any entity that Defendants may own, be involved in, or

19  affiliated with, that is within the WiMAX technology industry, and (ii) having the Solicited

20  Personnel utilize, disclose, or share any of the Protected Property with Defendants or any entity

21  that Defendants may own, be involved in, or affiliated with.

22          e.       Directly or indirectly soliciting, orally or in writing, or otherwise

23  encouraging Solicited Personnel to disclose, copy or transmit any Protected Property.

24      2.       Defendants explicitly agree that within five (5) business days of the approval and

25  entry of this Consent Decree by the Court, Defendants shall deliver to the attorneys of record of

26  Posdata all notes, files, data, correspondence, reports, test results, materials, documents,

27  prototypes, and any promotional, or marketing materials that pertain to or constitute the Protected

28  Property.

JUDGMENT
C-07-2504-RMW (PVT)

1    3.    If within two (2) years following the effective date of this Stipulated Consent

2    Decree, Defendants plan to market, promote, commercialize, manufacture, transfer intellectual

3    property, or sell any products for the WiMax industry ("InQuadron WiMax Product"), PosData

4    shall receive no less than 120 days' faxed and e-mailed written notice thereof to Plaintiff's

5    counsel of record or such other designee as Plaintiff may later designate in writing.  At its option

6    and expense, PosData shall be afforded the opportunity to have the InQuadron WiMax Product

7    examined by a neutral forensic expert ("Expert") to determine whether the InQuadron WiMax

8    Product was designed or manufactured in violation of the terms of this Consent Decree.

9        a.    PosData shall exercise the examination option provided by this paragraph 3

10    in a writing faxed and e-mailed to Defendants' counsel or such other designee as Posdata  may

11    later designate in writing.

12        b.    The Expert shall be agreed on by Posdata and Defendants within 15

13    (fifteen) calendar days of Defendants' receipt of PosData's notice provided under paragraph 4a.

14    In the event that Posdata and Defendants cannot agree on the Expert, Posdata and Defendants

15    shall each nominate a person of sufficient technical ability to perform the examination provided

16    in this paragraph 4, and those persons will select the Expert.  The Expert shall agree to be bound

17    by a non-disclosure agreement acceptable to counsel for Defendants (acceptance of which shall

18    not be unreasonably withheld).

19        c.    Defendants shall provide the Expert with prompt access to the InQuadron

20    WiMax product, and will make Defendants' personnel reasonably available to meet with the

21    Expert to answer any questions or to provide information that the Expert reasonably determines

22    would aid his or her examination.  In the event that the Expert deems it reasonably necessary, he

23    or she may request that Defendants provide technical plans, drawings, specifications or other

24    information that would tend to establish development of a particular component or system

25    independent of the Posdata Protected Property.

26        d.    The Expert shall complete his or her examination within 30 (thirty)

27    calendar days from first access to the InQuadron WiMax Product.  (In the event the Expert cannot

28    complete his or her examination within the 30-day period, he or she shall provide written notice

JUDGMENT
C-07-2504-RMW (PVT)

1   to counsel for Plaintiff and Defendants of that fact and set forth the new completion date.).  At the

2   end of the examination period, the Expert shall render a written draft report to the parties' counsel

3   or other authorized designees advising whether, in the Expert's opinion, the InQuadron WiMax

4   Product was designed or manufactured in violation of the terms of this Consent Decree.

5           e.      Plaintiff and Defendants may submit written comments in response to the

6   Expert's written draft report within seven calendar days of their receipt of the report.

7           f.      After due consideration of any written comments submitted by the parties

8   as provided in paragraph 3e, the Expert shall then render his or her final report written draft report

9   to the parties' counsel or other authorized designees.  The final report shall advise whether, in the

10  Expert's opinion, the InQuadron WiMax Product was designed or manufactured in violation of

11  the terms of this Consent Decree.  The Expert's final draft report shall be binding on Plaintiff and

12  Defendants and is not subject to appeal to the Court.

13          4.      The permanent injunction above is effective upon the Court's approval and entry,

14  and shall continue in effect permanently, or until such other date as this Court may order in the

15  future.

16          5.      In the event that Defendants Seyoung Kim, InQuadron, Inc., or any person or

17  entity acting in concert or participation with either of them and having knowledge of this

18  Judgment, including but not limited to their agents, representatives, partners, employees and

19  attorneys, breaches paragraphs 1, 2 or 3 of this Judgment above, then Plaintiff is entitled to an

20  award of damages, pursuant to this paragraph 6.

21          a.      Plaintiff shall file a regularly noticed motion with this Court to enforce

22  paragraphs 1, 2 or 3 of this Judgment.

23          b.      If Plaintiff proves by clear and convincing evidence that Defendant

24  Seyoung Kim, InQuadron, Inc., or those acting in concert or participation with either of them, has

25  breached paragraph 1, 2 or 3 above, then the Court shall award damages to Plaintiff, and jointly

26  and severally against Defendants, for the total sum of Seven Hundred Fifty Thousand United

27  States Dollars ($750,000.00), plus its reasonable attorneys' fees and costs in connection with the

28  motion, including expert costs.  This amount represents a negotiated compromise agreed upon by

JUDGMENT
C-07-2504-RMW (PVT)

the parties as part of their overall settlement of the Action, taking into account all the information known to them at the time of their settlement.

6.      Defendants waive any rights they have for a stay of execution, for requesting or having a new trial or any right they may have to request or to have an appeal from judgment entered as a result of this Consent Decree.

7.      Each party is to bear its own costs, expenses and attorneys' fees with respect to this action, except as expressly provided herein.

8.      This Court shall retain jurisdiction over the parties and over the subject matter herein for the purposes of enforcing this Judgment and the parties' settlement, including the determination of whether Defendants, or anyone acting with or on their behalf, violated any term of the Judgment.

9.      Except as to any obligation created by this Judgment, Posdata, InQuadron and Kim, including their respective employees, shareholders, officers, directors, agents, representatives, licensees, successors, predecessors, affiliates, parent corporations, subsidiaries and affiliated corporations, are deemed to have hereby irrevocably and unconditionally released, waived and forever discharged any other party to this action and any of that party's successors, from any and all claims, contracts, agreements, debts, obligations, promises, covenants, endorsements, bonds, controversies, suits, actions, causes of action, judgments, damages, expenses, demands and liabilities of any nature whatsoever (collectively referred to as "Claims"), which they ever had, now have, or which may arise in the future, regarding any matter arising on or before the effective date of this Consent Decree, including any Claims (whether known or unknown), any contract (express or implied), any claim for equitable relief or recovery of punitive, compensatory, or other damages or monies, attorneys' fees, any tort, and including but not limited to any and all claims for alleged trade secrets misappropriation, unfair competition, interference with prospective economic advantage, interference with existing economic relations, breach of contract, breach of duty of loyalty, interference with contract, unfair business

///

///

JUDGMENT
C-07-2504-RMW (PVT)

1  competition under California Business and Professions Code section 17200 and common law,

2  unjust enrichment and constructive trust.

3       PURSUANT TO THE PARTIES' SETTLEMENT, IT IS SO ORDERED AND

4  ADJUDGED.

5  Dated: _____        _____

6                                    UNITED STATES DISTRICT JUDGE