# EXHIBIT B

**Posdata v. Kim**
**Case No. C 07-2504 RMW**
<u>**Settlement Conference, August 3, 2007**</u>

**Dolan:** And technically you can be able to do whatever _____ for the purposes of getting discussion 1 ___ and ____ A-C_____.

**Elkins:** I don't think that will be any problem.

**Judge:** So let's reiterate that we are now putting the settlement or proposed settlement, it's not yet finalized on the record, and the first three points are taken from Judge Whytes injunction order to hear the restraining order, which is why, the order itself paragraphs 1-A, B and C, is that right?

**Dolan:** Yes, Your Honor.

**Judge:** And then the second point after those, would you reiterate that for the record?

**Dolan:** It would be a separate D paragraph 1, which will concern a prohibition on solicitation on PosData employees, typical to the defendants. And we just felt basically, while we are off the record for a minute, I think we're, we believe we can work out the terms of this, were drafting the main bridge. I really like . . .

**Elkins:** Correct me if I am wrong, but the language of 1-D, would mirror the language of 1-A, and 1-B exception will apply to the non-solicitation of PosData employees. And so it would include the same limitation as 1-A and 1-B.

**Judge:** Is that fair?

**Elkins/Dolan:** Yes.

**Dolan:** And then the, the next paragraph of the consent would be, the next paragraph of the consent decree the return of documents and data, and it would be similar in form to the first full paragraph on page 2 of the secondary order, which was provided to Mr. Elkins by me on I believe August, provided previously, whatever the time that complaint was filed in the case.

**Judge:** Using, possessing, duplicating, copying.

**Dolan:** Returning;

**Judge:** I don't see that, number 1 on page 6?

**Dolan:** No, the page is, the first full paragraph on page 2 of a document entitled Stipulated Order, which was prepared indirectly and provided to Mr. Elkins sometime in, I think in May.

**Judge:** Okay.

**Dolan:** The next term of the consent order would be, the consent judgment would be a provision for some form of forensic review of future products, prototypes or developments on _____ Dr. Kim, with such provision being similar in form, but not identical to the last paragraph on page 2 of the aforementioned document, previously sent to Mr. Elkins. In most notable respect, it would be for a 5 year period rather than a 2 year period. I am sorry, for a 2 year period rather then a 5 year period. The ...

**Elkins:** If I may add, the forensic review would be performed by an expert, a forensic expert, or a technical expert with some experience in the field who would be mutually agreed to by the parties.

**Dolan:** The expert is under the consent judgment would be a provision by which the defendants would make available to PosData the ability to review the documents taken from the hard drives of Inquadron employees, agents and others affiliated with the company, and the email of those same persons. The next provision would be a mutual non-disparagement provision and a, some kind of an agreed statement, were going to disposition at the litigation. And ...

**Elkins:** The agreed statement would be the only statement capable of being made by either side regarding this litigation.

**Dolan:** Pending the finalization of the agreed statement the parties have agreed that except for informing their principals, in case of Mr. Hahn, the folks as his headquarters was in Korea. Accept for informing the principals of the parties will not, reveal anything regarding the settlement or proposed settlement until the time at which the agreed statement is agreed to be agreed upon. The known provision, the parties have agreed that PosData may propound, take a deposition, a 30(b)(6) deposition by written questions, of Inquadron and that's one of the two contingencies to completion, that is one of the two of the contingencies on the finalization of the settlement, two or three contingencies. Parties have also agreed that they enter, in addition to a consent judgment, a written settlement agreement. There were contingencies appropriate release of claims. The, one of the contingencies that was, has been identified is that in the event that the criminal prosecutions in Korea result in an acquittal, or a judgment that a minor crime or misdemeanor has been committed and in the event thereafter that Mr, or Dr. Kim and Mr. Troy seek to have the charges against them dismissed in Korea, they will, PosData will not object of their effort to do so. That is a contingency upon which Mr. Han is going to have to consult with his principals to determine if that term is acceptable to them.

**Elkins:** I believe ___ that request

**Dolan:** We have agreed that as part of this whole settlement in terms of the dates, we have agreed on the, on the probing or injunction motion and that the terms of the settlement, make that the proposed settlement may actually will be completed by, I don't think we agreed to a specific date, I want to say September 30th, is that okay?

**Elkins:** I think we will try to do it by the end of September, perhaps if we could, if we think that the parties will do their best efforts to conclude this as rapidly as possible.

**Dolan:** In no event will PosData be bound to be in breach of any obligation by failing to conclude it before the conclusion of the criminal proceedings in Korea. And that I believe is everything. Oh! Thanks…Also as part of the consent judgment, there would be a secondary judgment in the amount of $750,000 against the defendants, which can not be executed upon by plaintiff absent a showing by clear convincing evidence of a breach of one of the provisions of the consent judgment. And the consent judgment will be mutually agreed upon settlement agreement, with such proof of such breach made by clear convincing evidence. And finally, I think that is that, for purposes of concluding the settlement, we ask that Your Honor retain jurisdiction over this matter and that if need be, if we could schedule either a phone consultation or in-person time with you.

**Judge:** And the court will if you have any problems that come up, just get in touch with us we will get back into session.

**Elkins:** One detail I wanted to add, was that the 30(b)(6) deposition that if the answers, in regards to the questions, if the answers would also be sworn, the answers would be sworn by every person and any answers will, of course, Inquadron comply with all of its obligations and fulfillments for the 30(b)(6) in answering its questions.

**Judge:** Is there anything that needs to be put on the record? This has been a long day for all of you.

**Elkins:** So hungry I can't think.

**Judge:** So hungry he can not think. Should we put on the record that judge lets nobody eat? No body sleep? A few people were allowed to go to the bathroom but that's about it? So first of all, thank you very much for your hard work. Don't let anything start simmering without getting back here because it is a complicated agreement with a lot of interesting and complex bullet points basically. So get back in here and lets get together before everything falls apart. And I thank you for your hard work.

**Dolan/Elkins:** Thank you, Your Honor.

**Judge:** And I am sorry that I didn't let anyone eat! Thank you and I will let Judge Whyte know.

**Dolan:** Are we still on record?

**Judge:** Yes.

**Elkins:** Your Honor, I think we better request that the transcript of this settlement be kept under seal, maintained under seal.

**Judge:** We actually don't transcribe it, because it goes on a disc, so we will keep the disc under seal and if you want to transcribe it then what you need to do is to come get a copy of the disc. I

think we sell them to you is what we do, and then you can have it transcribed but the disc itself will be kept under seal.

**Elkins:** Thank you Your Honor, I think that will ...

**Judge:** And I have explained to everybody that I will see you at __ some constitutional issues concerning that and I will deal with those when and if they ever come up.

**Dolan:** Regarding Judge Whyte what I propose we can do is unless..

**Judge:** Well I do, I do a Minute Order that we had a settlement conference and I will put in the Minute Order that, how should I phrase it, tentative settlement in the works and he usually picks up on that pretty fast. And, so that he will know that it looks like it is settling.

**Dolan:** We submitted a stipulation for a continuance, there is some..

**Judge:** I am sure you will have no problem with that.

**Dolan:** Good enough, thank you.

**Judge:** Anything?

**Dolan/Elkins:** That's it.

**Judge:** Thank you very much. Have a good trip back home and some sleep before perhaps. Thank you, thank you for your hard work, this has been a long day for all of you. I appreciate your time here, so does Judge Whyte.