# EXHIBIT Q

### Pitigoi, Allison E.

| | |
|---|---|
| **From:** | Elkins, David S. |
| **Sent:** | Wednesday, January 02, 2008 3:53 PM |
| **To:** | 'bdolan@morganlewis.com' |
| **Cc:** | Pitigoi, Allison E. |
| **Subject:** | Posdata v. Kim |
| **Attachments:** | 080102 letter to Dolan.pdf |

Brendan:

Please see the attached.

Regards,

David

---

**David S. Elkins** | Squire, Sanders & Dempsey LLP | 600 Hansen Way | Palo Alto, California 94304 | USA | Tel +1.650.843.3378 | Fax +1.650.843.8777 | DElkins@ssd.com

www.ssd.com

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer. Thank you.



SQUIRE, SANDERS & DEMPSEY L.L.P.

600 Hansen Way
Palo Alto, CA 94304-1043

Office:      +1.650.856.6500
Fax:         +1.650.843.8777
Direct Dial: +1.650.843.3378
DElkins@ssd.com

January 2, 2008

PRIVILEGED AND CONFIDENTIAL
SETTLEMENT COMMUNICATION (FED. R. EVID. 408)

VIA E-MAIL
(bdolan@morganlewis.com)

Brendan Dolan, Esq.
Morgan Lewis & Bockius LLP
One Market Street
Spear Tower
San Francisco, California 94105

Re:   PosData, Co., Ltd. v. Kim, et al.

Dear Brendan:

    Confirming our discussions of late, Posdata's recent demand for money to be paid as a condition of settlement is completely unacceptable. The agreement reached on August 3, 2007, after an entire day of settlement discussions moderated by Judge Trumbull, is an enforceable settlement. While the parties contemplated that the wording of the consent judgment and settlement agreement would need to be drafted and then worked out, we put the settlement on the record for the very purpose of having to enforce the settlement in the future should one party or the other try to back out of it. After five months of dealing with Posdata's demands for increasing amounts of information, and after InQuadron and Dr. Kim voluntarily provided detailed financial information simply to keep the settlement moving forward, Posdata's new demand for money is, frankly, offensive and an abuse of the settlement process.

    In the event that the parties cannot close the settlement this week on the terms agreed at the August 3, 2007 settlement conference, InQuadron and Dr. Kim will file their motion to enforce the settlement with Judge Whyte. We will seek to have the motion heard on an expedited basis — and in fact we will seek the same schedule Posdata obtained for its TRO. We expect that Judge Whyte will recognize the equities involved in such a request and will grant it. In moving to enforce the settlement, we will seek to recover the attorneys' fees incurred by our clients as sanctions against Posdata. We will seek fees not only for the motion to enforce but all fees incurred since August 4, 2007, on the ground that Posdata's conduct since then has been in bad faith. We are confident that the motion to enforce and the motion for attorneys' fees will be granted, and we expect that InQuadron will widely publicize the resulting court order, both in the U.S. and in Korea.

CINCINNATI • CLEVELAND • COLUMBUS • HOUSTON • LOS ANGELES • MIAMI • NEW YORK • PALO ALTO • PHOENIX • SAN FRANCISCO • TALLAHASSEE • TAMPA • TYSONS CORNER
WASHINGTON DC • WEST PALM BEACH | CARACAS • RIO DE JANEIRO • SANTO DOMINGO | BRATISLAVA • BRUSSELS • BUDAPEST • LONDON • MOSCOW
PRAGUE • WARSAW | BEIJING • HONG KONG • SHANGHAI • TOKYO | ASSOCIATED OFFICES: BUCHAREST • BUENOS AIRES • DUBLIN • KYIV • SANTIAGO
www.ssd.com

Brendan Dolan, Esq.  **SQUIRE, SANDERS & DEMPSEY L.L.P.**
January 2, 2008
Page 2

    In the unlikely event that the motion to enforce is denied, InQuadron will have no choice but to seek protection from its creditors, including Posdata, by filing a petition for bankruptcy.

    Dr. Kim will also carefully consider filing a petition for bankruptcy as the liability claimed by Posdata greatly exceeds his assets. We believe, however, that Dr. Kim is immune from personal liability in this case under California Labor Code §2802, which may render his personal bankruptcy unnecessary. As you know, section 2802 provides that

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

"An employee's conduct may fall within the scope of employment 'even though the act does not benefit the employer, even though the act is willful or malicious, and even though the act may violate the employer's direct orders.'" Justice Ming W. Chin *et. al.*, *California Practice Guide: Employment Litigation* §3:21 (The Rutter Group 2007) (quoting *Jacobus v. Krambo Corp.*, 145 Cal. App. 4th 220, 224-225 (2006)). Consequently, any liability that might result from this action would remain the responsibility of InQuadron, not Dr. Kim. Whether because of Labor Code section 2802 or because of a personal bankruptcy, Posdata has no chance of collecting any money from Dr. Kim.

    Moreover, requiring money from Dr. Kim is, from a practical point, impractical. While on paper Dr. Kim and his wife appear to have some modest assets, you well know those assets are not adequate for them to live on in retirement, or allow him to continue paying for the education of his younger child. In addition, the money in Dr. Kim's retirement account is off limits and is subject to protection under ERISA. Dr. Kim literally cannot afford to pay anything to Posdata in settlement without prejudicing the futures of both him and his wife.

    What made sense on August 3 at the settlement conference makes sense today. Moving forward with the agreed settlement is the best way forward for Posdata, for InQuadron and for Dr. Kim. We thus urge Posdata, one last time, to complete this settlement now. In the event Posdata refuses, and we file our motion to enforce the settlement (which will be filed on January 4 or 7), InQuadron and Dr. Kim would refuse to withdraw the motion, even if Posdata changes course and agrees to go forward, unless Posdata agrees to reimburse our clients for their attorneys' fees incurred. Obviously, we hope that this path is not made necessary.

Brendan Dolan, Esq.　　　　　　　　　　　　　　　　　　　　　　　　**SQUIRE, SANDERS & DEMPSEY L.L.P.**
January 2, 2008
Page 3

　　　　Please call me with any questions.

　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　*[signature]*

　　　　　　　　　　　　　　　　　　　　　David S. Elkins

DSE/kb
Copies:　　Kenneth D. Lee, Esq.
　　　　　　Allison E. Pitigoi, Esq.