1   SQUIRE, SANDERS & DEMPSEY L.L.P.
    David S. Elkins (State Bar # 148077)
2   delkins@ssd.com
    Allison E. Pitigoi (State Bar # 242211)
3   apitigoi@ssd.com
    Xavier M. Brandwajn (State Bar # 246218)
4   xbrandwajn@ssd.com
    600 Hansen Way
5   Palo Alto, CA  94304-1043
    Telephone:      +1.650.856.6500
6   Facsimile:      +1.650.843.8777

7   SQUIRE, SANDERS & DEMPSEY L.L.P.
    Nathan Lane III (State Bar # 50961)
8   nlane@ssd.com
    One Maritime Plaza, Third Floor
9   San Francisco, CA  94111
    Telephone:      +1.415.954.0200
10  Facsimile:      +1.415.393.9887

11  Attorneys for Defendants
    SEYOUNG KIM and INQUADRON, INC.

12

13

14                  UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                      SAN JOSE DIVISION

| | |
|---|---|
| 17  POSDATA CO., LTD., a South Korean corporation, | Case No. C 07 2504 RMW (PVT) |
| 18 | **DEFENDANTS SEYOUNG KIM'S AND** |
| 19              Plaintiff, | **INQUADRON, INC.'S MOTION FOR** |
| | **ORDER SHORTENING TIME FOR** |
| 20          vs. | **HEARING DEFENDANTS' MOTION TO** |
| | **ENFORCE SETTLEMENT;** |
| 21  SEYOUNG KIM, an individual and | **DECLARATION OF DAVID S. ELKINS;** |
| INQUADRON, INC., a California corporation, | **[Civil L. R. 6-3]** |
| 22 | |
| 23             Defendants. | |

24

25

26

27

28

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
600 Hansen Way
Palo Alto, California  94304-1043

DEFENDANTS' MOTION FOR ORDER SHORTENING TIME FOR HEARING MOTION TO ENFORCE SETTLEMENT

CASE NO. C 07 2504 RMW (PVT)

1
2

**MOTION FOR ORDER SHORTENING TIME FOR HEARING**
**DEFENDANTS' MOTION TO ENFORCE SETTLEMENT**

3

## I.    INTRODUCTION

4

Pursuant to Civil Local Rule 6-3, defendants Seyoung Kim ("Kim") and InQuadron, Inc.

5

("InQuadron") (collectively "Defendants") move to shorten time to hear Defendants' Motion to

6

Enforce Settlement (the "Motion").  Defendants respectfully request that the Motion be heard on

7

January 14, 2008.  Defendants do not lightly burden the Court both with the motion to enforce

8

and for the urgent nature of this request to shorten time.  Urgency, however, is required to prevent

9

prejudice to three of InQuadron's former employees, who have been jailed and are currently

10

facing possible imprisonment in Korea for misappropriation of plaintiff Posdata, Co., Ltd.'s

11

("Posdata") alleged trade secrets and proprietary information.  These individuals have an

12

important hearing on January 16, 2008 (which begins the afternoon of January 15, 2008 in

13

California) regarding the appeals in their cases.  Defendants believe that the Court's confirmation

14

of the parties' settlement here would greatly impact those criminal proceedings in Korea such that

15

the three individuals may be allowed probation—or perhaps acquitted—if the Korean court is

16

satisfied that the parties here have settled this civil action.

17

Whether calculated or not, Posdata has dragged out the closing of the parties' settlement

18

for over five months.  Posdata broke its promise to use its best efforts to conclude the settlement

19

before September 30, 2007.  It has repeatedly broken promises to provide drafts of the settlement

20

agreement and permanent injunction agreed to by the parties at the August 3, 2007 Settlement

21

Conference in this action.  Until last week, Posdata did whatever was needed to keep Defendants

22

and their counsel engaged in this process, leaving them reluctant to commence the enforcement

23

process earlier because a closing always seemed just around the next corner.

24

On the morning of January 7, 2008, Defendants discovered that Posdata had

25

unambiguously repudiated the parties' binding settlement.  Defendants thus prepared the

26

accompanying motion to enforce settlement as quickly as they could, hoping to have this matter

27

determined before the January 15/16 criminal proceeding in Korea.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, California  94304-1043

DEFENDANTS' MOTION FOR ORDER SHORTENING TIME FOR HEARING MOTION TO ENFORCE SETTLEMENT

CASE NO. C 07 2504 RMW (PVT)

**II.    ALL PROCEDURAL REQUIREMENTS ARE SATISFIED.**

Defendants informed Posdata's counsel that in the event Posdata persisted with its repudiation of the parties' settlement, Defendants would seek an expedited hearing for their Motion.  Declaration of David S. Elkins in Support of Defendants' Motion to Enforce Settlement, submitted herewith ("Elkins Decl. I") ¶¶26, 29.  Defendants have not previously requested from the Court any time modifications in this case.  Declaration of David S. Elkins in Support of Motion for Order Shortening Time for Hearing on Defendants' Motion to Enforce Settlement, attached ("Elkins Decl. II") ¶ 2.

**III.    GOOD CAUSE SUPPORTS SHORTENING TIME ON THE MOTION TO ENFORCE THE PARTIES' SETTLEMENT.**

Defendants seek to shorten time on their motion to enforce settlement on three grounds.

**A.    DETERMINING AND GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT BY JANUARY 15 WOULD POSITIVELY AFFECT THE KOREA CRIMINAL PROCEEDINGS IN FAVOR OF THE INDIVIDUALS AFFECTED.**

The first ground, briefly described above, supplies the greatest need for urgency.  While the process of closing Defendants' settlement with Posdata has been pending since August 3, 2007, three former employees of InQuadron in Korea—Hwayong Joung, Seong Dong Park and Jong Wook Lee—have been jailed facing criminal charges of misappropriating Posdata trade secrets.  Declaration of Kenneth D. Lee in Support of Defendants' Motion to Enforce Settlement ("Lee Decl.") ¶7.  All are also former Posdata employees.  *Id.*  After a trial, Messrs. Park and Lee were sentenced to probation.  *Id.*  Mr. Joung was sentenced to two years in prison.  *Id.*  The Korea Prosecutor's Office appealed the probation sentences, and Mr. Joung appealed his sentence.  *Id.*  An appeal hearing is scheduled for January 16, 2008, which begins the late afternoon on January 15, 2008 in California.  *Id.*

Revealing the fact of our settlement would have compelled the Prosecutor's Office to drop all charges, or would have virtually ensured that all defendants would receive sentences of probation.  *Id.* ¶8.  Indeed, this issue arose during the August 3, 2007 Settlement Conference.  *Id.*  Posdata insisted that neither Dr. Kim nor InQuadron reveal the settlement because Posdata did not want the settlement to impact the criminal prosecutions in Korea, which appeared important to

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, California  94304-1043

- 2 -
DEFENDANTS' MOTION FOR ORDER SHORTENING TIME FOR HEARING MOTION TO ENFORCE SETTLEMENT
CASE NO. C 07 2504 RMW (PVT)

Posdata in light of the amount of money the company spent investigating the alleged misappropriation. *Id.* InQuadron and Dr. Kim have not revealed the settlement except through this motion and the concurrently filed motion papers, which are made necessary by Posdata's refusal to comply with its binding settlement obligations. *Id.* If the Court is able to determine and grant this motion on or before January 15, 2008, doing so would dramatically affect those proceedings in a positive way for the individuals. *Id.*

Posdata may have its own reasons for wanting the three individuals in Korea jailed. As demonstrated by the separately filed Elkins Declaration I, however, Posdata intentionally stalled the conclusion of the parties' settlement over the past five months—and then repudiated it, despite every effort by Defendants (and Magistrate Judge Trumbull) to keep the parties' agreement intact. Posdata should not reap the benefits of its bad faith, particularly at the expense of the three individuals.

If the Court agrees that Posdata and Defendants entered into a binding settlement of this action, the incarcerated individuals in Korea should be able to take advantage of whatever benefits the settlement provides. The personal freedoms at stake fully justify the expedited hearing of the motion to enforce that Defendants seek.

**B.     POSDATA'S UNDUE DELAY IN MOVING SETTLEMENT TOWARD ITS CLOSE HAS HARMED DEFENDANTS' ABILITY TO CONTINUE THEIR BUSINESS, AND FURTHER JUSTIFIES AN EXPEDITED HEARING.**

Defendants' ability to advance their business has been and is limited while this lawsuit is pending due to potential investors' fears over litigation costs and liability in this action. Notwithstanding Defendants' intent to continue InQuadron's business in a manner that will not cause Posdata undue concern, fundraising for InQuadron is impossible until and unless it can demonstrate that it has in fact settled with Posdata. Approaching potential customers to determine their interest in potential products is likewise impossible. As this process takes longer, InQuadron's leads for both sources of funding and potential customers become more stale.

Obviously, this ground for expediting the hearing is not as urgent as the first one, and but for the January 15/16, 2008 hearing in Korea, Defendants would not be seeking such a speedy hearing. Nevertheless, the delays fomented by Posdata in the settlement process, which are

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, California 94304-1043

- 3 -
DEFENDANTS' MOTION FOR ORDER SHORTENING TIME FOR HEARING MOTION TO ENFORCE SETTLEMENT
CASE NO. C 07 2504 RMW (PVT)

1    detailed in the accompanying motion to enforce settlement, provide a substantial equitable basis

2    for expediting the hearing on this motion.

3    **C.     POSDATA HAD ITS TRO HEARD ON THREE COURT DAYS' NOTICE DESPITE
         THE ABSENCE OF ANY URGENCY; THE URGENCY THAT TRULY EXISTS HERE
4        MAKES SIMILAR TREATMENT OF DEFENDANTS EQUITABLE.**

5         Posdata moved for a TRO some seven weeks after commencing this action, without

6    making any showing of particular urgency (indeed, the passage of time would have made such a

7    showing difficult).  Filing its papers at the end of the business day on a Thursday, Posdata

8    obtained a hearing the following Tuesday, which provided Defendants less than 24 hours to

9    oppose a motion that Posdata evidently spent considerable time preparing.  (See docket nos. 10,

10   22, 30 and 29).

11        Unlike in the case of Posdata's TRO, real urgency exists here, as the two prior sections

12   confirm.  Moreover, Posdata has known for some time that Defendants would seek an expedited

13   hearing on any motion to enforce.  Elkins Decl. I ¶¶26, 29.  While Defendants very much regret

14   the burden their expedited schedule would impose on the Court, Posdata should not be heard to

15   complain about any burden the schedule might impose on it and its counsel, as this turnabout is

16   more than equitable.

17   Dated:   January 9, 2008                    Respectfully submitted,

18                                               SQUIRE, SANDERS & DEMPSEY L.L.P.

19                                               By:  /s/ David S. Elkins

20                                                   David S. Elkins

21                                               Attorneys for Defendants
                                                 SEYOUNG KIM and INQUADRON, INC.

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, California  94304-1043

- 4 -
DEFENDANTS' MOTION FOR ORDER SHORTENING TIME FOR HEARING MOTION TO ENFORCE SETTLEMENT
CASE NO. C 07 2504 RMW (PVT)

1

2

3

## DECLARATION OF DAVID S. ELKINS IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

4    I, David S. Elkins, declare:

5    1.    I am an attorney duly licensed to practice before this Court and the courts of the

6    State of California.  I am a partner at Squire, Sanders & Dempsey LLP, counsel of record for

7    Defendants Seyoung Kim ("Kim") and InQuadron, Inc. ("InQuadron") (collectively

8    "Defendants").  I make the following statements of my own personal knowledge, except where

9    indicated that they are made on information and belief, and could competently testify thereto.

10    2.    Defendants have not previously requested from the Court any time modifications

11    in this case.

12    3.    If the time for hearing Defendants' Motion to Enforce Settlement is shortened and

13    the Court grants Defendants' Motion, judgment would be entered and the action would be

14    dismissed according to the parties' settlement.

15    I declare under the penalty of perjury that the foregoing is true and correct.  Executed on

16    January 9, 2008.

17    By: /s/ David S. Elkins
David S. Elkins

18

19

20

21

22

23

24

25

26

27

28