1    BRENDAN DOLAN, State Bar No. 126732
     L. JULIUS M. TURMAN, State Bar No. 226126
2    STEVEN J. GARRETT, State Bar No. 221021
     MORGAN, LEWIS & BOCKIUS LLP
3    One Market, Spear Street Tower
     San Francisco, CA 94105-1126
4    Tel:    415.442.1000
     Fax:    415.442.1001
5
     Attorneys for Plaintiff
6    POSDATA CO., LTD.

7

8                           UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11

12   POSDATA CO., LTD., a South Korean          CASE NO. C 07 2504 RMW
     corporation,
13                                              **DECLARATION OF BRENDAN DOLAN
                         Plaintiff,             IN SUPPORT OF PLAINTIFF POSDATA'S
14                                              OPPOSITION TO MOTION OF
            vs.                                 DEFENDANTS SEYOUNG KIM AND
15                                              INQUADRON, INC. TO ENFORCE
     SEYOUNG KIM, an individual, and            SETTLEMENT**
16   INQUADRON, INC., a California
     corporation,
17
                         Defendants.
18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652765.1

                                                        C 07 2504 RMW
                                        DOLAN DECLARATION IN OPPOSITION TO
                                       DEFS' MOTION TO ENFORCE SETTLEMENT

1      I, Brendan Dolan, declare:

2          1.      I am one of the attorneys for Plaintiff Posdata in the above-entitled action. The

3    following facts are within my personal knowledge and, if called as a witness, I could and would

4    testify competently with respect thereto.

5          2.      I attended the settlement conference Trumbull in the above-entitled matter before

6    Magistrate Judge on August 3, 2007. With me at the settlement conference were Mr. Ho Tae Han

7    of Posdata and Steven Garrett of Morgan Lewis. The dispute between Posdata and Defendants

8    Kim and Inquadron arose from the misappropriation and theft of Posdata trade secrets,

9    proprietary information and technology by Kim. While Kim was still employed by Posdata, he

10   and others with whom he was working in the United States and in the Republic of Korea

11   misappropriated the aforementioned company assets and established Defendant Inquadron to

12   develop wireless communication technology based on the misappropriated assets. I understood

13   that colleagues of Defendant Kim who were also working with Inquadron had been charged

14   criminally in Korea in connection with the theft of Posdata assets and that Defendant Kim was

15   also sought by Korean authorities in connection with those matters.

16         3.      The misappropriation of Posdata assets had been carried out in a deceptive

17   manner. Accordingly, after coming to suspect the activities in which the Defendants had

18   engaged, Posdata spent hundreds of thousands of dollars on forensic examination of computers

19   and data, including computers and data which were used by Defendant Kim and others with

20   whom he was working, to obtain concrete evidence of their wrongful activities. The full extent of

21   the forensic investigation is detailed more fully in the declarations of Ho Tae Han and Renee

22   Yoon filed in connection with Posdata's Application for Temporary Restraining Order (docket

23   entries 16 and 14).

24         4.      Because it had incurred such extraordinary expense in connection with its forensic

25   investigation and in legal matters related to the case, Posdata was extremely anxious to obtain a

26   monetary recovery if a settlement were reached. Posdata was extremely disappointed at the

27   settlement conference to hear Defendants Kim and Inquadron take the position that they were

28   insolvent or near bankruptcy and thus were not in a position to pay any money towards a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652765.1                                    1                    C 07 2504 RMW
                                                                       DOLAN DECLARATION IN OPPOSITION TO
                                                                       DEFS' MOTION TO ENFORCE SETTLEMENT

settlement. Additionally, Posdata was extremely concerned about proceeding with a settlement where the depositions of Dr. Kim and other principals involved in Posdata had not yet taken place. In fact, Posdata did not request a settlement conference. It is my understanding that a settlement conference was requested by Defendants' counsel, Mr. Elkins, and was ordered by the court.

5.    Given the unwillingness of Defendants to contribute monetarily toward a settlement, the fact that Posdata had not yet obtained any discovery from the Defendants, and the extremely deceptive behavior in which Defendant Kim and others with whom he was working had engaged, Posdata was extremely reluctant to enter into a settlement, and the negotiation at the settlement conference proved to be extremely challenging. Nevertheless, over most of a day, an outline of a tentative settlement was negotiated.

6.    In part to address the fact that discovery had not yet taken place, Posdata sought Defendants' agreement to produce Dr. Kim and others for deposition prior to moving forward with the settlement. Rather than that, Defendants proposed that Posdata propound written deposition questions to which Defendant Inquadron would be obligated to respond. The understanding, as far as I was concerned, was that if the responses revealed that the Defendants had engaged in conduct theretofore not known, or of an even more serious or significant nature than was already known to Posdata, Posdata could decline to go forward with the settlement.

7.    To address the failure of the Defendants to come up with any kind of monetary contribution to the settlement, it was agreed that they would stipulate to the entry of a judgment in the amount of $750,000, which would not be executed unless they breached the agreement.

8.    To address Posdata's concern over the Defendants' deceptive behavior, and that of the persons who were working with them, the agreement provided that, before Defendants or anyone working with them could market any product, Posdata would be entitled to see it. This was intended to ensure that Defendants would not be able to benefit in the future from the Posdata technology they had stolen.

9.    At the end of the day, Magistrate Judge Trumbull and the parties' made an audio recording reciting the basic terms and conditions of the "tentative" settlement on the record.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652765.1                                    2                          C 07 2504 RMW
                                                                  DOLAN DECLARATION IN OPPOSITION TO
                                                                  DEFS' MOTION TO ENFORCE SETTLEMENT

1    Attached as Exhibit A to my declaration is a copy of Defense counsel's unofficial transcription of

2    the recording. Neither my client nor me understood this recording of the parties' progress in

3    settlement discussion to be a binding settlement agreement. Concrete terms regarding the

4    aforementioned issues were not reached. It is for that reason that the settlement that was reached

5    on the record was expressly characterized as a tentative settlement.

6            10.    Following the settlement conference, my team, working together with Posdata and

7    its forensic staff, developed a set of written deposition questions. The process took somewhat

8    longer than anticipated, because the questions had to be developed carefully to ensure that all the

9    appropriate areas were being covered. We served the written deposition questions on the

10    Defendants on September 21, 2007. It was absolutely clear, as far as we were concerned, that

11    settlement documents could not and would not be finalized until receipt of satisfactory responses

12    to the written deposition questions. By satisfactory, I mean complete, non-evasive responses.

13            11.    On or about October 24, 2007, we received the Defendants' responses to written

14    deposition questions. Attached as Exhibit B to my declaration is a true and correct copy of

15    Defendant's responses to Plaintiff's Written Deposition Questions. Rather than being

16    forthcoming, complete, and non-evasive, the responses were internally inconsistent, contradicted

17    indisputable evidence, and clearly left open the possibility of the Defendants continuing,

18    immediately upon conclusion of the settlement, in the same business in which they had been

19    involved before. Defendants' vague and evasive responses to the questions required Posdata and

20    its counsel to spend an extensive amount of time sifting through Defendants' responses to

21    determine whether they were candid and truthful. For example, Defendants deny outsourcing the

22    manufacture of any products despite evidence showing they sent a "Product" to a manufacturer

23    called Axstone. In response to Questions 14 through 16, InQuadron denies outsourcing "any

24    research or development tasks or projects" or "manufacturing related to "WiMAX or WiBro

25    products or technology," and denies outsourcing "the manufacturing of InQuadron products or

26    technology." *See* Ex. B at 11:25 – 12:21. However, correspondence between Seyoung Kim and

27    InQuadron Chief Operating Officer Kenneth Lee dated March 18 and 19, 2007 definitively shows

28    that InQuadron was developing and manufacturing a product they referred to in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652765.1                                           3                      C 07 2504 RMW
                                                                    DOLAN DECLARATION IN OPPOSITION TO
                                                                    DEFS' MOTION TO ENFORCE SETTLEMENT

1   correspondence as "a first prototype," "test board," "working demo board," and the "new Channel

2   Card PCB." *See* Exhibit 6 to the Supplemental Declaration of Ho Tae Han in Support of

3   Posdata's Ex Parte Application. The email mentions "a first prototype," "test board," "working

4   demo board," and the "new Channel Card PCB" before stating "… [t]he new version is already in

5   the fabrication stage in KR [Korea] by the help of a [Axstone] company." *See* Exhibit 6 to Mr.

6   Han's Supplemental Declaration; *see also* Exhibits 11 and 23 of Mr. Han's Declaration and

7   Exhibits 2 through 5 of Mr. Han's Supplemental Declaration.

8          12.    Soon after receiving the written deposition responses and reviewing them with our

9   client, we contacted Defendants' counsel on November 6, 2007 to discuss the inadequate

10  responses, and engaged in an effort to meet and confer to obtain more complete responses.  We

11  also informed Mr. Elkins that Posdata was unwilling to proceed with a settlement, given the

12  Defendants failure to have complied with the express condition of providing responses to the

13  written deposition questions.  During that conversation, it is my understanding that Defense

14  counsel David Elkins assured Posdata counsel that it would reconcile any "perceived"

15  inadequacies in the responses and that Defendants would answer additional supplemental

16  questions so that Posdata would feel more comfortable in moving forward in any settlement.  Mr.

17  Elkins also urged us to write a letter outlining specific examples of our concerns and to propound

18  the supplemental questions.

19         13.    As requested by Defense counsel, on November 21, 2007 we sent Defendants a

20  detailed six page meet and confer letter outlining many, but certainly not all, of Defendants'

21  inadequate responses to Plaintiff's written deposition questions.  Attached as Exhibit C to my

22  declaration is a true and correct copy of Posdata's November 21, 2007 letter to Defense counsel.

23  We specifically identified several examples of inadequate, incomplete, and untruthful answers

24  contradicted by evidence within Posdata's possession.  We also reminded Defense counsel that

25  "[t]he purpose of the written questions was to enable Posdata to be satisfied that it had uncovered

26  all of the improper conduct of Kim and InQuadron … so that Posdata feels comfortable in

27  proceeding with any settlement." *See* Ex. C at p.1, ¶1.  We also noted "[w]e do not believe that

28  we can go forward with the settlement without this information." *See id.*  For the purpose of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652765.1

4

C 07 2504 RMW
DOLAN DECLARATION IN OPPOSITION TO
DEFS' MOTION TO ENFORCE SETTLEMENT

1    attempting to jumpstart the process, we enclosed a draft of the Settlement Agreement and General

2    Release and the Consent Decree.

3        14.    On November 21, 2007, we also served Supplemental Written Deposition

4    Questions upon Defendants. Attached as Exhibit D to my declaration is a true and correct copy

5    of Plaintiff's Supplemental Written Deposition Questions served upon Defendants on November

6    21, 2007.

7        15.    The Defendants were unwilling to provide supplemental responses to the written

8    deposition questions and refused to respond to the Supplemental Written Deposition questions.

9        16.    Our client Posdata was eager to obtain a settlement, but it was believed that

10    attempting to obtain further responses would be an extremely costly and lengthy process.

11    Accordingly, after discussions with our client, an alternative approach was developed. Posdata

12    was skeptical of Defendants' contention that they had no money to contribute toward a

13    settlement. It was also concerned about whether it actually had the resources to move forward

14    with development of technology based on the assets it had stolen from Posdata. Accordingly, as

15    an alternative to obtaining information responsive to the written deposition questions, we

16    proposed that Defendants Kim and Inquadron provide financial statements. They agreed to do so,

17    and provided the financial statements on December 10, 2007. Defendant Kim's financial

18    statement revealed that he had assets of approximately $750,000. Additionally, his financial

19    statement appeared to have at least one significant omission – although he was a founder,

20    director, officer and shareholder of Inquadron, his interest in Inquadron was not indicated

21    anywhere on the financial statement. These circumstances led Posdata to believe that he should,

22    in fact, be contributing toward the settlement, and Posdata made a demand for a $150,000

23    contribution from Kim toward the settlement on or about December 19, 2007.

24        17.    On or about 20, Defendants indicated that they would not contribute toward the

25    settlement. Over the next several days, I had conversations with our client in an effort to see

26    whether there was another way of reaching a resolution and bringing the settlement to a

27    conclusion.

28        I declare under penalty of perjury under the laws of the United States and the State of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652765.1                                    5                    C 07 2504 RMW
                                                                DOLAN DECLARATION IN OPPOSITION TO
                                                                DEFS' MOTION TO ENFORCE SETTLEMENT

17.    On or about December 20, Defendants indicated that they would not contribute toward the settlement.  Over the next several days, I had conversations with our client in an effort to see whether there was another way of reaching a resolution and bringing the settlement to a conclusion.  As of January 4, it became clear that there was not.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on January 11, 2008.

_____
BRENDAN DOLAN

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652765.1

6

C 07 2504 RMW
DOLAN DECLARATION IN OPPOSITION TO
DEFS' MOTION TO ENFORCE SETTLEMENT