1  BRENDAN DOLAN, State Bar No. 126732
   L. JULIUS M. TURMAN, State Bar No. 226126
2  STEVEN J. GARRETT, State Bar No. 221021
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
4  Tel:  415.442.1000
   Fax:  415.442.1001
5
   Attorneys for Plaintiff
6  POSDATA CO., LTD.

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

| POSDATA CO., LTD., a South Korean corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>SEYOUNG KIM, an individual, and INQUADRON, INC., a California corporation,<br><br>        Defendants. | CASE NO. C 07 2504 RMW<br><br>**DECLARATION OF HO TAE HAN IN SUPPORT OF PLAINTIFF POSDATA'S OPPOSITION TO MOTION OF DEFENDANTS SEYOUNG KIM AND INQUADRON, INC. TO ENFORCE SETTLEMENT** |
|---|---|

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652299.1

C 07 2504 RMW
HO TAE HAN DECL. IN OPPOSITION TO DEFS'
MOTION TO ENFORCE SETTLEMENT

I, Ho Tae Han, declare:

1.  I am a Senior Manager of the Business Administration Team in the FLYVO Business Division of Posdata Co., Ltd. ("Posdata" or "Plaintiff"), a Korean corporation with its principal place of business in the Republic of Korea. I was hired by Posdata on January 4, 1994 and have held several positions since joining the company, including a Team Manager in the Investment Department, Manager of the Overseas Business Team in the System Integration Department, and Assistant Manager of the Corporate Planning Team. In my position as Senior Manager of the Business Administration Team in the FLYVO Business Division, I am responsible for coordinating the business and budget plan for the FLYVO Business Division which includes the FLYVO System Department and the FLYVO Research and Development ("R&D") Center, reviewing employee complaints and proposing new HR policy to headquarters, reviewing contracts and offering recommendations to the FLYVO Business Division, and distributing monthly status updates for the FLYVO Business Division. I am also responsible for supporting Posdata's San Jose facility and its employees. Although my office is located in Seongnam-City, Kyeonggi-do, Korea, I frequently work with and occasionally visit the R&D facility in San Jose, California. I am the principal person at Posdata responsible for managing matters related to this case and the misappropriation and theft of Posdata assets by Seyoung Kim ("Kim") and Inquadron, Inc. ("Inquadron") and those working together with them in the United States and the Republic of Korea. I attended the August 3, 2007 Settlement Conference before Magistrate Judge Trumbull. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to them.

2.  Posdata has spent hundreds of thousands of dollars on investigation, forensic experts, and attorneys' fees in dealing with criminal and civil legal matters in the United States and Korea concerning the misappropriation of trade secrets and other Posdata assets by Kim and Inquadron and those working in concert with them in the United States and Korea. As set forth in my original Declaration filed in the matter on June 20, 2007 and my Supplemental Declaration filed on June 27, 2007, both of which are incorporated herein by this reference, Posdata has extremely strong evidence that: (1) Kim actively engaged in a separate business venture while

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652299.1         1         C 07 2504 RMW
HO TAE HAN DECL. IN OPPOSITION TO DEFS'
MOTION TO ENFORCE SETTLEMENT

employed by Posdata; (2) Kim and others working with him in the United States and Korea utilized Posdata trade secrets, property and proprietary information to work on the development of a product or products utilizing Posdata's technology; and (3) Kim and Inquadron and those working with them in the United States and Korea were actively preparing to enter a business which would be competitive with Posdata and would directly utilize and be based on Posdata trade secrets, property and proprietary information and other resources.

3. Because of the extraordinary expense which Posdata has been required to incur protect its rights, it did not intend to settle the case without obtaining some monetary compensation from Kim and Inquadron. However, Kim and Inquadron took the position at the Settlement Conference that they were bankrupt or near bankruptcy. On that basis, we agreed to settle, without monetary payment, subject to a qualification or pre-condition.

4. Because Kim and Inquadron were not going to be making a financial payment, and because the case was settling before discovery such as depositions of Kim and Inquadron and others had taken place, we wanted to examine them to obtain a specific understanding of the extent to which they still possessed Posdata trade secrets, property, proprietary information and technology, the disposition of such assets, the identities of persons, entities and other businesses who were involved in their activities, and related matters. Obtaining this information was a precondition going forward with the settlement. If we obtained information in this process that was materially different than what we believed to be the facts at the time of the August 3 settlement conference, we were not going to be willing to go forward with the settlement.

5. On or about October 24, 2007, we received from Kim and Inquadron responses to written deposition questions. The written deposition questions were extremely concerning because they were not forthcoming – they contradicted some of the documents that we had that specifically demonstrated misappropriation, and they revealed an apparent intention on the part of Kim and Inquadron to continue, following the settlement, in the same business that they had been prepared to engage previously.

6. Because I understood that there was extreme difficulty and expense in getting complete and forthcoming responses from Kim and Inquadron to the written deposition questions,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652299.1        2        C 07 2504 RMW
HO TAE HAN DECL. IN OPPOSITION TO DEFS'
MOTION TO ENFORCE SETTLEMENT

1  I approved that instead we obtain financial information so that we could make a judgment
2  whether their contention that they lacked resources to pay money towards the settlement was
3  accurate. Upon receiving their financial statements, we were concerned that Kim's contained at
4  least one material omission in that he did not identify his interest in Inquadron. Additionally, it
5  was clear that he possessed approximately $700,000 in assets beyond his liabilities. Under these
6  circumstances we insisted that he make a monetary contribution towards the settlement.

7.  Given the failure of Defendants to satisfy the condition on the settlement reached on August 3, 2007 – the provision of complete and forthcoming responses to written deposition questions – we do not believe that we have a binding settlement with them and are prepared to go forward to litigate this matter.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on January 11, 2008.

_____
HO TAE HAN

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7652299.1    3    C 07 2504 RMW
HO TAE HAN DECL. IN OPPOSITION TO DEFS'
MOTION TO ENFORCE SETTLEMENT