1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   David S. Elkins (State Bar # 148077)
2  delkins@ssd.com
   Allison E. Pitigoi (State Bar # 242211)
3  apitigoi@ssd.com
   600 Hansen Way
4  Palo Alto, CA  94304-1043
   Telephone:    +1.650.856.6500
5  Facsimile:    +1.650.843.8777

6  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Nathan Lane III (State Bar # 50961)
7  nlane@ssd.com
   One Maritime Plaza, Third Floor
8  San Francisco, CA  94111
   Telephone:    +1.415.954.0200
9  Facsimile:    +1.415.393.9887

10 Attorneys for Defendants
   SEYOUNG KIM and INQUADRON, INC.
11

12

13            UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15                 SAN JOSE DIVISION

16 POSDATA CO., LTD., a South Korean        Case No. C 07 2504 RMW (PVT)
   corporation,
17                                          **DEFENDANTS' ANSWER AND DEFENSES
                    Plaintiff,              TO FIRST AMENDED COMPLAINT**
18
                 vs.                        **JURY TRIAL DEMANDED**
19
   SEYOUNG KIM, an individual and           Judge:    The Honorable Ronald M. Whyte
20 INQUADRON, INC., a California
   corporation,
21
                    Defendants.
22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

1        Defendants InQuadron, Inc. ("InQuadron") and Dr. Seyoung Kim ("Dr. Kim")

2    (collectively "Defendants") hereby answer plaintiff Posdata Co., Ltd.'s ("Posdata") First

3    Amended Complaint ("Complaint"). The numbered paragraphs below correspond to the

4    paragraph numbers contained in Posdata's Complaint. The headings used match those chosen by

5    Posdata, and are included for ease of reference only. Defendants' defenses then follow.

6    **JURISDICTION AND VENUE**

7        1.    Defendants deny that Dr. Kim is a California citizen and deny that the amount in

8    controversy exceeds, exclusive of interest and costs, the sum of $75,000. Defendants admit the

9    remaining allegations of this paragraph.

10        2.    Defendants admit that venue is proper in this district. Defendants deny the

11    remaining allegations of this paragraph.

12    **INTRADISTRICT ASSIGNMENT**

13        3.    Defendants admit that intradistrict venue is proper in the San Jose Division.

14    Defendants deny the remaining allegations of this paragraph.

15    **NATURE OF ACTION**

16        4.    Defendants deny the allegations of this paragraph.

17    **PARTIES**

18        5.    Defendants admit the allegations of this paragraph.

19        6.    Defendants admit that Dr. Kim is a former employee of Posdata. Defendants deny

20    the remaining allegations of this paragraph.

21        7.    Defendants admit that InQuadron is a California corporation with its principal

22    place of business in Santa Clara, California. Defendants deny the remaining allegations of this

23    paragraph.

24        8.    Defendants deny the allegations of this paragraph.

25        9.    Defendants deny the allegations of this paragraph.

26    **GENERAL ALLEGATIONS**

27        10.    Defendants deny the allegations of this paragraph.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
CASE NO. C 07 2504 RMW (PVT)

11.     Defendants admit that at one time Dr. Kim worked at Posdata's facility in San Jose, California and that his direct supervisors worked at Posdata's headquarters in South Korea. Defendants admit that Dr. Kim had a mentoring and leadership role among the employees at the Posdata San Jose facility.  Defendants admit that Dr. Kim had access to company information and that Posdata now contends certain such information qualifies as "trade secrets" or is "proprietary."  Defendants deny the remaining allegations of this paragraph.

12.     Defendants deny the allegations of this paragraph.

13.     Defendants deny the allegations of this paragraph.

## FIRST CAUSE OF ACTION

### (Misappropriation of Trade Secrets)

14.     Defendants incorporate by reference each of their responses to the allegations contained in paragraphs 1-13.

15.     Defendants deny the allegations of this paragraph.

16.     Defendants deny the allegations of this paragraph.

17.     Defendants deny the allegations of this paragraph.

18.     Defendants deny the allegations of this paragraph.

19.     Defendants deny the allegations of this paragraph.

20.     Defendants deny the allegations of this paragraph.

21.     Defendants deny the allegations of this paragraph.

22.     Defendants deny the allegations of this paragraph.

23.     Defendants deny the allegations of this paragraph.

24.     Defendants deny the allegations of this paragraph.

25.     Defendants deny the allegations of this paragraph.

## SECOND CAUSE OF ACTION

### (Interference with Prospective Economic Advantage)

26.     Defendants incorporate by reference each of their responses to the allegations contained in paragraphs 1-25.

27.     Defendants deny the allegations of this paragraph.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-2-
DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
CASE NO. C 07 2504 RMW (PVT)

1    28.    Defendants deny the allegations of this paragraph.

2    29.    Defendants deny the allegations of this paragraph.

3    30.    Defendants deny the allegations of this paragraph.

4    31.    Defendants deny the allegations of this paragraph.

5    32.    Defendants deny the allegations of this paragraph.

6                    **THIRD CAUSE OF ACTION**

7         **(Interference with Existing Economic Relations)**

8    33.    Defendants incorporate by reference each of their responses to the allegations

9    contained in paragraphs 1-32.

10   34.    Defendants deny the allegations of this paragraph.

11   35.    Defendants deny the allegations of this paragraph.

12   36.    Defendants deny the allegations of this paragraph.

13                   **FOURTH CAUSE OF ACTION**

14                     **(Breach of Contract)**

15   37.    Defendants incorporate by reference each of their responses to the allegations

16   contained in paragraphs 1-36.

17   38.    Defendants deny the allegations of this paragraph.

18   39.    Defendants deny the allegations of this paragraph.

19   40.    Defendants deny the allegations of this paragraph.

20   41.    Defendants deny the allegations of this paragraph.

21   42.    Defendants deny the allegations of this paragraph.

22   43.    Defendants deny the allegations of this paragraph.

23   44.    Defendants deny the allegations of this paragraph.

24   45.    Defendants deny the allegations of this paragraph.

25                    **FIFTH CAUSE OF ACTION**

26                  **(Breach of Duty of Loyalty)**

27   46.    Defendants incorporate by reference each of their responses to the allegations

28   contained in paragraphs 1-45.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-3-
DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
CASE NO. C 07 2504 RMW (PVT)

47.     This paragraph contains an contention of law and not of fact and does not require a response.  To the extent a response were required, Defendants admit that when California law governs an employment agreement or employment relationship, the employee has an implied duty of loyalty during the term of the employee's employment.  The remaining contentions of this paragraph do not provide a complete description of the duty of loyalty and on that basis Defendants deny the remaining contentions of this paragraph.

48.     This paragraph contains an contention of law and not of fact and does not require a response.  To the extent a response were required, Defendants admit that when California law governs an employment agreement or employment relationship, the employee has an implied duty of loyalty during the term of the employee's employment.  The remaining contentions of this paragraph do not provide a complete description of the duty of loyalty and on that basis Defendants deny the remaining contentions of this paragraph.

49.     Defendants deny the allegations of this paragraph.

50.     Defendants deny the allegations of this paragraph.

51.     Defendants deny the allegations of this paragraph.

## SIXTH CAUSE OF ACTION

### (Interference with Contract)

52.     Defendants incorporate by reference each of their responses to the allegations contained in paragraphs 1-51.

53.     This paragraph contains an contention of law and not of fact and does not require a response.  To the extent a response were required, Defendants admit that when California law governs an employment agreement or employment relationship, the employee has an implied duty of loyalty during the term of the employee's employment.  The remaining contentions of this paragraph do not provide a complete description of the duty of loyalty and on that basis Defendants deny the remaining contentions of this paragraph.

54.     The first sentence of this paragraph contains an contention of law and not of fact and does not require a response.  To the extent a response were required, Defendants admit that when California law governs an employment agreement or employment relationship, the

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-4-
DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
CASE NO. C 07 2504 RMW (PVT)

1   employee has an implied duty of loyalty during the term of the employee's employment.  The

2   remaining contentions of the first sentence of this paragraph do not provide a complete

3   description of the duty of loyalty and on that basis Defendants deny the remaining contentions of

4   that sentence.  Defendants deny the allegations of the second sentence of this paragraph.

5         55.   Defendants deny the allegations of this paragraph.

6         56.   Defendants deny the allegations of this paragraph.

7         57.   Defendants deny the allegations of this paragraph.

8                        **SEVENTH CAUSE OF ACTION**

9                               **(Conversion)**

10        58.   Defendants incorporate by reference each of their responses to the allegations

11  contained in paragraphs 1-57.

12        59.   Defendants lack sufficient knowledge or information with which to form a belief

13  as to the truth of the allegations contained in the first sentence of this paragraph and on that basis

14  they deny such allegations.  Defendants deny the remaining allegations of this paragraph.

15        60.   Defendants deny the allegations of this paragraph.

16        61.   Defendants deny the allegations of this paragraph.

17        62.   Defendants deny the allegations of this paragraph.

18        63.   Defendants deny the allegations of this paragraph.

19        64.   Defendants deny the allegations of this paragraph.

20                        **EIGHTH CAUSE OF ACTION**

21       **(Unfair Competition, Cal. Bus. & Prof. Code §17200 and Common Law)**

22        65.   Defendants incorporate by reference each of their responses to the allegations

23  contained in paragraphs 1-64.

24        66.   Defendants deny the allegations of this paragraph.

25        67.   Defendants deny the allegations of this paragraph.

26        68.   Defendants deny the allegations of this paragraph.

27        69.   Defendants deny the allegations of this paragraph.

28        70.   Defendants deny the allegations of this paragraph.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-5-
DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
CASE NO. C 07 2504 RMW (PVT)

1    71.    Defendants deny the allegations of this paragraph.

2    72.    Defendants deny the allegations of this paragraph.

3    73.    Defendants deny the allegations of this paragraph.

4                              **NINTH CAUSE OF ACTION**

5                                  **(Unjust Enrichment)**

6    74.    Defendants incorporate by reference each of their responses to the allegations

7    contained in paragraphs 1-73.

8    75.    Defendants deny the allegations of this paragraph.

9    76.    Defendants deny the allegations of this paragraph.

10                             **TENTH CAUSE OF ACTION**

11                                 **(Constructive Trust)**

12    77.    Defendants incorporate by reference each of their responses to the allegations

13    contained in paragraphs 1-76.

14    78.    Defendants admit that this paragraph excerpts California Civil Code §2224.

15    79.    Defendants deny the allegations of this paragraph.

16                                    **DEFENSES**

17                                  **FIRST DEFENSE**

18                        **(Failure to State a Cause of Action)**

19         The Complaint fails to allege sufficient facts to constitute a cause of action against

20    Defendants.

21                                 **SECOND DEFENSE**

22                   **(Unclean Hands, Waiver, and Estoppel)**

23         Posdata is not entitled to any relief under the doctrine of unclean hands, has waived its

24    right to relief, and is estopped from seeking the relief requested in the Complaint.

25                                  **THIRD DEFENSE**

26                                    **(Justification)**

27         At all times, Defendants' conduct as alleged in the Complaint was justified.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-6-
DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
CASE NO. C 07 2504 RMW (PVT)

1

**FOURTH DEFENSE**

2

**(Failure to Mitigate)**

3    Posdata's alleged underlying injuries, loss or damage, if any, were aggravated by its

4    failure to use reasonable diligence to mitigate them.

5

**FIFTH DEFENSE**

6

**(Failure to Exercise Reasonable Care)**

7    Through its acts and conduct, Posdata failed to exercise reasonable care and diligence on

8    its own behalf, thereby contributing to its alleged damages.

9

**SIXTH DEFENSE**

10

**(Fault of Others)**

11    To the extent Posdata has suffered any damages as a result of the acts alleged in the

12    Complaint (which Defendants deny), persons and entities other than Defendants were at fault in

13    connection with those acts. Consequently, Posdata's recovery from Defendants, if any, should be

14    reduced by that amount which the fault of persons and entities other than Defendants contributed

15    to any damages.

16

**SEVENTH DEFENSE**

17

**(Injunctive Relief Unavailable)**

18    The injunctive relief Posdata requests is unavailable because the alleged violations of law

19    and alleged unlawful business practices never occurred—and even if they occurred, they

20    happened in the past. No purportedly illegal conduct continues, and Posdata is not threatened by

21    immediate, irreparable harm threatening Posdata's rights.

22

**EIGHTH DEFENSE**

23

**(Privilege)**

24    Defendants' conduct as alleged in the Complaint was at all times subject to a privilege for

25    legitimate business competition.

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-7-
DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
CASE NO. C 07 2504 RMW (PVT)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**NINTH DEFENSE**</u>

**(Business Necessity)**

Any and all conduct for which Posdata seeks recovery against Defendants was required by business necessity.

<u>**TENTH DEFENSE**</u>

**(Punitive Damages)**

The Complaint, and each purported cause of action alleged therein, fails to allege facts sufficient to allow recovery of punitive or exemplary damages from Defendants. Posdata's prayer for punitive damages violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and Section 7 of Article I of the Constitution of the State of California. Posdata's prayer for punitive damages it violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the California Constitution.

Defendants presently have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as yet unknown and unstated, defenses. Defendants reserve the right to amend this Answer to assert such additional defenses in the event that discovery indicates doing so is appropriate.

**PRAYER**

WHEREFORE, Defendants pray as follows:

1.     That Posdata's Complaint be dismissed with prejudice and that Posdata take nothing thereby;

2.     For the award of Defendants' reasonable attorneys' fees;

3.     For Defendants' costs of suit; and

4.     For such other and further relief that the Court deems appropriate.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-8-

DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
CASE NO. C 07 2504 RMW (PVT)

1

## DEMAND FOR JURY TRIAL

2

Defendants request a trial by jury on all issues so triable.

3     Dated: February 11, 2006                    SQUIRE, SANDERS & DEMPSEY L.L.P.

4

5                                                By:  /s/ Allison E. Pitigoi
                                                     David S. Elkins
6                                                    Allison E. Pitigoi

7                                                    Attorneys for Defendants
                                                     INQUADRON, INC. and
8                                                    DR. SEYOUNG KIM

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-9-

DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
CASE NO. C 07 2504 RMW (PVT)